BENJAMIN B. WAGNER
United States Attorney
CATHERINE J. SWANN
Assistant United States Attorney
501 I Street, 10th Floor
Sacramento, California 95814
Telephone: (916) 554-2762
Facsimile: (916) 554-2900

Attorneys for the United States of America

**FILED**

Jul 11, 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA , and the STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, GEORGIA, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, NEVADA, NEW JERSEY, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VIRGINIA, and WASHINGTON *ex rel.* LOYD F. SCHMUCKLEY, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> RITE-AID CORPORATION, <br><br> Defendants. | 2:12-CV-1699 KJM EFB <br><br> **UNITED STATES' MEMORANDUM OF LAW SUPPORTING *EX PARTE* APPLICATION FOR PARTIAL LIFT OF THE SEAL** <br><br> **FILED UNDER SEAL** |

Pursuant to the False Claims Act (FCA), 31 U.S.C. § 3730(b)(2), the United States applies, *ex parte*, for an order to partially lift the seal in this case so that the United States may, at its discretion, disclose the allegations raised by Relator and provide a copy of the complaint and any subsequent amended complaints filed to (1) relators and their counsel in other *qui tam* actions against Rite-Aid which may be pending in other federal judicial districts, and (2) courts in which such matters are or may be pending.

For the reasons set forth below, the United States' application to partially lift the seal on Relators' complaint and any amended complaints subsequently filed should be granted as an

appropriate means of streamlining the United States' investigation of claims filed against Rite-Aid and the potential resolution of such claims.

## I. BACKGROUND

The FCA provides for the award of treble damages and civil penalties for, *inter alia*, the presentation of a false claim or the making of a false statement in order to obtain a payment from the United States Government. 31 U.S.C. § 3729(a)(1). Section 3730(b) of the Act permits a private person, known as the "relator," to bring a *qui tam* action "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). With certain exceptions, such relators are entitled to a share of the proceeds of a judgment or settlement of their *qui tam* actions. 31 U.S.C. § 3730(d).

In this case, Relator filed a *qui tam* complaint on June 26, 2012. This Court has granted the United States' application requesting an extension of time until August 28, 2013, to pursue its investigation of this matter. The case remains under seal.

Other *qui tam* lawsuits, filed under the federal False Claims Act and under separate state False Claims Act statutes, may have been filed against Rite-Aid. The United States submits that allegations in those actions may be similar to or in fact overlap with some of the allegations contained in the present case. To the extent that any such other actions are pending, the United States submits this application so that the United States may, at its discretion, disclose the allegations raised by Relators and provide a copy of the operative complaint and any amended complaints subsequently filed in this matter to relators and their counsel in other *qui tam* actions against Rite-Aid pending in other federal judicial districts and to courts in which such other matters may be pending.

## II. DISCUSSION

Under section 3730(b) of the FCA, *qui tam* complaints are filed under seal so that the United States has "an adequate opportunity to fully evaluate the private enforcement suit and determine both if the suit involves matters the government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." See Legislative history of the FCA, S. Rep. 99-345, 99th Cong., 2d Sess., reprinted in 1986 U.S. Code Cong. & Admin. News 5266, 5289.

The False Claims Act also contains a first-to-file rule that restricts the filing and pursuit of duplicative *qui tam* actions. The rule provides that once a first *qui tam* action has been filed, no person may subsequently bring "a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5); see United States ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc., 149 F.3d 227, 232-33 (3rd Cir. 1998).

As part of its evaluations of allegations of fraud, it is frequently prudent for the United States to determine whether similar allegations of fraud exist in other *qui tam* complaints filed in other district courts. However, the seal imposed by 31 U.S.C. § 3731(b)(2) prevents the United States from advising relators of the pendency of such other lawsuits with similar or overlapping allegations without a partial unsealing from the Court where each of those actions is pending. The United States submits this request to partially unseal this case for the purpose of disclosing this matter to *qui tam* relators who may have filed related complaints.

Disclosure is in the interests of justice and judicial economy. The existence of *qui tam* cases pending under seal with similar or overlapping claims bears the seeds for potential conflict among putative relators because each may contend that he or she has a valid stake in any or all of any future judgment or settlement with Rite-Aid. Such conflicts are particularly likely to arise in cases where, as in this complaint, the allegations are of a general nature and are broadly asserted against the entire corporate defendant. The United States submits that the most efficient way to resolve potential conflicts between such relators is to disclose the existence of each of the actions to them so that they may attempt to resolve their potentially competing claims amicably and without litigation. For example, a later-filing relator may decide to dismiss his or her claims voluntarily his if it is clear that they are barred by the first-to-file rule. Or, two or more relators may reach an agreement as to which claims brought by each relator is "first" and thus entitled to share in the proceeds of any recovery in the future. Disclosure will prevent misunderstandings that impede the investigation of this case, distract the relators, and force the United States to devote resources to resolving relator disputes rather than investigating and pursuing the fraud allegations. In addition, resolution of potential issues under the first-to-file rule that otherwise could affect the jurisdiction of this Court and other

district courts will conserve judicial resources; therefore, it is in the interest of judicial economy to lift the seal so that such discussions may commence.

Additionally, out of an abundance of caution, the United States seeks a partial lifting of the seal so that it may disclose the existence of this matter to other federal district courts where related actions against Rite-Aid may be pending.

### III.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that the seal on this *qui tam* action be partially lifted so that, at the discretion of the United States, the United States may disclose the allegations raised by Relator and provide a copy of the complaint and any amended complaints filed after this date to (1) relators and their counsel in other *qui tam* actions against Rite-Aid which may be pending in other federal judicial districts, and (2) courts in which such matters are or may be pending.

DATED: July 10, 2013                           Respectfully Submitted,

                                               BENJAMIN B. WAGNER
                                               United States Attorney
                                               Eastern District of California


                                        By:    */s/ Catherine J. Swann*
                                               CATHERINE J. SWANN
                                               Assistant United States Attorney

UNITED STATES' MEMO OF LAW SUPPORTING
*EX PARTE* APPLICATION FOR PARTIAL LIFT OF
THE SEAL

4