# SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, GEORGIA, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, NEVADA, NEW JERSEY, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VIRGINIA, WASHINGTON, and the DISTRICT OF COLUMBIA ex rel. LOYD F. SCHMUCKLEY, JR., <br><br>                                      Plaintiffs, <br><br>     v. <br><br> RITE AID CORPORATION, <br><br>                                      Defendant. | Case No. 2:12-CV-1699 KJM EFB <br><br> ORDER ON STATE OF CALIFORNIA'S UNOPPOSED EX PARTE MOTION FOR EXTENSION OF TIME TO CONSIDER INTERVENTION AND TO RETAIN STATUTORY SEAL <br><br><br> FILED UNDER SEAL |

Upon consideration of the State of California's unopposed ex parte application for a second extension of the seal period and continuance of the scheduling conference, good cause shown, the court orders as follows:

1.  The State of California and all other co-plaintiff states shall have through and including August 27, 2015, to notify the court of their respective decisions on whether to intervene in this action;

2. The complaint and all other filings shall remain under seal until the State of California and all other co-plaintiff states notice their election, or until further order of this court; and

3. The status (pretrial scheduling) conference shall be set for a time after the State of California and all other co-plaintiff states notify the court of their respective decisions on whether to intervene in this action; and

4. In light of the lengthy period of time this case has been pending, any further request for an extension of time to decide whether to intervene must include a detailed description of activities following this extension and a detailed justification of the need for additional time. *U.S. ex. Rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1190-91 (N.D. Cal. 1997) (explaining that the public has an interest in open court records and the period during which the government may keep the complaint sealed was not intended to be indefinite). The public interest served by protecting against indefinite sealing applies to the federal FCA's corresponding state statute, the CFCA. *See State ex rel. McCann v. Bank of Am., N.A.*, 191 Cal. App. 4th 897, 907 (2011) ("Since the CFCA is patterned on similar federal legislation, federal decisions are persuasive on the meaning of the CFCA."); *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1215 (2006), *as modified* (Oct. 25, 2006) ("No California decision has discussed the purpose of the CFCA's seal requirement. However, several federal cases, addressing the CFCA's similar provision, have indicated that the interests served include making sure the qui tam action does not alert wrongdoers, prior to intervention by the government, that they are under investigation.").

IT IS SO ORDERED.

DATED: March 25, 2015.

_____
UNITED STATES DISTRICT JUDGE