UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, GEORGIA, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, NEVADA, NEW JERSEY, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VIRGINIA, WASHINGTON, and the DISTRICT OF COLUMBIA ex rel. LOYD F. SCHMUCKLEY, JR.<br><br>                    Plaintiffs,<br><br>        v.<br><br>RITE AID CORPORATION,<br><br>                    Defendant. | No. 2:12-cv-01699-KJM-EFB *SEALED*<br><br>ORDER REQUIRING SUPPLEMENTAL BRIEFING REGARDING CALIFORNIA'S EX PARTE MOTION FOR A SIXTH EXTENSION OF TIME TO CONSIDER INTERVENTION AND TO RETAIN STATUTORY SEAL<br><br>FILED UNDER SEAL |

This *qui tam* case was filed under seal on June 26, 2012, and has remained under seal ever since. On November 7, 2016, the court tentatively granted the State of California's request for a sixth extension of time extending the time to consider intervention and to retain the statutory seal, subject to hearing from counsel on December 8, 2016. Order, ECF No. 59. At that hearing, the court identified several questions warranting supplemental briefing before the court

1

1  makes a final determination as to whether to finally grant a sixth extension. Accordingly, the
2  State of California is instructed to submit supplemental briefing addressing the following
3  questions:
4      1. Whether Congress intended the statutory seal to be extended for purposes other
5  than the government's criminal investigation. *See, e.g.*, *United States ex rel. Lujan v. Hughes*
6  *Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995) (by providing for the seal provision, Congress
7  intended to strike a balance between "the purposes of qui tam actions [and] ... law enforcement
8  needs [.]"); *United States ex rel. Costa v. Bakery & Taylor, Inc.*, 955 F.Supp. 1188, 1190 (N.D.
9  Cal. 1997) (refusing to grant government's extension where purpose for extension was not tied to
10  criminal investigation).
11      2. Whether Congress intended the statutory seal to ever extend substantially
12  further than the 60-day mandatory period.  *See, e.g.*, *United States ex rel. Martin v. Life Care*
13  *Cntrs. Of America, Inc.*, 912 F.Supp.2d 618 (E.D. Tenn. 2012) (refusing to maintain seal over
14  documents after government's notice of intervention four years after the complaint was filed).
15      3. Whether the public has any interests in maintaining the statutory seal past the
16  60-day mandatory period.
17      4. Whether the government's request for extension in this case should be granted
18  in full or not, in light of its ability to intervene at a later date. *See* 31 U.S.C. § 3730(c)(3).
19      The brief shall be no longer than twenty pages and shall be filed by **December 30,**
20  **2016.** The brief may be supported by a supplemental declaration with appropriate exhibits. The
21  complaint and all other filings shall remain under seal until further order of this court.
22      IT IS SO ORDERED.
23  DATED: December 8, 2016

                                       UNITED STATES DISTRICT JUDGE