1

2

3

4

5

6

7

# SEALED

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

20

| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, GEORGIA, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, NEVADA, NEW JERSEY, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VIRGINIA, WASHINGTON, and the DISTRICT OF COLUMBIA ex rel. LOYD F. SCHMUCKLEY, JR., | No.  2:12-cv-01699-KJM-EFB *SEALED* |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| RITE AID CORPORATION, | FILED UNDER SEAL |
| Defendant. | |

21

On January 17, 2017, the court granted the State of California's ex parte motion

22

for a sixth extension of the seal period in this case.  Order, ECF No. 65.  In that order, the court

23

explained "[a]n order will follow explaining the reasoning of the court's decision and providing

24

targeted questions for the State of California to address in any future requests for additional

25

extensions."  *Id.* at 2.  On March 10, 2017, the State of California filed an ex parte motion for a

26

seventh extension.  Ex Parte Mot., ECF No. 67.  Here, the court provides reasoning for its

27

approval of the sixth extension, approves the request for a seventh, and identifies questions

28

should the State of California find it necessary to seek an eighth.

1

I.        THE FALSE CLAIMS ACT GENERALLY

The False Claims Act ("FCA") provides for an automatic 60-day seal, 31 U.S.C. § 3730(b)(2), which the government may seek to extend "for good cause shown."  31 U.S.C. § 3730(b)(3); *see also* Cal. Gov't Code § 12652(c)(5) (Attorney General may, "for good cause shown," move the court for an extension).  Although the statute does not define "good cause," this requirement is "a substantive one, which the government can only satisfy by stating a convincing rationale for continuing the seal."  *U.S. ex rel. Costa v. Bakery & Taylor, Inc.* [*Costa*], 955 F. Supp. 1188, 1190 (N.D. Cal. 1997).

By providing for the FCA seal provision, Congress intended to strike a balance between "the purposes of qui tam actions [and] . . . law enforcement needs . . ."  *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995) (quoting S. Rep. No. 345, 99th Cong., 2d Sess. 24, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5289).  Some courts have looked to the legislative history of the FCA and defined "law enforcement needs" narrowly, refusing to extend the seal unless there was a risk a defendant would be "tipped off" as to a pending criminal investigation.  *Costa*, 955 F. Supp. at 1190; *U.S. ex rel. Martin v. Life Care Cntrs. Of America, Inc.*, 912 F. Supp. 2d 618 (E.D. Tenn. 2012).  Others courts, mindful of the public's "right to monitor the activities of government agencies and the courts," have generally sought to place limits on the government's attempts to indefinitely extend the seal.  *See, e.g.*, *Costa,* 955 F. Supp. at 1189–90 (denying government's fourth request to extend the seal); *U.S. ex rel. Alderson v. Quorum Health Group, Inc.*, 171 F. Supp. 2d 1323, 1328 (M.D. Fla. 2001) (adopting reasoning in *Costa* before providing government limited extension); *U.S. ex rel. Smith v. Serenity Hospice Care, LLC*, CV 313-001, 2014 WL 4269063, at *3 (S.D. Ga. Aug. 28, 2014) (granting final extension but expressly ruling no further extensions would be granted); *United States v. Creekside Hospice II, LLC*, 213CV00167APGPAL, 2015 WL 9581743, at *6 (D. Nev. Dec. 30, 2015) ("A number of courts have been critical of the length of time qui tam actions have remained under seal and the government's handling of the actions while deciding whether to intervene.").

1    II.      THE REQUESTS FOR EXTENSIONS

2             A.      The Sixth Extension

3                     Several factors supported the State of California's request for a sixth extension,

4    which the court granted on January 17, 2017.  *See* Order, ECF No. 65.  First, the State of

5    California was in the process of thoroughly investigating and prosecuting this case.  The State of

6    California's supplemental brief detailed the large number of individual claims it had already

7    investigated and the even-larger number it planned to investigate in the coming months.  Suppl.

8    Br. at 9–11, ECF No. 63.  Second, this is a large complex case for which a longer intervention

9    period than typical may be necessary.  Although there is only a single defendant, Rite Aid

10   Corporation, the case involves nearly one-half million paid claims involving Rite Aid pharmacies

11   across the country.  *Id.* at 9.  In addition, the State of California is here acting as a liaison to the

12   several co-plaintiff states.  *Id.* at 8.  Third, a number of related cases are now proceeding before

13   the undersigned.  *See* Order August 22, 2016, ECF No. 57 (relating three cases to the instant

14   case).  As attorneys for the State of California explained at hearing, the decision to lift the seal in

15   this case may impact the investigations and negotiations pending in the related cases.  Since that

16   hearing, the State of California has filed notice of partial intervention and settlement in one of

17   them.  *See Rinehart v. Walgreen Co.*, No. 2:14-cv-00148-KJM-EFB (notice filed April 4, 2017).

18   Finally, and possibly unique to the Medicare-Medicaid context, a state's Medicaid Fraud Control

19   Unit ("MFCU"), which in California is the Bureau of Medi-Cal Fraud and Elder Abuse

20   ("BMFEA"), has an affirmative obligation under federal law to investigate complaints of fraud or

21   abuse it learns of from any source.  *See* 42 U.S.C. § 1396-b(q); 42 C.F.R. §§ 455.14,

22   455.15(a)(2), 455.16(a), 455.21(b); Cal. Gov't Code § 12528.  The court finds persuasive the

23   government's argument that Congress did not intend to weaken an MFCU's investigative powers

24   when it learns about fraud or abuse from a qui tam complaint rather than by other means.  Suppl.

25   Br. at 17–19.  For these reasons, the court found good cause to grant the sixth request for an

26   extension of the seal period.

27

28

B.      The Seventh Extension

Similar considerations support the State of California's ex parte application for a seventh extension.  The government's brief, supported by two declarations filed in camera, establishes the State of California's thorough, ongoing, and nearly-completed investigation of the claims.  Ex Parte Mot. at 5.  The government provides a detailed schedule for its subsequent investigation should the court grant the extension request.  *See* Yew Decl., ECF No. 67-1.  The government also explains, based on its experience with the same defense counsel in a related case that recently settled, how the investigation's results will support settlement in this case.  *See* DiCarlo Decl., ECF No. 67-2 (referencing *Rinehart v. Walgreen Co.*, No. 2:14-cv-00148-KJM-EFB).  The current request for a two-month extension is the government's shortest yet.  *See* ECF Nos. 58 (request for four months), 52 (three months), 49 (six months), 46 (six months), 43 (six months), 39 (six months).  Given the limited request, and the specificity of the government's support for it, the court finds good cause to grant the request for an additional two months.  Accordingly, the court GRANTS the request for a seventh extension of the intervention period to May 12, 2017.

C.      Future Extensions

Notwithstanding the court's findings of good cause above, there are two unresolved questions in the court's mind that the State of California must address if it seeks future extensions.  First, the State of California has disclosed defendant's unwillingness to permit interviews of current and past employees, Suppl. Br. at 10, but it has not adequately addressed why operation of the Federal Rules of Civil Procedure would not help rather than hinder the government's investigation in the face of such a barrier, unilaterally erected.  *See, e.g.*, Fed. R. Civ. P. 30(a) (permitting a party to "depose any person, including a party").  Second, the State of California also has described defendant's rejection of the government's sample size, which has led the State to expend significant resources to conduct a full sample of 1,533 claims to achieve a ninety percent confidence interval.  *Id.* at 10–11.  The State has not explained why the public interest would not be better served by an adversarial proceeding, open to the public, to determine

1    defendant's liability or resolve other disputes arising in the course of efforts to resolve the case.

2    Any future request for extension should address these outstanding questions.

3    III.    <u>CONCLUSION</u>

4           For the reasons explained above, the State of California has shown good cause for

5    its requests for a sixth and seventh extension.  The court GRANTS the instant ex parte application

6    for a seventh extension to May 12, 2017.  The complaint and all other filings shall at this time

7    remain under seal until the State of California and all other co-plaintiff states notice their election,

8    or until further order of this court.  Any further request for an extension must address the issues

9    identified by the court above.

10           This order resolves ECF No. 67.

11           IT IS SO ORDERED.

12    DATED:  April 20, 2017.

13

14    _____
      UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28