1    MORGAN, LEWIS & BOCKIUS LLP
     ERIC W. SITARCHUK, Admitted *pro hac vice*
2     eric.sitarchuk@morganlewis.com
     KELLY A. MOORE, Admitted *pro hac vice*
3     kelly.moore@morganlewis.com
     TERA M. HEINTZ, Bar No. 241414
4     tera.heintz@morganlewis.com
     MICHAEL Q. EAGAN, JR., Bar No. 275823
5     michael.eagan@morganlewis.com
     One Market, Spear Street Tower
6    San Francisco, CA  94105-1596
     Tel: +1.415.442.1000; Fax: +1.415.442.1001
7
     Attorneys for Defendant
8    RITE AID CORPORATION

9    *[Additional counsel on signature page]*

10

11              UNITED STATES DISTRICT COURT

12            EASTERN DISTRICT OF CALIFORNIA

13

14   UNITED STATES OF AMERICA, and the       Case No. 2:12-cv-01699-KJM-EFB
     STATE OF CALIFORNIA, et al., ex rel.
15   LOYD F. SCHMUCKLEY, JR.,                 **STIPULATED HIPAA QUALIFIED**
                                              **PROTECTIVE ORDER; [~~PROPOSED~~]**
16              Plaintiffs,                   **ORDER THEREON**

17        vs.                                 [Fed. R. Civ. P. 26(c); Local Rule 141.1]

18   RITE AID CORPORATION,                    Complaint Filed:   September 21, 2017

19              Defendant.

20   STATE OF CALIFORNIA *ex rel.* LOYD F.
     SCHMUCKLEY, JR.,
21
                Plaintiffs,
22
          vs.
23
     RITE AID CORPORATION,
24
                Defendant.
25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

**RECITALS**

**WHEREAS**, the State filed its Complaint-in-Intervention ("State's Complaint") with the Court in this action on September 21, 2017 (Dkt. 57);

**WHEREAS**, Defendant agreed to waive formal service of the State's Complaint and summons upon it pursuant to Fed. R. Civ. P. 4(d), establishing Defendant's deadline to respond to the State's Complaint as November 21, 2017 (Dkt. 80);

**WHEREAS**, Relator filed his First Amended Complaint ("Relator's Complaint") with the Court in this action on September 28, 2017 (Dkt. 79);

**WHEREAS,** Defendant Rite Aid ("Rite Aid") filed a consolidated motion to dismiss both the State's and Relator's Complaints with prejudice on January 19, 2018, based on the grounds that, among things, Relator and State fail to state a claim under the False Claims Act under Federal Rules of Civil Procedure 8 and 9(b);

**WHEREAS,** Rite Aid also intends to seek a motion to stay of all discovery in this case unless and until the Court rules that Relator and the State have adequately stated a claim against Rite Aid, which the State and Relator will oppose;

**WHEREAS**, all Parties agree that entry into this Stipulated Protective Order is without waiver or prejudice to any party's position with respect to a stay of discovery pending determination of Rite Aid's motion to dismiss;

**WHEREAS,** Local Rule 141.1(c)(3) requires parties to show why a court order should address the need for protection as opposed to a private agreement among the parties;

**WHEREAS,** the documents produced in and relevant to this litigation are likely to contain and involve production of confidential, proprietary, or private information, including Protected Health Information ("PHI"), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

**STIPULATION**

## 1.  PURPOSE AND LIMITATIONS

Pursuant to Federal Rule of Civil Procedure 26(c), 45 C.F.R. § 164.512, and the applicable local rules, the parties stipulate to and petition the court to enter the following

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

1

Stipulated HIPAA Qualified Protective Order. The parties, by and through their respective counsel, mutually agree that a protective order that meets the requirements of a "qualified protective order," as that term is defined by 45 C.F.R. § 164.512(e)(1)(v), and mutually agree to remain in full compliance with any privacy requirements imposed by regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (45 C.F.R. § 164) ("HIPAA").

Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), covered entities may disclose PHI in the course of any judicial proceeding (1) in response to a court order, provided that the covered entity discloses only the PHI expressly authorized by such order or (2) in response to a subpoena, discovery request, or other lawful process, that is not accompanied by a court order under certain conditions. 45 C.F.R. § 164.512(e)(1). *See also* Cal. Civ. Code § 56.10(b)(1) (allowing disclosure of medical records), Cal. Welf. & Inst. Code § 5328(f) (allowing disclosure of mental health records).

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Federal Rule of Civil Procedure 5.2, Civil Local Rules 141 and 141.1, and the Court's Standing Orders set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    **DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection as PHI as that term is defined under HIPAA and the Federal Regulations enacted pursuant to HIPAA.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

well as their support staff).

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL PROTECTED HEALTH INFORMATION."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), which is produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    <u>Health Information</u>: defined as set forth in 45 C.F.R. § 160.103.

2.8    <u>House Counsel</u>: attorneys who are employees of Rite Aid.

2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    <u>Party</u>: any party to this action, including all of its fiduciaries, trustees, recordkeepers, administrators, and their successors in interest, as well as consultants, retained experts, insurers, re-insurers, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Health Information/PHI</u>: defined as set forth in 45 C.F.R. § 160.103.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

PHI also includes confidential mental health information and records under California Welfare and Institutions Code § 5328(a).

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL PROTECTED HEALTH INFORMATION," which designation is not challenged or, if challenged, survives such challenge.

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below) or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the phrase "CONFIDENTIAL PROTECTED HEALTH INFORMATION" on each page which contains any PHI.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL PROTECTED HEALTH INFORMATION."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL PROTECTED HEALTH INFORMATION" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, within thirty days after completion of the deposition, hearing, or other proceeding, all protected testimony.

(c)    for information produced in some form other than documentary and for any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL PROTECTED HEALTH INFORMATION." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

     5.3    <u>Inadvertent Failure to Designate.</u>  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.**    **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

     6.1    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     6.2    <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice, unless otherwise extended by agreement of the parties. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging the confidentiality (in compliance with Civil Local Rules 141 and 141.1, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, unless this deadline is otherwise extended by agreement of the parties.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party.  While challenges are pending, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party in a manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL PROTECTED HEALTH INFORMATION" or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL PROTECTED HEALTH INFORMATION" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     fiduciaries, trustees, recordkeepers, administrators, and their successors in interest, as well as consultants, retained experts, House Counsel, and Outside Counsel of Record (and their support staffs) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed, had access to, or knew the information.

## 8.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL PROTECTED HEALTH INFORMATION."  Such information produced by Non-Parties in connection with this litigation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's PHI in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's PHI, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's PHI responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(c)      Nothing in this protective order limits any Party from producing material under this protective order to other parties, pursuant to requirements of local and federal rules.

## 9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    MISCELLANEOUS**

10.1    <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

10.2    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3    <u>Filing Confidential Protected Health Information.</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any confidential PHI.  A Party that seeks to file under seal any confidential PHI must comply with Civil Local Rules 141 and 141.1. Confidential PHI may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential PHI.  Pursuant to Civil Local Rules 141 and 141.1, a sealing order will issue only upon a request establishing that the confidential PHI at issue entitled to protection under applicable law, including, but not limited to, HIPAA.  If a Receiving Party's request to file confidential PHI under seal pursuant to Civil Local Rules 141 and 141.1 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**11.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

1    Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

2    the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

3    not retained any copies, abstracts, compilations, summaries or any other format reproducing or

4    capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

5    retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

6    legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

7    product, and consultant and expert work product~~, even if such materials contain Protected~~

8    ~~Material~~.  However, pursuant to 45 C.F.R. 164.512 (e)(1)(v)(B) all protected health information

9    (including all copies) must be returned to the covered entity or destroyed at the end of the

10   litigation.  Any such archival copies that contain or constitute Protected Material remain subject

11   to this Protective Order as set forth in Section 4 (DURATION).

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | |
|---|---|---|
| 1 | Dated: January 30, 2018 | By  */s/ Emmanuel R. Salazar* |
| 2 | | EMMANUEL R. SALAZAR (Bar No. 240794) |
| | | Deputy Attorney General |
| 3 | | 2329 Gateway Oaks Drive, Suite 200 |
| | | Sacramento, CA 95833-4252 |
| 4 | | Telephone: (916) 621-1835 |
| | | Fax: (916) 274-2949 |
| 5 | | E-mail: Emmanuel.Salazar@doj.ca.gov |
| 6 | | |
| | | Attorneys for STATE OF CALIFORNIA |
| 7 | | |
| | Dated: January 30, 2018 | WATERS & KRAUS, LLP |
| 8 | | |
| 9 | | By  */s/ Wm. Paul Lawrence, II* |
| | | WM. PAUL LAWRENCE, II (*Pro hac vice*) |
| 10 | | Washington D.C. Metro Office |
| | | 37163 Mountville Road |
| 11 | | Middleburg, VA 20117 |
| | | Telephone: (540) 687-6999 |
| 12 | | Fax: (540) 687-5457 |
| | | E-mail: plawrence@waterskraus.com |
| 13 | | |
| 14 | | Attorneys for *Qui Tam* Plaintiff |
| | | LOYD F. SCHMUCKLEY, JR. |
| 15 | | |
| | Dated: January 30, 2018 | MORGAN, LEWIS & BOCKIUS LLP |
| 16 | | |
| 17 | | By  */s/ Tera M. Heintz* |
| | | TERA M. HEINTZ, Bar No. 241414 |
| 18 | | One Market, Spear Street Tower |
| | | San Francisco, CA  94105-1596 |
| 19 | | Telephone: +1.415.442.1000 |
| | | Fax: +1.415.442.1001 |
| 20 | | E-mail: tera.heintz@morganlewis.com |
| 21 | | |
| | | Attorneys for Defendant |
| 22 | | RITE AID CORPORATION |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

**FILER'S ATTESTATION**

I, Tera M. Heintz, am the ECF user whose identification and password are being used to

file this Stipulated HIPAA Qualified Protective Order.  In compliance with L.R. 131(e), I hereby

attest that Emmanuel R. Salazar and William Paul Lawrence, II authorized and concurred in this

filing on January 29, 2018.

Dated: January 30, 2018                                        */s/ Tera M. Heintz*

Tera M. Heintz

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

# [~~PROPOSED~~] ORDER

The above having been stipulated by all parties, and the Court having found good cause,

**IT IS SO ORDERED** that pursuant to Local Rule 141.1(c), a Protective Order is hereby

entered which prevents from public disclosure, in accordance with the terms set forth in the

attached Stipulation, the following category of information:

Category 1:    All Protected Health Information ("PHI"), as that term is defined in 45

C.F.R. § 160.103, which may also include mental health information and records under California

Welfare and Institutions Code § 5328(a), in the possession, control and/or custody of (1) one or

more Parties to this litigation, or (2) any Non-Party to whom a valid subpoena for document

preservation and/or production has been issued by a Party to this litigation.

The Court finds that the above-described category of information presents a particularized

need which justifies prevention of public disclosure of Non-Parties' PHI.  This protective order

meets the requirements of a "qualified protective order," as that term is defined by 45 C.F.R.

§ 164.512(e)(1)(v), and is necessary to protect privacy requirements imposed by regulations

promulgated under the Health Insurance Portability and Accountability Act of 1996 (45 C.F.R. §

164 et seq.) ("HIPAA").

This need for protection is properly addressed by an order of the Court to comply with

HIPAA's requirements concerning the protection of PHI.  Namely, HIPAA requires that covered

entities may disclose PHI in the course of any judicial proceeding (1) in response to a court order,

provided that the covered entity discloses only the PHI expressly authorized by such order or (2)

in response to a subpoena, discovery request, or other lawful process, that is not accompanied by

a court order only (a) after notification is provided to the individual whose PHI may be disclosed,

or (b) after obtaining assurances of "reasonable efforts" to secure a "qualified protective order,"

such as this one.  45 C.F.R. § 164.512(e)(1)(i)—(ii); *see also id.* § 164.512(e)(1)(v) (defining

"qualified protective order" as "an order of the court" or stipulation of the Parties).  Thus, a

qualified protective order from the Court is proper to ensure, and provide assurance to Non-

Parties that, PHI produced in this matter will be maintained confidentially without the need to

provide notification to each individual, numbering in the hundreds, whose PHI may be produced

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

in this matter.

Dated:  February 7, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated HIPAA Qualified Protective

Order that was issued by the United States District Court for the Eastern District of California on

[date] in the case of *Schmuckley, et al. v. Rite Aid Corporation*, Case No. 2:12-cv-01699-KJM-

EFB. I agree to comply with and to be bound by all the terms of this Stipulated HIPAA Qualified

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I promise that I will not disclose in any

manner any information or item that is subject to this Stipulated HIPAA Qualified Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated HIPAA

Qualified Protective Order, even if such proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 2:12-CV-01699-KJM-EFB