MORGAN, LEWIS & BOCKIUS LLP
ERIC W. SITARCHUK, Admitted *pro hac vice*
 eric.sitarchuk@morganlewis.com
KELLY A. MOORE, Admitted *pro hac vice*
 kelly.moore@morganlewis.com
TERA M. HEINTZ, Bar No. 241414
 tera.heintz@morganlewis.com
MICHAEL Q. EAGAN, JR., Bar No. 275823
 michael.eagan@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel: +1.415.442.1000; Fax: +1.415.442.1001

Attorneys for Defendant
RITE AID CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, et al., ex rel. LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION,<br><br>Defendant. | Case No. 2:12-cv-01699-KJM-EFB<br><br>**DEFENDANT RITE AID CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AS TO RELATOR PENDING RESOLUTION OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| STATE OF CALIFORNIA, *ex rel*. LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION,<br><br>Defendant. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

DEF. RITE AID CORP.'S MOTION TO STAY DISCOVERY AS TO RELATOR PENDING RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1    <u>**NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**</u>

2    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3           **PLEASE TAKE NOTICE** that on March 23, 2018 at 10:00 a.m., or as soon thereafter as

4    the matter may be heard, in Courtroom 3 of the above-entitled Court, located at 501 I Street, 15th

5    Floor, Sacramento, CA 95814, Defendant Rite Aid Corporation ("Rite Aid"), by through its

6    attorneys of record, will and does hereby move ("Motion") this Court before the Honorable

7    Kimberley J. Mueller[1], United States District Judge for the Eastern District of California,

8    pursuant to Federal Rule of Civil Procedure ("Rule") 26(c) for a protective order staying all

9    discovery as between *qui tam* plaintiff Loyd F. Schmuckley, Jr. ("Relator") and Rite Aid—

10   including but not limited to Relator's First Request For Production Of Documents ("Requests")

11   served on January 26, 2018[2]—unless and until the Court rules that the State of California's

12   ("State") and/or Relator's operative Complaint (or any future amended complaint) has properly

13   stated a claim under Rules 12(b)(6) and 9(b) and applicable False Claims Act precedent, and

14   thereby denies, in whole or in part, Rite Aid's motion(s) to dismiss. (*See* Dkts. 100-103.)

15          Defendant bases this Motion upon this Notice of Motion and Motion, the accompanying

16   Memorandum of Points and Authorities, the concurrently-filed Declaration of Tera M. Heintz,

17   and the attached exhibits, any reply filed in support of this Motion, oral argument of counsel at

18   the hearing, the files and records in this action, and upon such other matters as may be presented

19   to the Court at, or prior to, the hearing of this Motion.

20          Pursuant to Fed. R. Civ. P. 26(c)(1), undersigned counsel certifies that she met and

21   conferred with counsel for Relator on numerous occasions since the filing of Relator's First

22   Amended Complaint in a good faith attempt to resolve this matter without court action.  While

23   Rite Aid and the State of California were able to reach a negotiated resolution of Rite Aid's stay

24   motion against the State of California with respect to all state False Claims Act claims, the meet

25

26   [1] Rite Aid submits this Motion to the Court because, as it understands the Court's September 26, 2017
     initial standing order (Dkt No. 78-1), this Motion to stay discovery would "implicate the schedule of the
27   case." *See id.*, § 1(A).

28   [2] The Requests are attached as Exhibit B to the Declaration of Tera M. Heintz, submitted herewith.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

1

DEF.'S MPA ISO MOT. TO DISMISS
STATE'S & RELATOR'S COMPLAINTS
Case No. 2:12-cv-01699-KJM-EFB

1    and confer attempts with Relator regarding discovery of Relator's federal False Claims Act

2    claims were not successful.

3

4    Dated: February 23, 2018                    MORGAN, LEWIS & BOCKIUS LLP

5                                                By    /s/ Tera M. Heintz
                                                       _____
6                                                      Tera M. Heintz

7                                                Attorneys for Defendant
                                                 RITE AID CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW
 SAN FRANCISCO

DB1/ 95324493.6

2

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................................. 1

II.     STATEMENT OF RELEVANT FACTS ........................................................................... 3

    A.      Relevant Procedural History ................................................................................ 3

    B.      Rite Aid's Pending Motion to Dismiss Plaintiffs' Complaints ............................. 4

    C.      Relator Refuses to Join the Stipulation Between Rite Aid and the State
        Agreeing to a Qualified Stay of Discovery ......................................................... 5

    D.      Relator's Broad and Burdensome Requests for Production ................................. 5

III.    ARGUMENT ...................................................................................................................... 6

    A.      The Court's Wide Discretion to Stay Discovery ................................................. 6

    B.      The FCA Bars Relator From Conducting Discovery Before Plaintiffs State
        Their Claims With Particularity Under Rule 9(b). ............................................... 7

IV.     CONCLUSION ................................................................................................................. 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

i

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

# TABLE OF AUTHORITIES

Page(s)

CASES

*Bly-Magee v. California*,
236 F.3d 1014 (2001) ........................................................................................................2, 7

*California ex rel. McCann v. Bank of Am.*,
191 Cal. App. 4th 897 (2011) .............................................................................................2, 7

*California ex rel. Mueller v. Walgreen Corp.*,
175 F.R.D. 638 (N.D. Cal. 1997) ............................................................................................8

*California ex rel. Omlansky v. Rite Aid Corp.*,
No. 2013-00147471-CU-FR (Cal. Super. Ct., Sacramento Cnty, June 8, 2017) .................8, 9

*East Bay Municipal Utility District v. Balfour Beatty Infrastructure, Inc.*,
No. 13–cv–02032–WHO, 2013 WL 6698897 (N.D. Cal. Dec. 19, 2013) ...............................8

*Ebeid ex rel. United States v. Lungwitz*,
616 F.3d 993 (9th Cir. 2010) ...............................................................................................7, 9

*In re Graphics Processing Units Antitrust Litigation*,
No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal. July 24, 2007) ...................................6

*Jarvis v. Regan*,
833 F.2d 149 (9th Cir. 1987) ...................................................................................................6

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988) ...................................................................................................7

*Rae v. Union Bank*,
725 F.2d 478 (9th Cir. 1984) ...................................................................................................6

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) ...................................................................................................6

*Salazar v. Honest Tea, Inc.*,
No. 2-13-CV-02318-KJM-EFB, 2015 WL 6537813 (E.D. Cal. Oct. 28, 2015)
(Mueller, J.) ..............................................................................................................................9

*United States ex rel. Atkins v. McInteer*,
470 F.3d 1350 (11th Cir. 2006) .........................................................................................2, 10

*United States ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*,
No. 10-81634-CIV, 2014 WL 12248078 (S.D. Fla. June 17, 2014) ......................................11

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*United States ex rel. Cericola v. Fed. Nat'l Mortg. Ass'n*,
   No. CV-03-2294-GAF(VBKx), ECF No. 140 (C.D. Cal. Jul. 20, 2006) ................................8

*United States ex rel. Clausen v. Lab. Corp. of Am.*,
   290 F.3d 1301 (11th Cir. 2002)......................................................................10, 11

*United States ex rel. Eberhard v. Physicians Choice Lab. Servs., LLC*,
   642 F. App'x 547 (6th Cir. 2016) .................................................................10, 11

*United States ex rel. Eisenstein v. City of New York, New York*,
   556 U.S. 928 (2009) ...........................................................................................10

*United States ex rel. Gagne v. City of Worcester*,
   565 F.3d 140 (1st Cir. 2009) ................................................................................9

*United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*,
   360 F.3d 220 (1st Cir. 2004) ................................................................................9

*United States ex rel. Liotine v. CDW-Gov't, Inc.*,
   No. CIV. 05-033-DRH, 2009 WL 720958 (S.D. Ill. Mar. 18, 2009)......................11

*United States ex rel. Modglin v. DJO Glob. Inc.*,
   Case No. CV-12-07152-MMM-(JCGx), 2014 WL 12564275 (C.D. Cal. Feb.
   20, 2014). ...................................................................................1, 7, 8, 9, 12

*United States ex rel. Russell v. Epic Healthcare Mgmt. Grp.*,
   193 F.3d 304 (5th Cir. 1999), *abrogated on other grounds*....................................10

*United States ex rel. SNAPP, Inc. v. Ford Motor Co.*,
   618 F.3d 505 (6th Cir. 2010) ..............................................................................10

*United States v. Ortho-McNeil Pharm., Inc.*,
   No. 03 C 8239, 2007 WL 2091185 (N.D. Ill. July 20, 2007) .................................10

*Yuhasz v. Brush Wellman, Inc.*,
   181 F. Supp. 2d 785 (N.D. Ohio 2001), *aff'd*, 341 F.3d 559 (6th Cir. 2003) ...........10

*Yuhasz v. Brush Wellman, Inc.*,
   341 F.3d 559 (6th Cir. 2003)................................................................................7

**STATUTES**

Cal. Code Regs. 22 § 51313.3(b) ............................................................................12

Cal. Gov't Code § 12652(e)(1) .................................................................................2

FCA (California False Claims Act) ..................................................................... passim

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

iii

DEF.'S MPA ISO MOT. TO DISMISS
STATE'S & RELATOR'S COMPLAINTS
Case No. 2:12-cv-01699-KJM-EFB

1

**TABLE OF AUTHORITIES**
(continued)

2                                                                        **Page(s)**

3    **OTHER AUTHORITIES**

4    Cal. R. Ct. 3.1308 ..............................................................................................9

5    Fed. R. Civ. P.
6        9(b) ........................................................2, 3, 5, 7, 8, 10, 11, 12, 13
         12(b) ............................................................................................6
7        12(b)(6) ....................................................................................3, 5
         26(c) ............................................................................................6
8        34 ................................................................................................6

9    L.R. 1.06(B) .....................................................................................9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DEF.'S MPA ISO MOT. TO DISMISS
STATE'S & RELATOR'S COMPLAINTS
Case No. 2:12-cv-01699-KJM-EFB

1      <center>**MEMORANDUM OF POINTS AND AUTHORITIES**</center>

2      **I.      INTRODUCTION**

3           Defendant Rite Aid Corporation ("Defendant" or "Rite Aid") submits this memorandum

4      in support of its motion to stay discovery ("Motion") as to *qui tam* plaintiff Loyd F. Schmuckley,

5      Jr. ("Relator") in this matter while Rite Aid's current or future Motion to Dismiss the State of

6      California's ("State") Complaint-In Intervention ("State Complaint") and Relator's First

7      Amended Complaint ("Relator Complaint") remains pending.

8           Rite Aid and the State—who intervened in the matter and is the real party-in-interest to

9      the state law claims asserted in this litigation—have negotiated a stipulated stay of discovery as

10     between themselves, save for specific exceptions aimed at the preservation of potentially relevant

11     third-party records ("Stipulation," Dkt. 108).  Relator, on the other hand, has refused to agree to

12     this stipulation despite the fact that (1) Relator is not a real-party-in-interest to any claims in this

13     litigation, (2) that Relator's claims in the Relator Complaint are entirely duplicative, dependent

14     and derivative of the claims asserted by the State here, and (3) that Relator has failed to plead a

15     single fact establishing any specific false claim alleged to have been submitted by Rite Aid.  In

16     doing so, Relator attempts to engage in a fishing expedition to obtain such facts, a maneuver not

17     allowed in the unique context of False Claims Act ("FCA") actions, such as this one.

18          Permitting FCA plaintiffs to take discovery at the pleading stage before stating any proper

19     claim for relief would subvert the core purpose of the FCA, as courts in California and across the

20     country have consistently ruled.  Unlike run-of-the-mill civil actions brought by plaintiffs who

21     allege a defendant caused them damages personally, actions brought under the FCA are, by their

22     very nature, subject to different rules and principles that prohibit private FCA plaintiffs, such as

23     Relator here, from proceeding to the discovery phase of the litigation without first properly

24     stating a claim for relief under the FCA.  *United States ex rel. Modglin v. DJO Glob. Inc.*, Slip

25     Copy, Case No. CV-12-07152-MMM-(JCGx), 2014 WL 12564275, *2 (C.D. Cal. Feb. 20, 2014).

26     This is so because the FCA is designed to "encourage *insiders privy to a fraud on the government*

27     *to blow the whistle on the crime*," and such insiders "should have adequate knowledge of the

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

1

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1    wrongdoing at issue . . . to comply with Rule 9(b)."  *Bly-Magee v. California*, 236 F.3d 1014,

2    1029 (2001) (emphasis in original) (citations omitted); *accord California ex rel. McCann v. Bank*

3    *of Am.*, 191 Cal. App. 4th 897, 906-07 (2011).

4           For coming forward with such vital information previously unknown to the Government,

5    FCA relators are awarded a significant bounty of up to one-third of any successful recovery.  It

6    would upend the purpose of the FCA if a relator were permitted to file a bare-bones complaint

7    devoid of any facts showing a false claim, such as the Relator Complaint here, and then use the

8    discovery process to back-fill the complaint in the hopes of laying claim to such a significant

9    bounty.  In recognition of these concerns, district courts across the country, like those in

10   California, have held that an FCA relator must <u>first</u> successfully state a claim under the FCA

11   <u>before</u> earning a "ticket to the discovery process."  *See United States ex rel. Atkins v. McInteer*,

12   470 F.3d 1350, 1359–60 (11th Cir. 2006).  Relator—who is not an insider and who lacks personal

13   knowledge of any purported false claims—has not earned that ticket and has no hope of doing so.

14   *See* Motion to Dismiss (Dkts. 100-103).

15          Indeed, the need to stay discovery as to the Relator is particularly acute here, where the

16   State has intervened in the matter and is actively prosecuting the case on its own behalf.  As Rite

17   Aid sets forth in its Motion to Dismiss, Relator's claims, to the extent he has standing at all, is

18   entirely derivative of the State's claims.  The interests of the State, having intervened and taken

19   "primary responsibility for prosecuting the action," are now fully protected without further need

20   of Relator's services.  *See* Cal. Gov't Code § 12652(e)(1).  Thus, with no legitimate interests left

21   to pursue in this case, Relator's attempts to serve premature discovery serve no purpose other

22   than to harass, annoy and burden Rite Aid with costly and time-consuming discovery requests.

23   The Court should preclude Relator's attempts to disrupt the agreement reached between the State,

24   the real party-in-interest, and Rite Aid for an orderly and efficient staging of discovery unless and

25   until the pleading stage has completed.

26          After Rite Aid's Motion to Dismiss was filed—and while negotiations regarding the

27   Stipulation were ongoing—Relator served broad document requests that expressly rely on and

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

2

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1  incorporate the discovery requests served by the State, which are now stayed pending resolution

2  of Rite Aid's motion to dismiss.  Relator's requests seek voluminous documents and records from

3  Rite Aid and its dozens of physical pharmacy locations in a transparent fishing expedition

4  searching for factual evidence to support his allegations.  The FCA, however, does not permit

5  such premature discovery.  Rite Aid thus requests that the Court properly exercise its discretion to

6  stay all discovery in this matter as between Relator and Rite Aid until Plaintiffs' complaint(s) are

7  deemed sufficient to survive a motion to dismiss under Rules 9(b) and 12(b)(6).

8  **II.  STATEMENT OF RELEVANT FACTS**

9      **A.  Relevant Procedural History**

10  This action was filed under seal by Relator on June 26, 2012 (Dkt. 1, 7).  The United

11  States Attorneys' Office, after investigating the matter for over two years, declined to intervene

12  on August 28, 2014 (Dkt. 38).[3]  Thereafter, the State sought further time to investigate, and

13  received seven additional extensions of time to do so (Dkts. 42, 44, 48, 50, 55, 65, 68).  The State

14  finally intervened on May 11, 2017 (Dkt. 69), after the case had been pending almost five years.

15  The State filed its State Complaint on September 26, 2017 (Dkt. 75).  The Relator filed his

16  Relator Complaint on September 28, 2017 (Dkt. 79).

17  Relator alleges that he only worked for Rite Aid <u>in California</u> as a "part-time" pharmacy

18  associate for approximately five months in 2007, <u>before</u> the date of any of the so-called

19  "example" claims identified in the Appendix attached to State Complaint's.  *Compare* Relator

20  Complaint (Dkt. 79), ¶ 18 *with* State Complaint (Dkt. 75), Appendix.  Thus, Relator is not an

21  "insider" with personal knowledge of any of the claims identified by the State Complaint.  *Id.*

22  Indeed, Relator fails to plead <u>any</u> facts sufficient to allege any "false claim" by Rite Aid, and

23  instead nakedly and improperly attempts to piggy-back on the State's allegations (Dkt. 79, ¶2

24  ("Relator adopts and incorporates by reference all allegations of the" State Complaint)).

25  Relator's barebones Complaint falls well short of adequately pleading <u>any</u> regulatory violation or

26

27

28

---

[3]  The states of Delaware, Nevada, New York, North Carolina, Rhode Island, Tennessee, Virginia and Washington also declined to intervene on this same date (Dkt. 40).  The Commonwealth of Massachusetts and District of Columbia declined to intervene on July 20, 2016 (Dkt. 53).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

3

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1    false claim, let alone any decade-long, widespread fraud purportedly perpetrated by Rite Aid.

2         As the State's Complaint acknowledges, Rite Aid cooperated with investigations

3    stemming from Relator's original complaint—including producing documents and answering

4    interrogatories. *See* State Complaint (Dkt. 75), ¶¶65-85. Despite investigating this matter for

5    over five years, Relator (and the State) has fallen far short of gathering facts sufficient to sustain a

6    complaint or justify moving forward with a case against Rite Aid. Relator cannot now use his

7    defective Relator Complaint as a means for attempting to uncover any such facts.

8         **B.      Rite Aid's Pending Motion to Dismiss Plaintiffs' Complaints**

9         Rite Aid filed its consolidated Motion to Dismiss both the State Complaint and Relator

10   Complaint on January 19, 2018 (Dkts. 100-103). As the Motion to Dismiss demonstrates, both

11   complaints are predicated on the same theory that Rite Aid violated California Medi-Cal

12   regulations governing reimbursement requests for certain restricted prescription drugs, known as

13   Code 1. The Motion to Dismiss sets forth that both complaints fail to state a claim for the

14   following reasons, *inter alia*:

15        •    First, the Complaints fail to plead any facts to plausibly support the FCA's strict

16   scienter—or, knowledge of falsity—element.

17        •    Second, the Complaints fail to allege with the requisite particularity any scheme to

18   defraud or to submit false claims.

19        •    Third, the Complaints fail to allege that Rite Aid made any express certifications

20   as part of the process through which claims are submitted.

21        •    Fourth, the Complaints' implied certification claims fail because they do not allege

22   any statements made by Rite Aid in any claims for payment that were rendered misleading by the

23   alleged failure to disclose the alleged non-compliance with Code 1.

24        •    Fifth, the Complaints fail to allege that the purported noncompliance with Code 1

25   regulations was "material" to the government's decisions to reimburse Rite Aid. No facts,

26   beyond mere conclusions, are alleged that the Department of Health Care Services ("DHCS")

27   would have refused these prescriptions, or refrained from taking some other authorized

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

4

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

administrative action, had it known of the purported non-compliance.

- Sixth, the Complaints fail to state a claim because it fails to allege any underlying Code 1 violations.

- Seventh, the State Complaint fails to state a claim for unjust enrichment, or payment by mistake.  Unjust enrichment is not itself an independent cause of action and should be dismissed on this ground alone.  Further, neither a claim for unjust enrichment or payment by mistake are available where, as here, there is an express written agreement between the parties.

- Finally, Relator lacks Article III standing.

The State's and Relator's oppositions to the Motion to Dismiss are due on February 23, 2018, and Rite Aid's reply brief is due on March 16, 2018 (Dkt. 98).  Rite Aid noticed its Motion to Dismiss for March 28, 2018 at 10:00 a.m. (Dkt. 100), the same date noticed for this Motion.

**C.    Relator Refuses to Join the Stipulation Between Rite Aid and the State Agreeing to a Qualified Stay of Discovery**

Counsel for Rite Aid has clearly and repeatedly expressed to Plaintiffs its position, based on ample authority, that discovery in FCA actions is improper unless and until the Court rules that Plaintiffs' complaints are pled in conformity with Rule 9(b) and thus denies Rite Aid's Rule 12(b)(6) Motion to Dismiss.  *See* Declaration of Tera M. Heintz ("Heintz Decl."), Ex. A (email correspondence reflecting negotiations regarding a stay of discovery), ¶2.

After continuing these negotiations for over two months, on February 5, 2018 Rite Aid and the State stipulated to a stay of discovery as between themselves, with the exception of certain limited procedures aimed at preventing the destruction of potentially relevant third-party medical records ("Stipulation") (Dkt. 108).  Relator refused to agree to the terms negotiated by Rite Aid and the State, necessitating this Motion to seek imposition of such a stay as between Relator and Rite Aid.  Heintz Decl., Ex A, ¶2.

**D.    Relator's Broad and Burdensome Requests for Production.**

While negotiations among the parties were ongoing regarding the terms of the Stipulation staying discovery, Relator served his First Request for Production of Documents to Rite Aid on January 26, 2018 ("Requests").  Heintz Decl., Ex. B.  Relator's Requests purport to impose a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

5

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1   seventeen-year "Relevant Time Period," from <u>December 17, 2000 to the present</u>, without any

2   showing of the claimed relevance of documents which pre-date the allegations in Plaintiffs'

3   complaints, which commence in 2007. *Id.* at 6. The Requests also seek voluminous document

4   discovery concerning the transactions identified by the State Complaint[4], in both hard-copy and

5   electronic formats, from Rite Aid's "individual Rite Aid stores." *Id.* at 7.

6   **III.   <u>ARGUMENT</u>**

7       **A.   <u>The Court's Wide Discretion to Stay Discovery</u>**

8         A district court may issue a protective order staying discovery on a showing of good cause

9   to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or

10  expense." Fed. R. Civ. P. 26(c).  Rule 26(c) provides district courts with broad discretion to stay

11  discovery pending the resolution of dispositive motions, including motions to dismiss.  *See, e.g.,*

12  *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (affirming stay of discovery because

13  pending Rule 12(b) motion did not raise factual issues); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th

14  Cir. 1987) (affirming stay of discovery pending disposition of motion to dismiss where no

15  "factual issues" raised by motion); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738

16  (9th Cir. 1987) (allowing discovery prior to amendment of complaint "**defies common sense**"

17  because "[t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal

18  sufficiency of complaints **without subjecting themselves to discovery**" and "is sounder practice

19  to determine whether there is any reasonable likelihood that plaintiffs can construct a claim

20  **before forcing the parties to undergo the expense of discovery**" (emphasis added)); *In re*

21  *Graphics Processing Units Antitrust Litigation*, No. C 06-07417 WHA, 2007 WL 2127577, at *2

22  (N.D.Cal. July 24, 2007) ("*GPU Antitrust Litigation*") (granting stay during pendency of motion

23  to dismiss where "adjudicating the motions to dismiss will shed light on the best course for

24  _____

25  [4] Prior to the entry of the stipulated stay of discovery as to Rite Aid and the State, the State had served
Early Rule 34 Requests for Production of Documents on Rite Aid, which includes a table listing over

26  1,500 separate transactions at dozens of Rite Aid retail locations spanning the course of seven years from
2007 to 2014. *See* Heintz Decl., Ex. C, at pp. 5-44. Relator's Requests seek to "piggy-back" off of the

27  State's listing to request <u>all</u> documents in Rite Aid's possession "concerning" these 1,500-plus
transactions.

28

6

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1    discovery"); *Modglin*, 2014 WL 12564275, at *2 ("a district court has broad discretion to stay

2    discovery pending resolution of a potentially dispositive motion"); *see also Little v. City of*

3    *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay of discovery which "furthers the goal of

4    efficiency for the court and litigants" and stating that "[t]he district court has wide discretion in

5    controlling discovery"); *accord Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003)

6    (affirming dismissal of FCA action and observing "there is no general right to discovery upon

7    filing of the complaint" to aid plaintiff in pleading a cause of action).

8           **B.**      <u>**The FCA Bars Relator From Conducting Discovery Before Plaintiffs State**</u>

9                  <u>**Their Claims With Particularity Under Rule 9(b).**</u>

10         In addition to the Court's broad discretionary powers to stay discovery, FCA precedent

11    <u>mandates</u> it in situations such as this case here. Thus, Rite Aid requests that this Court stay fact

12    discovery in this matter as between Relator and Rite Aid unless and until the Court rules that

13    Plaintiffs' pleadings have stated a claim under Rule 9(b) and the FCA—the threshold finding

14    raised by Rite Aid's pending Motion to Dismiss.  This request is fully supported by and

15    consistent with the nature and purposes of the FCA.  As Rite Aid's Motion to Dismiss sets forth,

16    the heightened pleading requirements of Rule 9(b) may not be "relax[ed]" or "jettison[ed]" by the

17    Court "because the FCA is geared primarily to **encourage insiders to disclose information**

18    **necessary to prevent fraud on the government**."  *Ebeid ex rel. United States v. Lungwitz*, 616

19    F.3d 993, 999 (9th Cir. 2010).  "'[Q]ui tam suits are meant to encourage *insiders privy to a fraud*

20    *on the government to blow the whistle on the crime*.' [] Because 'insiders privy to a fraud on the

21    government' should have adequate knowledge of the wrongdoing at issue, such insiders should be

22    able to comply with Rule 9(b)."  *Bly-Magee*, 236 F.3d at 1019 (quoting *Wang v. FMC Corp.*, 975

23    F.2d 1412, 1419 (9th Cir. 1992)) (internal citations omitted) (italics in original); *accord McCann*,

24    191 Cal. App. 4th at 906-07 ("[Q]ui tam actions are meant to encourage private whistleblowers,

25    uniquely armed with information about false claims, to come forward.  **These insiders should**

26    **have adequate knowledge of the fraudulent acts to comply with the pleading requirement**."

27    (emphasis added)).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

7

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1    The very purpose of the FCA would be frustrated were a relator seeking a substantial

2  statutory bounty allowed to proceed to discovery without <u>first</u> pleading particularly the elements

3  of an FCA violation, including, but not limited to, corporate scienter, materiality, and the details

4  of a fraudulent scheme to submit false claims to the government.  Thus, FCA authority holds that

5  a relator may proceed to discovery on his FCA claim only <u>after</u>—but not before—the Court has

6  determined that his complaint pleads his FCA claims with the requisite particularity under Rule

7  9(b). *See California ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 638, 639 (N.D. Cal. 1997)

8  (denying relator's request to "engage in formal discovery" after dismissal of complaint with leave

9  to amend because "one purpose of Rule 9(b) particularity requirements is to **inhibit the filing of**

10  **a complaint as a pretext for the discovery of unknown wrongs**. As with other claims alleging

11  fraudulent conduct, a claim for relief under the California **False Claims Act <u>requires</u> that the**

12  **plaintiff, <u>prior</u> to filing his claim, possess a reasonable belief based upon articulable facts**

13  **that a wrong has occurred.  <u>The claim itself cannot be used as a means for discovering that</u>**

14  <u>**wrong**</u>." (emphasis added)); *Modglin*, 2014 WL 12564275 at *2 ("California district courts have

15  found that it is proper in FCA cases where a motion to dismiss for failure to plead fraud with

16  particularity is pending to **stay discovery until the court has had the opportunity to decide**

17  **whether the complaint satisfies the heightened pleading requirements of Rule 9(b)**."

18  (emphasis added)); *East Bay Municipal Utility District v. Balfour Beatty Infrastructure, Inc.*, No.

19  13–cv–02032–WHO, 2013 WL 6698897, *9-10 (N.D. Cal. Dec. 19, 2013) (denying relator's

20  request to compel defendants' responses to discovery and staying further discovery because FCA

21  relators "**are not entitled** to take further discovery **until they file a complaint that complies**

22  **with Rule 9(b)**" (emphasis added)); *United States ex rel. Cericola v. Fed. Nat'l Mortg. Ass'n*, No.

23  CV-03-2294-GAF(VBKx), ECF No. 140, at 1-2 (C.D. Cal. Jul. 20, 2006) (granting motion to stay

24  discovery in FCA action "pending the Court's resolution of [defendant's] yet-to-be-filed motions

25  to strike and to dismiss the [complaint] . . . which may either dispose of the entire case or narrow

26  it significantly")[5]; *California ex rel. Omlansky v. Rite Aid Corp.*, No. 2013-00147471-CU-FR, at

27  ───────────────

28  [5] The court's order in *Cericola* is attached as Exhibit D to the Heintz Declaration.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

8

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1   *2-4 (Tentative Ruling, Item 2) (Cal. Super. Ct., Sacramento Cnty. June 8, 2017)[6] ("the Court

2   finds that based on the *unique nature of an FCA action*, Defendant has established good cause to

3   quash the PMK deposition notice issued by Relator and for a protective order staying discovery

4   until Relator's complaint survives demurrer . . . . [T]his is **not a typical civil action** and instead is

5   a **False Claims action subject to unique rules**. **A stay on discovery until a relator can**

6   **adequately plead a claim is <u>universally recognized</u>**." (italics in original) (bold and underline

7   added)).[7]

8          Courts across the nation are in agreement with this bedrock principle under the FCA. *See*,

9   *e.g.*, *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 230–31 (1st Cir.

10   2004) (holding that the FCA's goals "require a qui tam relator to specify the time, dates, places,

11   and identities of the individuals involved in the fraud . . . **at the time that the complaint is filed**

12   **and prior to any additional discovery** . . . . Thus, allowing a relator to **plead generally at the**

13   **outset and amend the complaint at the 12(b)(6) stage after discovery would be at odds with**

14   **the FCA's procedures** for filing a qui tam action and its protections for the government (which

15   is, of course, the real party in interest in a qui tam action)" (internal citations and quotations

16   omitted) (emphasis added)), *abrogation on other grounds recognized by United States ex rel.*

17   ───────────────

18   [6] The California Superior Court's tentative ruling in *Omlansky* is attached as Exhibit E to the Heintz Declaration. This tentative ruling was adopted as the court's final order without oral argument, as plaintiff there did not contest the ruling. *Id.* ("The minute order is effective immediately."); *id.* ¶6; *see also* Cal. R.

19   Ct. 3.1308 ("The tentative ruling will become the ruling of the court if the court has not directed oral argument by its tentative ruling and notice of intent to appear has not been given."); Sacramento Super. Ct.

20   L.R. 1.06(B) ("The tentative ruling shall become the ruling of the court, unless a party desiring to be heard so advises the department clerk no later than 4:00 p.m. on the court day preceding the hearing, and further

21   advises the clerk that such party has notified the other side of its intention to appear.").

22   [7] Rite Aid is aware of California district court cases, including in this District, which apply a two-factor

23   test in run-of-the-mill civil actions to determine whether a stay of discovery is warranted pending determination of a dispositive motion. *Cf. Salazar v. Honest Tea, Inc.*, No. 2-13-CV-02318-KJM-EFB,

24   2015 WL 6537813, at *2 (E.D. Cal. Oct. 28, 2015) (Mueller, J.) (denying motion to stay under first prong because there was no "immediate and clear possibility" that pending **summary judgment motion** would

25   dispose of the entire case.) However, California district courts have not utilized this generally-applicable standard in FCA cases, which establish a "bright-line" rule limiting a relator's right to commence

26   discovery during the pleading stage. *See Modglin*, 2014 WL 12564275, at *2. And, even should the Court apply this two-factor standard here, it is easily met upon review of the Relator Complaint here, which

27   has utterly failed to plead the "the who, what, when, where, and how" of any purported false claim made by Rite Aid. *Ebeid*, 616 F.3d at 998.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

9

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1   *Gagne v. City of Worcester*, 565 F.3d 140 (1st Cir. 2009); *United States ex rel. Russell v. Epic*

2   *Healthcare Mgmt. Grp.*, 193 F.3d 304, 309 (5th Cir. 1999) ("A special relaxing of Rule 9(b) is a

3   *qui tam* plaintiff's ticket to the discovery process that the statute itself does not contemplate"),

4   *abrogated on other grounds by United States ex rel. Eisenstein v. City of New York, New York*,

5   556 U.S. 928 (2009); *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 618 F.3d 505, 510

6   (6th Cir. 2010) (relator must plead his FCA claims in accordance with Rule 9(b) before he may

7   "proceed to discovery on a fraudulent scheme" (citations omitted)); *United States ex rel. Clausen*

8   *v. Lab. Corp. of Am.*, 290 F.3d 1301, 1313, n.24 (11th Cir. 2002) ("When a plaintiff does not

9   specifically plead the minimum elements of their [FCA] allegation, it **enables them to learn the**

10  **complaint's bare essentials through discovery and may <u>needlessly harm a defendants'</u>**

11  **<u>goodwill and reputation</u>** by bringing a suit that is, at best, missing some of its core

12  underpinnings, and, at worst, are baseless allegations used to extract settlements."); *Atkins*, 470

13  F.3d at 1359–60 (requiring relators to plead FCA claims with particularity <u>before</u> they "get[] a

14  ticket to the discovery process" is "especially important in light of the quasi-criminal nature of

15  FCA violations" and "relator's strong financial incentive to bring an FCA claim"); *United States*

16  *ex rel. Eberhard v. Physicians Choice Lab. Servs., LLC*, 642 F. App'x 547, 554 (6th Cir. 2016)

17  (affirming denial of relator's request to "authorize" discovery because "[t]he very purpose of

18  [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of the complaint

19  **without subjecting themselves to discovery**" and "the purpose of Rule 9(b)'s heightened

20  pleading standard is to **prevent 'fishing expeditions**.'" (emphasis added) (citations omitted));

21  *Yuhasz v. Brush Wellman, Inc.*, 181 F. Supp. 2d 785, 793 (N.D. Ohio 2001) (rejecting argument

22  that relator needed "facts" "exclusively within the defendant's possession" to plead his FCA

23  claim, and "caution[ing] that relaxing of Rule 9(b) is a relator's ticket to the discovery process

24  that the [FCA] itself does not contemplate" (citation omitted)), *aff'd*, 341 F.3d 559 (6th Cir. 2003);

25  *United States v. Ortho-McNeil Pharm., Inc.*, No. 03 C 8239, 2007 WL 2091185, at *5 (N.D. Ill.

26  July 20, 2007) (Rule 9(b) "does not tolerate" suits based upon "suspicion" that a defendant

27  engaged in misconduct "with the hope that discovery will unearth some specific FCA violation."

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

10

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1   (citation omitted)); *United States ex rel. Liotine v. CDW-Gov't, Inc.*, No. CIV. 05-033-DRH, 2009

2   WL 720958, at *1 (S.D. Ill. Mar. 18, 2009) (granting stay of discovery because "the purpose of

3   the heightened pleading requirement in a fraud case is frustrated by allowing a relator to make

4   vague claims of fraud, and then permitting him to engage in discovery in the hope of uncovering

5   enough specifics to adequately plead a case"); *United States ex rel. Bumbury v. Med-Care*

6   *Diabetic & Med. Supplies, Inc.*, No. 10-81634-CIV, 2014 WL 12284078, at *1–2 (S.D. Fla. June

7   17, 2014) (staying discovery where relator lacked "personal knowledge" of the "specific

8   examples" cited in her complaint, and which did not occur during her "brief employment" with

9   defendant, because "[a]n FCA defendant faces **exceptional harm** where a relator is permitted to

10  litigate without adequately establishing in the pleadings that the **relator has personal knowledge**

11  **of specific, non-publicly disclosed false claims** that are alleged to have defrauded the

12  Government." (emphasis added)).

13          This "strict requirement" ensures that relators—presumed insiders with specialized

14  knowledge of a defendant's business—possess facts sufficient to comply with Rule 9(b)'s

15  heightened pleading standard **before filing a complaint**, rather than merely filing a complaint in

16  hopes that some evidence of wrongdoing will be discovered in the future. *Eberhard*, 642 F.

17  App'x at 550. This rule applies with particular force here, where Relator was not employed by

18  Rite Aid at the time of any alleged "false" claims identified by the State Complaint (*see* Dkt. 75,

19  Appendix) and thus has no first-hand knowledge of such transactions or the relevant dispensing

20  practices at any identified Rite Aid pharmacy. Indeed, Relator himself pleads no facts at all

21  which allege any false claim made by Rite Aid, instead purporting to rely solely on the State

22  Complaint to shore-up his meager pleading (Dkt. 79, ¶ 2). Ultimately, this strict requirement in

23  FCA cases ensures that defendants are not unnecessarily subject to the expense and burden of

24  discovery, as well as to the consequential reputational harm from any fraudulent scheme relator

25  may attempt to allege, before a relator sufficiently pleads an FCA claim. *Clausen*, 290 F.3d at

26  1313.

27          This rule is particularly appropriate here where the State—who by statute has primary

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

11

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1   responsibility for prosecuting its state law claims, including any discovery procedures—has

2   already agreed to a generalized stay of discovery, with limited exceptions.   It is even more

3   appropriate where Relator here pleads a copy-cat complaint which attempts to boot-strap its

4   factual allegations almost entirely from the State Complaint—itself insufficient as a matter of

5   law.  Despite the State's broad intervention as to all allegations pertaining to alleged Code 1

6   regulatory violations, the Relator Complaint attempts to plead exactly the same alleged

7   wrongdoing as does the State Complaint.  *Compare* Dkt. 69 (State's notice of intervention as to

8   "alleg[ations] that Rite Aid […] knowingly and falsely submitted claims to the California

9   Medicaid Program ('Medi-Cal') relating to drugs identified with an '*' on the Medi-Cal contract

10  drug list ('Code 1 drugs')") *with* Dkt. 79, ¶ 21 ("According to Cal. Code Regs. 22 § 51313.3(b),

11  drugs marked with an '*' on the Medi-Cal contract drug list are called 'Code I' drugs, and may

12  not be reimbursed unless the conditions in the Medi-Cal formulary are met."), ¶ 29 ("Rite Aid has

13  knowingly submitted claims for Code I drugs in violation of the above rules…").  Relator's

14  insufficiently pled and entirely derivative allegations cannot be used as a means to proceed to the

15  discovery phase.

16          To the extent Relator argues he cannot plead a viable claim without seeking broad

17  discovery from Rite Aid, then the proper remedy is to dismiss his complaint. *See Modglin*, 2014

18  WL 12564275 at *2 (staying discovery pending resolution of motion to dismiss FCA claims

19  because "insiders privy to a fraud on the government should have adequate knowledge of the

20  wrongdoing at issue . . . to comply with Rule 9(b)"; and noting that "[o]ther courts have

21  **repeatedly refused** to allow *qui tam* relators to rely on **later discovery** to comply with Rule

22  9(b)'s pleading requirements" (emphasis added, citation omitted)). Relator's attempt to invert the

23  sequence required by the FCA—and thus side-step Rule 9(b)'s limiting function—by demanding

24  discovery from Rite Aid first, before the Court determines which, if any claims, comply with

25  Rule 9(b), is improper.  Fact discovery should be stayed at this time and until the Court, if ever,

26  determines that Plaintiffs have stated a proper claim under the FCA.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 95324493.6

12

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB

1    IV.    **CONCLUSION**

2            For the above reasons, Rite Aid requests the Court enter a protective order staying

3    discovery as between Relator and Rite Aid unless and until Plaintiffs' complaints survive a

4    motion to dismiss under Rule 9(b) and related FCA precedent.

5

6    Dated: February 23, 2018                    MORGAN, LEWIS & BOCKIUS LLP

7                                         By    */s/ Tera M. Heintz*

8                                                Tera M. Heintz

9                                                Attorneys for Defendant
                                                 RITE AID CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DB1/ 95324493.6

13

DEF. RITE AID CORP.'S MOTION TO STAY
DISCOVERY AS TO RELATOR PENDING
RESOLUTION OF MOTION TO DISMISS
Case No. 2:12-cv-01699-KJM-EFB