UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendants. | No. 2:12-cv-1699 KJM EFB<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

An initial scheduling conference was held in this case on March 23, 2018. Wm. Paul Lawrence and Charles Siegel appeared for plaintiff Loyd F. Schmuckley; Emmanuel Salazar, Vincent DiCarlo and Bernice Yew appeared for Intervenor Plaintiff State of California; Eric Sitarchuk and Tera Heintz appeared for defendant.

Having reviewed the parties' Joint Status Report filed on March 16, 2018, and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

I.  SERVICE OF PROCESS

The defendant has waived service of summons for the complaints of both plaintiffs. Service of any amended complaints or responsive pleadings shall comply with the applicable Federal Rules of Civil Procedure.

1

II.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

Upon the court's ruling on defendant's pending motion to dismiss, plaintiffs may file amended complaints. In its order on the motion to dismiss the court will provide further direction regarding the timing of such filings. As a general rule, the Federal Rules of Civil Procedure will govern the filing of pleadings and any amendments to pleadings.

III.    JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1367 and 31 U.S.C. § 3732(B). Jurisdiction and venue are not disputed.

IV.     DISCOVERY

A. Rite Aid has moved to stay discovery as to plaintiff until the court resolves the pending motion to dismiss plaintiff's fraud-based claims. Stay Mot., ECF No. 112; Dismissal Mot., ECF No. 100.

Plaintiff's fraud-based allegations are that Rite Aid submitted false reimbursement claims for "Code 1" drug prescriptions. First Am. Compl. ("FAC"), ECF No. 101, ¶¶ 3, 21. Specifically, plaintiff alleges Rite Aid violated California regulations that "explicitly state that the pharmacist must have documentation of the patient's diagnosis, in order for Medi-Cal to reimburse the prescription." *Id.* ¶ 24. The State of California has intervened under the California False Claims Act and alleged that Rite Aid failed to comply with "Code 1 restrictions." Complaint-in-Intervention, ECF No. 101, ¶¶ 4, 6. Plaintiff has incorporated by reference California's allegations. FAC ¶¶ 2, 37, 40, 43, 47, 50. After Rite Aid filed its motion to stay, Rite Aid and California filed a stipulation to stay discovery. ECF No. 108. Plaintiff, however, opposes the stay. Stay Opp'n, ECF No. 118. Plaintiff also confirmed at hearing that he would not join the stipulation. *See* Tr., ECF No. 126, 32-33.

District courts have broad discretion to grant or deny requests to stay discovery to avoid "annoyance, embarrassment, oppression, or undue burden or expense" pending dispositive motions. *See* Fed. R. Civ. P. 26(c); *see, e.g.*, *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). Rite Aid argues courts "in California and across the country have consistently ruled" to stay discovery by relators until those relators can sufficiently plead a False Claims Act claim under

Federal Rule of Civil Procedure 9(b). Stay Mot. at 8. In exercising this broad discretion, however, courts must weigh the possible damage that could result from granting a stay against the hardship or inequity a party may suffer in being required to go forward. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936)). "[I]f there is even a fair possibility that the stay for which he prays will work damage to someone else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255 (verbatim quote). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

Here, the possible damage a stay may cause outweighs the hardship or inequity Rite Aid may suffer if required to go forward. Specifically, as discussed at hearing, the court is concerned about data preservation during the proposed stay, which may affect third parties. *See* Tr. at 35-37. Counsel for California noted at hearing that according to its investigation, providers already are beginning to destroy relevant documents because providers' duty to preserve ends after seven years from the date of service. *See* Tr. at 36-37. This potential preservation issue constitutes a "fair possibility" that the stay could be damaging in a way that undermines the interests of justice. Rite Aid has not met its burden to state "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255l; *Clinton*, 520 U.S. at 708 (proponent of a stay must establish its need). This is particularly true considering plaintiff's discovery request to date is limited to a seven-paragraph request for production seeking "basic documents." Tr. at 31.

Accordingly, the balancing of interests here weighs against a stay. The court DENIES both the motion and the proposed stipulation that would otherwise effect a stay of discovery. This resolves ECF Nos. 108 and 112.

B. Phased Discovery

The court adopts the parties' request to conduct discovery in phases as set forth below.

/////

### 1. First Stage of Discovery - Statistical Sampling

Plaintiffs believe the total universe of paid Rite Aid claims for Code 1 diagnosis-restricted drugs from 2007 through 2014 is more than 490,000 claims. To prove Rite Aid's liability and damages, the plaintiffs will rely in part upon a statistically valid, random sample of approximately 1,904 claims for Code 1 diagnosis-restricted drugs and will use Rite Aid's pharmacy records, or the absence thereof, and the prescribers' medical records as the evidentiary basis from which an expert will extrapolate the total number of false claims in the universe of 490,000 claims, plus the total amount of damages believed to have been suffered by California and the United States.

As a result of its pre-intervention investigation, California's Complaint-in-Intervention identified 529 sample claims that plaintiffs allege to be false. As additional medical records were produced subsequent to the filing of California's Complaint-in-Intervention, California's Initial Disclosure, served on October 26, 2017, listed 548 false claims identified out of the full sample of 1,904 claims. California's Initial Disclosure included a CD that contains the pertinent pages of medical records for 438 of these 548 sample false claims and listed the prescribers from which the respective medical records were obtained and the prescribers' respective addresses and telephone numbers.

On October 26, 2017, California also served on Rite Aid its Early Rule 34 Requests for Production of Documents relating to 1,560 claims for which California had not been able to obtain Rite Aid's records. California's Initial Disclosure CD also contains a copy of litigation hold letters issued to third parties who, based on investigative guesswork, California identified as the potential prescribers who issued the prescriptions in connection with the additional 126 sample claims suspected thus far of having beneficiaries who did not have the Code 1 diagnosis restriction at the time of the drug dispensing.  On January 26, 2018, Relator served his First Request for Production of Documents requesting the same 1,560 prescription records that California requested, related Treatment Authorization Requests ("TARs") and any other documentation maintained by Rite Aid concerning the 1,560 prescriptions.  Relator also requested a copy of his Rite Aid personnel file and copies of all documents Rite Aid provided to

the United States or California during the investigation phase of the case prior to California's filing of its Complaint-in-intervention.

During the first phase of discovery, plaintiffs posit the parties should obtain and analyze all of Rite Aid's prescription records and all relevant third-party medical records concerning the statistical sample of 1,904 claims. California plans to subpoena medical records in connection with up to an additional 160 sample claims suspected of involving beneficiaries who did not have the qualifying condition at the time of dispensing. Plaintiffs maintained that Rite Aid is entitled and has the information and capability to issue its own medical-records subpoenas to support any of its potential defenses.

The court approves plaintiffs' proposal.

At the earliest feasible point during this stage of discovery, plaintiffs will make disclosures concerning their statistics experts and the design of the statistical sample so that Rite Aid can conduct discovery concerning the same. Rite Aid will file any motions directed toward the viability of the statistical sample during this stage of discovery so that preparation of the case for trial will not be significantly delayed if it becomes necessary to redraw the statistical sample.

As discussed at hearing, the court will entertain a more refined proposal for a motion to validate plaintiff's proposed statistical sampling methods, or an alternative proposal to such a motion. Tr. at 34-35. Proposals on this topic must be filed **within 30 days** of this order.

2. Second Stage of Discovery – All Other Discovery

During the second phase of discovery, the parties will pursue general discovery, including written discovery and depositions directed to Rite Aid's corporate policies and scienter, Rite Aid's written and deposition discovery directed to Relator and the 30(b)(6) representatives of California, disclosure of the reports of experts on subjects other than validity of the statistical sample, which will occur during the first phase of discovery, and depositions of experts other than statistics experts.

C. Schedule for Phased Discovery

Initial disclosures as required by Federal Rule of Civil Procedure 26(a) have been completed.

All first phase discovery shall be completed by **January 25, 2019;** second phase shall be completed by **May 24, 2019**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court. While the assigned magistrate judge reviews proposed discovery phase protective orders, requests to seal or redact are decided by Judge Mueller as discussed in more detail below. In addition, while the assigned magistrate judge handles discovery motions, the magistrate judge cannot change the schedule set in this order, except that the magistrate judge may modify a discovery cutoff to the extent such modification does not have the effect of requiring a change to the balance of the schedule.

V.  DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **March 15, 2019**. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B). By **April 18, 2019**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject. The supplemental designation shall be accompanied by a written report, which shall also comply with the conditions stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation). A party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give the bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation. All expert discovery shall be completed by **May 24, 2019.**

VI. MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be <u>heard no later than</u> **July 12, 2019.**[1] The parties may obtain available hearing dates by checking Judge Mueller's page on the court's website.

All purely legal issues are to be resolved by timely pretrial motions. Local Rule 230 governs the calendaring and procedures of civil motions; the following provisions also apply:

(a) The opposition and reply must be filed by 4:00 p.m. on the day due; and

(b) When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday. Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651, 652-53 (9th Cir. 1994).

---

[1] Note that this date may not correspond to a law and motion calendar date.

The court values the importance of training young attorneys. The parties are encouraged to consider assigning oral argument to a young attorney. If a written request for oral argument is filed before a hearing, stating an attorney of four or fewer years out of law school will argue the oral argument, then the court will ordinarily hold the hearing, although the court's schedule and calendar may require the hearing to be reset. Otherwise, the court may find it appropriate in some actions to submit a motion without oral argument.

The court places a page limit of twenty (20) pages on all moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made in writing at least fourteen (14) days prior to the filing of the motion.

Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Plaintiff's counsel should carefully evaluate the defendant's contentions as to deficiencies in the complaint and in many instances the party considering a motion should agree to any amendment that would cure a curable defect. Counsel should discuss the issues sufficiently so that if a motion of any kind is filed, including for summary judgment, the briefing is directed only to those substantive issues requiring resolution by the court. Counsel should resolve minor procedural or other non-substantive matters during the meet and confer. **A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts.**

<u>The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue</u>.

VII. <u>SEALING</u>

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge. All requests to seal or redact shall be

governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

## VIII. FURTHER SCHEDULING

The court will set a Final Pretrial Conference date after the resolution of any dispositive motions, or passage of the dispositive motion cutoff, with a trial date being determined at the pretrial conference. The parties should be prepared to confirm a trial date within 60 to 120 days from the date of the final pretrial conference, and should be available for trial accordingly.

## IX. SETTLEMENT CONFERENCE

No settlement conference is currently scheduled. A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request. In the event that an earlier court settlement conference date or referral to the Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in writing. Because the case will be tried to a jury, all parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at any Settlement Conference or to be fully authorized to settle the matter on any terms. Each judge has different requirements for the submission of settlement conference statements; the appropriate instructions will be sent to you after the settlement judge is assigned.

## X. MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court

upon a showing of good cause. Agreement of the parties by stipulation alone does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

As noted, the assigned magistrate judge is authorized to modify only the discovery dates shown above to the extent any such modification does not impact the balance of the schedule of the case.

XI. OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED: May 29, 2018.

UNITED STATES DISTRICT JUDGE