UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF CALIFORNIA, et al., *ex rel.* LOYD F. SCHMUCKLEY, JR., <br><br> Plaintiffs, <br><br> v. <br><br> RITE AID CORPORATION, <br><br> Defendant. | Case No. 2:12-cv-01699-KJM-EFB <br><br> ORDER |

This matter is before the court on defendant's motion for modification of the pretrial scheduling order. The motion was decided without a hearing and for the following reasons is GRANTED.

I.     BACKGROUND

After the initial pre-trial scheduling conference on March 23, 2018, the court issued the first pretrial scheduling order in this case, in which it divided discovery into two phases, with Phase I discovery focused on plaintiffs' statistical expert and the design of the statistical sample, and Phase II discovery encompassing all other issues. Status (Pretrial Scheduling) Order, ECF No. 128 at 5. The court directed the State and relator Loyd F. Schmuckley, Jr. ("Plaintiffs") and Rite Aid to submit "more refined proposal[s] for a motion to validate plaintiff's [sic] proposed statistical sampling methods, or an alternative proposal to such

1

a motion." *Id.* It also ordered that, "[a]t the earliest feasible point during this stage of discovery, plaintiffs will make disclosures concerning their statistics experts and the design of the statistical sample so that Rite Aid can conduct discovery concerning the same." *Id.* The parties filed a joint objection to the scheduling order, Objs., ECF No. 130, and later filed dueling proposed schedules for a motion to validate plaintiffs' proposed statistical sampling method, Pls.' Proposal, ECF No. 131; Def.'s Proposal, ECF No. 132. In their objections, the parties jointly proposed that the State would "disclos[e] [its] sampling design expert report and materials" on or before July 16, 2018. Objs. at 2. The parties did not agree on a deadline for Rite Aid's expert report disclosures, but Rite Aid proposed December 15, 2018, giving Rite Aid five months between receiving plaintiffs' expert materials and producing its own expert report. *See* ECF No. 132.

The State did not produce its statistical expert report until July 27, 2018. Pls.' Opp'n, ECF No. 160 at 3. This was eleven days after the parties' agreed upon date of July 16. *See* Objs. at 2. That same day, the State also produced the "claims universe," as part of its expert's materials, but in an anonymized format. *Id.* When Rite Aid requested the "raw," non-anonymized claims universe on which the expert had relied, the State refused to produce it unless Rite Aid signed the State's proposed confidentiality and data use agreement. Mot., ECF No. 148 at 7. The parties engaged in negotiations regarding that agreement, and ultimately stipulated to an addendum to the protective order on September 7, 2018, which was approved by the magistrate judge on September 11, 2018. ECF Nos. 135–36. That day, the State produced the non-anonymized claims universe Rite Aid had requested. Opp'n, ECF No. 160 at 5. On September 26, 2018 the court issued an order retroactively confirming the parties' proposed deadline of July 16, 2018, for plaintiffs' disclosure of its sampling methodology expert report and materials and adopting Rite Aid's proposed deadline for its statistical expert disclosures as December 15, 2018. ECF No. 137.

/////
/////
/////
/////

Rite Aid now moves to modify the pretrial scheduling order to extend the remaining pretrial deadlines[1] by two months. Mot. at 8. Plaintiffs have filed an opposition to the motion, ECF No. 160, and Rite Aid has filed a reply, ECF No. 163. For the following reasons, the court GRANTS Rite Aid's motion to modify the scheduling order.

II.    ANALYSIS

Once a court has scheduled a case, Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted] If the party was not diligent, the inquiry should end." *Id*.

Rite Aid argues that plaintiffs' delay in producing the statistical expert materials, especially the raw claims universe, constitutes good cause to modify the scheduling order to allow Rite Aid more time to conduct discovery relevant to the state's statistical expert report. *See generally* Mot. Rite Aid contends that it needed the raw claims universe, specifically the Medi-Cal beneficiary identification numbers (BICs) and social security numbers (SSNs) that were initially omitted in the anonymized claims universe, in order to subpoena the Department of Health Care Services (DHCS) to request information regarding DHCS personnel's involvement in

---

[1] Specifically Rite Aid requests a two-month extension of the deadlines for: defendant's disclosure of sampling methodology expert report and materials; last day to depose defendant's sampling methodology and statistical expert; defendant's motion challenging plaintiffs' sampling methodology and design; plaintiffs' opposition brief; defendant's reply brief; hearing on motion (challenging plaintiffs' sampling methodology and statistical expert); first phase of discovery completed; second phase of discovery completed; expert disclosures (other than sampling methodology/design); rebuttal expert disclosures (other than sampling methodology/design); expert discovery completed.

3

the sampling process. Mot. at 4, 10. Rite Aid argues it was diligent in attempting to meet the Phase I deadlines, because it subpoenaed DHCS on September 19, 2018, eight days after it received the raw claims universe from plaintiffs. *See* Reply, ECF No. 163 at 6. Plaintiffs do not dispute this fact. Rite Aid argues that it will not be able to meet the December 15 deadline, despite this diligence, in part because "outside counsel for DHCS . . . informed Rite Aid for the first time on October 16, 2018, that DHCS claims to have no knowledge of the selection process or methodology used to create the 1,904 Sample upon which Plaintiffs base their allegations here, and to which discovery is aimed during Phase I discovery . . . ." Mot. at 9. The role of DHCS remains in dispute. *See* Reply at 6 ("[T]he State has made contradictory assertions regarding whether the persons involved in creating the sample sets and claims universes are even DHCS employees at all.") (citing Eagan Decl., Ex. F, ECF No. 154-7 at 8–10); *cf.* Opp'n at 4 ("In California Expert Report No. 1, paragraphs 12 to 21, and California's Responses to Rite Aid's Interrogatory Nos. 1 and 2, California explained the sampling methodology and design, as well as identified the personnel from DHCS and the U.S. Attorney's Office, who, one way or another, were involved therein."). Nonetheless, Rite Aid argues that it must now subpoena the U.S. Attorney's Office for the Eastern District of California (USAO) for information regarding their involvement in the sample as well, because DHCS claims to have no knowledge of the selection process or methodology used to create the sample used by plaintiffs. Mot. at 9. Rite Aid states that its efforts to engage with USDOJ are "ongoing at this time,"[2] and predicts this discovery will delay its expert report. *Id.*

Plaintiffs argue Rite Aid has not been diligent in conducting discovery, because it could have subpoenaed DHCS as least as early as January 2018, as Rite Aid "had to have" the Medi-Cal beneficiary identification numbers or SSNs of beneficiaries "when it submitted the 1,904 sampled pharmacy claims to DHCS for payments" between 2007 and 2014. Opp'n at 9;

---

[2] Rite Aid appears to be using USDOJ and USAO or U.S. Attorney's Office for the Eastern District of California interchangeably, though the latter is a branch of the former. In its motion, Rite Aid states that, because DHCS claims to have no knowledge of the selection process or methodology used to create the sample, it is "currently forced to subpoena the USDOJ for any knowledge it has regarding the sampling methodology and selection procedure." Mot. at 9. However, in its reply, it identifies the need to subpoena the U.S. Attorney's Office for the information it cannot get from DHCS, and notes that it is currently in discussions with that office. Reply at 7-8. The court assumes, based on the context, that Rite Aid intended to refer to the same organization when it references these two agencies.

4

State of California's Complaint-in-Intervention, ECF No. 75 at ¶ 6. Moreover, plaintiffs point out that DHCS ultimately agreed, in September 2018, to accept Rite Aid's subpoena without the BICs or SSNs. *Id.* (citing Salazar Decl., ¶ 10 & Ex. K, ECF No. 159-11 (email exchange between DHCS in-house counsel and Rite Aid's counsel regarding service of third-party subpoenas)). Plaintiffs do not address Rite Aid's argument that it learned only in October 2018 that DHCS claims to have no knowledge of the relevant selection process or methodology, or Rite Aid's stated plan to pursue discovery from the U.S. Attorney's Office on the subject.[3] Mot. at 9.

The court finds that Rite Aid was sufficiently diligent in pursuing discovery related to the validity of the statistical methods of plaintiff's expert, because it promptly subpoenaed DHCS once it obtained the raw claims universe, complete with BICs and SSNs. While the record raises a question whether DHCS actually required the BICs or SSNs, *see* Opp'n at 9 (citing (citing Salazar Decl., ¶ 10 & Ex. K)), the DHCS website does state that any subpoenas must have a BIC or an SSN associated with the record sought. *See* Eagan Decl. ¶ 16 & n.3 (citing https://www.dhcs.ca.gov/formsandpubs/laws/Pages/Service-of-Process.aspx).[5] Therefore, it was reasonable for Rite Aid to believe it was required to include BICs and/or SSNs in any subpoena of DHCS. Additionally, though Rite Aid's own records may contain the BICs or SSNs, it would have been unduly burdensome for Rite Aid to search its own records for each individual and identify a match to the corresponding beneficiary used in the sample when the sample contains 1,904 beneficiaries and the state's proposed "universe" contained 498,000 beneficiaries. *See* Mot. at 7 n.2. Moreover, Rite Aid has been diligent in pursuing the needed information from the USAO, once it was informed that DHCS claimed it did not have access to it. *See* Reply at 7-8.

The prejudice to plaintiffs of an extension is minimal, and therefore does not change the court's conclusion. *See Johnson*, 975 F.2d at 609. First, Plaintiffs argue they are prejudiced by Rite Aid's position that it will "move to strike any additional or supplemental expert report by California's expert on sampling methodology and design, including any that

---

[3] However, Rite Aid knew at least one individual at the USAO was involved in the creation of the sample earlier than October 2018, because California named David Poulson in its response to defendants' interrogatories. *See* ECF 154-7 at 9.

[5] To the extent it is necessary, the court takes judicial notice *sua sponte* of the fact that, as of December 8, 2018, the DHCS website states that any subpoenas must have a BIC or an SSN associated with the record sought.

address issues beside [sic] sampling methodology and design, evidence gathered from Rite Aid's Phase 2 discovery relating to California's 30(b)(6) witnesses, or the opinion of Rite Aid's statistical expert based on such newly discovered evidence." Opp'n at 10 (citing Salazar Decl., ¶ 18). The potential that Rite Aid may move to strike a supplemental report does not mean it will be successful in doing so; any future motion will be considered on the merits with full briefing at the appropriate time.

Second, plaintiffs argue they will suffer prejudice because "Rite Aid's injection of laborious Phase 2 discovery during Phase 1 discovery has taken and further will take enormous time away from Plaintiffs in 'obtain[ing] and analyz[ing] all of Rite Aid's prescription records and all relevant third-party medical records concerning the statistical sample of 1,904 claims." Opp'n at 11 (citing Salazar Decl., ¶ 19). Any past disadvantage plaintiffs have suffered from Rite Aid's conduct of Phase II discovery during Phase I could have been addressed by bringing a focused discovery dispute to the assigned magistrate judge, and is not relevant to whether plaintiffs will suffer prejudice if the court modifies the scheduling order going forward.

Given the importance of the sampling issue to the resolution of the case, and the moderate length of the extension requested, any prejudice to plaintiffs does not outweigh Rite Aid's need for the modification to the scheduling order.

For the foregoing reasons, the court finds that Rite Aid has established good cause to modify the scheduling order proposed in its motion. Therefore, the court hereby ORDERS that the schedule for the case will proceed as follows:

| Event | Previous Amended Date (ECF No. 137) | Modified Date |
|---|---|---|
| Defendant's Disclosure of Sampling Methodology Expert Report and Materials | 12/15/2018 | **2/15/2019** |
| Last Day to Depose Defendant's Sampling Methodology and Statistical Expert | 1/31/2019 | **3/29/2019** |
| Defendant's Motion Challenging | 2/1/2019 | **4/1/2019** |

6

| | | |
|---|---|---|
| Plaintiffs' Sampling Methodology and Design | | |
| Plaintiffs' Opposition Brief | 3/1/2019 | **5/1/2019** |
| Defendant's Reply Brief | 3/22/2019 | **5/22/2019** |
| Hearing on Motion | 4/5/2019 at 10:00 A.M. in Courtroom No. 3 | **6/14/2019 at 10:00 A.M. in Courtroom No. 3[6]** |
| First Phase of Discovery Completed | 4/26/2019 | **6/26/2019** |
| Second Phase of Discovery Completed | 8/23/2019 | **10/23/2019** |
| Expert disclosures (other than sampling methodology/design) | 9/23/2019 | **11/22/2019** |
| Rebuttal expert disclosures (other than sampling methodology/design) | 11/19/2019 | **1/20/2020** |
| Expert Discovery Completed | 4/10/2020 at 10:00 A.M. in Courtroom No. 3. | **6/12/2020 at 10 A.M. in Courtroom No. 3** |

IT IS SO ORDERED.

DATED: December 12, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[6] Rite Aid's proposed date is June 7, 2019; however, the court will not be hearing motions on that date. June 14, 2019 is the court's next available date to hear motions.