MORGAN, LEWIS & BOCKIUS LLP
ERIC W. SITARCHUK, Admitted *pro hac vice*
 eric.sitarchuk@morganlewis.com
KELLY A. MOORE, Admitted *pro hac vice*
 kelly.moore@morganlewis.com
BENJAMIN P. SMITH, Bar No. 197551
 benjamin.smith@morganlewis.com
TERA M. HEINTZ, Bar No. 241414
 tera.heintz@morganlewis.com
MICHAEL Q. EAGAN, JR., Bar No. 275823
 michael.eagan@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000; Fax: +1.415.442.1001

Attorneys for Defendant
RITE AID CORPORATION

*(Additional counsel listed on signature page.)*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF CALIFORNIA, et al., ex rel. LLOYD F. SCHMUCKLEY, JR.<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION,<br><br>Defendant. | Case No.: 2:12-cv-1699 KJM EFB<br><br>**JOINT STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER; [PROPOSED] ORDER THEREON**<br><br>Complaint Filed: September 21, 2017 |
| STATE OF CALIFORNIA *ex rel*. LLOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>Vs.<br><br>RITE AID CORPORATION,<br><br>Defendant. | |

1. PURPOSES AND LIMITATIONS

Pursuant to Local Rule 141.1, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). Pursuant to Local Rule 141.1(c), the Parties anticipate that the types of information eligible for protection under the Order, should it be entered, include, but may not be limited to:

- the confidential and proprietary documents of Parties, as defined herein, that contain and/or reflect internal practices, procedures, policies and/or operational details, proprietary computer systems, bonus and compensation structures, and training materials on pharmacy technology and workflow that are currently non-public, that the public disclosure thereof would subject such a Party to prejudice in the form of a loss of competitive advantage over industry competitors and/or would disclose the non-public internal controls and safeguards meant to ensure the safe, lawful and private dispensing of prescription drugs;
- the confidential and proprietary documents of Parties, as defined herein, that contain and/or reflect documents and information, such as personnel files, relating to the employment of certain individuals, including but not limited to the Relator in this action Loyd F. Schmuckley, Jr., that the public disclosure thereof might constitute a potential violation of such individual's privacy rights including, but not limited to, those established by Article I, Section 1 of the California Constitution;
- the confidential and proprietary documents of Non-Parties, as defined herein and including but not limited to certain governmental entities, that contain and/or reflect internal practices, procedures, policies and/or operational details concerning the auditing, review, assessment and adjudication of pharmacy claims submitted to governmental health entities that are currently non-public, that the public disclosure thereof would subject such a Non-Party to prejudice in the form of disclosure of sensitive and non-public investigatory tools, practices

1 and procedures;

The Parties contend that the need for protection should be addressed by an Order of the Court, rather than a private agreement among the Parties, because the terms hereof establish deadlines and procedures for an appropriate Party, as set forth herein, to seek the intervention of the Court should a meet and confer regarding a challenged designation fail to resolve a dispute. Further, the entry of an Order by the Court may provide assurance to address the concerns of Non-Parties, such as certain governmental entities whose confidential internal documents will be potentially relevant to this litigation, that the terms of this Order to protect such confidential documents will be enforced subject to the oversight of the Court rather than merely the Parties to this matter.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle any Party to file confidential information under seal; Federal Rule of Civil Procedure 5.2(d), Local Rules 141 and 141.1(e), and the Court's Standing Order [ECF No. 78-1] set forth the procedures that must be followed and the standards that will be applied regarding the filing of motions to seal.

2. DEFINITIONS

    2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter or during the pre-intervention investigation phase of this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>House Counsel</u>: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10 <u>Party</u>: any party to this action, including any subsidiaries, parents, successors-in-interest and/or predecessors-in-interest thereof, and including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "PROPRIETARY" and/or "CONFIDENTIAL," and excluding those that qualify within the scope of (i), (ii) or (iii) of paragraph 14.

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within

the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. However, the Parties expressly reserve the right to oppose or challenge on grounds of waiver any attempt to correct any failure to designate as Protected Material any Disclosure or Discovery Material produced prior to filing of the State of California's Complaint-in-Intervention [ECF No. 75]. Upon timely correction of an inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (including voice to voice dialogue, when other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3  Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a notice of motion to retain confidentiality pursuant to the terms and procedures of Local Rules 251 and 302 (and in compliance with Local Rules 141 and 141.1(e), if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Such deadlines may be reasonably extended pursuant to the agreement of the Parties.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has

obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 *Right to Further Relief*. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 *Right to Assert Other Objections*. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order. The Parties expressly reserve the right to oppose or challenge on grounds of waiver any attempt to modify any failure to designate as Protected Material any Disclosure or Discovery Material produced prior to filing of the State of California's Complaint-in-Intervention [ECF No. 75].

12.3 <u>Filing Protected Material</u>. Pursuant to the Court's Standing Order [ECF No. 78-1], a Party that seeks to file with the Court any Protected Material must provide sufficient notice before the scheduled filing to the Designating Party. Such notice shall identify by Bates number the specific Protected Material sought to be filed. Local Rules 140, 141 and 141.1(e), and the Court's Standing Order [ECF No. 78-1] govern the applicable procedure for a Designating Party to request to seal any Protected Material.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14. <u>EFFECT ON ANY PRIOR AGREEMENTS AND/OR ORDERS</u>

Nothing in this Order shall be construed or deemed to modify the terms of the Stipulated HIPAA Qualified Protective Order [ECF No. 109] or the Addendum thereto [ECF No. 136] entered in this action regarding the treatment and protection of Personal Health Information ("PHI") and Personally Identifying Information ("PII"), as those terms are defined therein.

Nothing in this Order shall be construed or deemed to modify the terms of the following agreements: (1) Confidentiality and Nondisclosure Agreement dated November 25, 2013 entered into by and between Rite Aid Corporation (referred to as "Rite Aid, Inc." in the agreement, hereinafter "Rite Aid") and the United States Attorney's Office for the Eastern District of California; (2) Confidentiality and Non-Disclosure Agreement dated July 13, 2014 entered into by and between Rite Aid (also referred to as "Rite Aid, Inc." in the agreement) and the California Attorney General's Office, by and through the Bureau of Medi-Cal Fraud and Elder Abuse ("Bureau" or the "State"), or (3) Agreement on Confidential Information dated April 23, 2015 entered into by and between Rite Aid (also referred to as "Rite Aid, Inc." in the agreement) and the Bureau (collectively, "Prior Agreements"). In the event of any conflict between the terms of this Order and any of the Prior Agreements in connection with the procedure for a Party to designate purported Protected Material, or the procedure for a Party to challenge such designations of purported Protected Material, the terms of this Order shall prevail. However, Rite Aid shall not seek to enlarge or broaden the scope of purported Protected Material identified during the pre-intervention investigation beyond that which was set forth according to the terms of the Prior Agreements without a showing made during good faith meet and confer discussions demonstrating specific good cause and necessity for such a designation to be made.

Further, (i) any Disclosure or Discovery Materials produced by Rite Aid during the State's pre-intervention investigation that was not designated as "PROPRIETARY AND CONFIDENTIAL" under any of the Prior Agreements, (ii) any Disclosure or Discovery Materials which are quoted or presented in substantially complete form within the State's Complaint-in-Intervention, and/or (iii) any Disclosure or Discovery Material that was previously released from a designation of "Proprietary", "Confidential", and/or "PROPRIETARY AND CONFIDENTIAL" in writing between Rite Aid and the State, shall not be designated or re-designated as "Proprietary" and/or "Confidential" by Rite Aid and shall not be Protected Material under the terms of this Order. Following entry of this Order, the Parties shall meet and confer in good faith to identify with specificity all such documents falling within categories (i), (ii) and (iii) in this

paragraph, and shall attempt to resolve in good faith any and all disputes that may arise from such conferences before seeking Court intervention under the terms of this Order.

The Parties otherwise explicitly reserve any and all rights to designate, and/or challenge the designation of, any Disclosure or Discovery materials under the terms of this Order.

15. EXEMPTION FROM FREEDOM OF INFORMATION ACT

The Parties agree and hereby stipulate that any Protected Material shall be deemed presumptively exempt from disclosure under Exemption 4 of the Freedom of Information Act ("FOIA") (*see* 45 C.F.R. § 5.65). The Parties agree that, pursuant to the applicable laws and regulations, in the event that any private Non-Party under FOIA seeks disclosure of, or access to, the Protected Material of a Disclosing Party, such Disclosing Party shall be: (1) notified in advance in accordance with 45 C.F.R. § 5.65(d); and (2) given opportunity to object to any such disclosure or grant of access. The court does not make any findings as to any such objection or whether the information should be disclosed. That question, if and when it arises, should be resolved according to the procedures under FOIA.

16. OBJECTIONS TO DISCOVERY NOT COVERED

This Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude any Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

17. MODIFICATION OF PROTECTIVE ORDER

This Order is without prejudice to the right of any Party or Non-Party to seek further protection and/or relief from the Court, upon good cause shown, with respect to any of the provisions hereof.

///
///
///
///

14
JOINT STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER;
[PROPOSED] ORDER THEREON
CASE NO.: 2:12-CV-1699 KJM EFB
DB1/ 94645926.2

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 26, 2018    By    */s/ Emmanuel R. Salazar*
                                   *(as authorized on 12/26/2018)*
                                   Emmanuel R. Salazar, State Bar No. 240794
                                   Deputy Attorney General
                                   2329 Gateway Oaks Drive, Suite 200
                                   Sacramento, CA 95833-4252
                                   Telephone: (916) 621-1835
                                   Fax: (916) 274-2949
                                   E-mail: Emmanuel.Salazar@doj.ca.gov

                                   Attorneys for STATE OF CALIFORNIA

Dated: December 26, 2018    WATERS & KRAUS, LLP

                            By    */s/ Wm. Paul Lawrence, II*
                                   *(as authorized on 12/26/2018)*
                                   Wm. Paul Lawrence, II (*Pro hac vice*)
                                   Washington D.C. Metro Office
                                   37163 Mountville Road
                                   Middleburg, VA 20117
                                   Telephone: (540) 687-6999
                                   Fax: (540) 687-5457
                                   E-mail: plawrence@waterskraus.com

                                   BARTLETT BARROW LLP
                                   Brian P. Barrow, State Bar No. 177906
                                   225 S. Lake Avenue, Suite 300
                                   Pasadena, California 91101
                                   Telephone: (626) 432-7234
                                   brian@bartlettbarrow.com

                                   Attorneys for *Qui Tam* Plaintiff
                                   LOYD F. SCHMUCKLEY, JR.

Dated: December 26, 2018    MORGAN, LEWIS & BOCKIUS LLP

                            By    */s/ Michael Q. Eagan, Jr.*
                                   Michael Q. Eagan, Jr., State Bar No. 275823

                                   Attorneys for Defendant
                                   RITE AID CORPORATION

---
15
JOINT STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER;
[~~PROPOSED~~] ORDER THEREON
CASE NO.: 2:12-CV-1699 KJM EFB

DB1/ 94645926.2

1 | PURSUANT TO STIPULATION, IT IS SO ORDERED.
2 |
3 | DATED: January 14, 2019.
4 | *(signature)*
  | EDMUND F. BRENNAN
  | UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____, 2018 in the case of *United States of America and the State of California ex rel. Loyd F. Schmuckley, Jr. v. Rite Aid Corp.*, Case No. 2:12-cv-01699-KJM-EFB [ECF No. __]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____