| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF CALIFORNIA, et al., ex rel LOYD F. SCHMUCKLEY, JR., | No. 2:12-cv-1699-KJM-EFB |
| Plaintiffs, | ORDER |
| v. | |
| RITE AID CORPORATION, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Before the court is defendant Rite Aid Corporation's unopposed request to redact and seal material contained within its expert report, which Rite Aid seeks to attach as an exhibit to the Declaration of Michael Q. Eagan, Jr. in support of Rite Aid's Motion to Exclude Plaintiff's Proposed Sampling Methodology ("Motion to Exclude"). *See* Notice of Req. to Seal ("Notice"), ECF No. 194. For the foregoing reasons, the court GRANTS the request to seal.

I.     LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) (footnotes omitted). Because "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly

1

justifiable reasons: to protect against "gratif[ication of] private spite or promot[ion of] public scandal," or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id.* at 598 (citations omitted). As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136). The compelling-reasons standard applies even if the contents of the dispositive motion or its attachments have previously been filed under seal or are covered by a generalized protective order, including a discovery phase protective order. *See Foltz*, 331 F.3d at 1136 (citation omitted).

"The Ninth Circuit has determined that the public's interest in non-dispositive motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate 'good cause' to justify sealing." *Williams v. U.S. Bank Nat. Ass'n*, 290 F.R.D. 600, 604 (E.D. Cal. 2013) (*quoting Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result" if the sealing request is denied. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." Local Rule 140(a)(vi) provides for redaction, by "counsel and the Court . . . . when federal law *requires* redaction." L.R. 140(a)(vi) (emphasis in original). Moreover, redaction is appropriate to protect "proprietary or trade secret information." L.R. 140(b). The court's own Standing Order emphasizes the requirement that parties comply with the law and the rules in making any sealing request, which they should do lightly and only rarely if at all. ECF No. 6-1 at ¶ 10.

II. <u>DISCUSSION</u>

Defendant Rite Aid Corporation (Rite Aid) "seeks leave to file a <u>minimally redacted</u> version of the [Dr. Roy J.] Epstein report in the public file, while [lodging] the <u>unredacted</u> Epstein Report with the Court under seal" in order to protect the personal health information (PHI) of certain Medi-Cal beneficiaries. Notice at 2 (emphases in original). Rite Aid further seeks leave to redact "images of Rite Aid's proprietary internal computer system" to protect proprietary information. *Id.* at 3. Rite Aid seeks to redact and seal the documents as attachments to its Motion to Exclude Plaintiffs' Proposed Sampling Methodology, ECF No. 195, which, given the importance of the methodology to plaintiffs' case, is properly considered a dispositive motion. *See Open Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014) (*Daubert* motions considered dispositive because "aimed squarely at the other side's damages methodology" and "exclusion of this testimony could cause a crippling blow to the sponsoring party's ability to prove its case"); *AFL Telecommunications LLC v. SurplusEQ.com Inc.*, 946 F. Supp. 2d 928, 946 (D. Ariz. 2013) (motion to exclude expert opinions considered dispositive motion for sealing purposes); *but see Albee v. Cont'l Tire N. Am.*, No. CIV. S-09-1145, 2010 WL 5418885, at *1 (E.D. Cal. Dec. 23, 2010) (motion to exclude

plaintiff's tire expert considered non-dispositive motion for sealing analysis). Thus, the compelling-reasons standard applies.

A. Personal Health Information (PHI)

Rite Aid correctly asserts that "PHI of Medi-Cal beneficiaries is prohibited from public disclosure under the Health Insurance Portability and Accountability Act of 1996 (HIPPA)." Notice at 2 (emphasis in original); *see* 45 C.F.R. § 164.502.[1] Thus, federal law requires redaction of the PHI of Medi-Cal beneficiaries in the Epstein Report, and therefore redaction is permitted under the local rules. *See* L.R. 140(a)(vi) ("Redact when federal law *requires* redaction" (emphasis in original)). Further, Rite Aid's request complies with the requirements of Local Rule 141(b), and the redactions appear to be narrowly tailored to cover only the PHI. Therefore, Rite Aid has established a compelling reason for redacting the PHI in the Epstein report, and the request to redact the PHI information is GRANTED.

B. Proprietary Information

Additionally, Rite Aid seeks to redact "images of Rite Aid's proprietary internal computer system." *Id.* at 3. Redaction is appropriate where disclosure compromises "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598 (citations omitted). The images of the computer system contain business information related to Rite Aid's "dispensing drugs and maintaining customer prescription records." Notice at 3. From the court's review of the unredacted version of the report, the screenshots Rite Aid wishes to redact do contain "detailed, non-public information" regarding Rite Aid's "internal data systems, processes, and practices," *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *1 (N.D. Cal. 2013), consisting primarily of the layout, organization, and content of Rite Aid's "internal computer system for dispensing drugs and maintaining customer prescription records," Notice at 3. In its Request to Seal, Rite Aid sufficiently explains the proprietary nature of the computer system and the potential competitive harm from public disclosure of the

---

[1] "A covered entity or business associate may not use or disclose protected health information, except as permitted or required by this subpart or by subpart C of part 160 of this subchapter. . . . ."

4

screenshots, such that the court finds there are compelling reasons to redact the images. *See Esquivel v. Bank of Am., N.A.*, No. 2:12-CV-02502-GEB, 2015 WL 4224712, at *4 (E.D. Cal. July 10, 2015) (compelling reasons existed to seal exhibit where public dissemination "may allow Defendants' competitors to reap the benefit of the [content] without having to incur the costs associated with developing the[m]" (citation omitted)). Rite Aid's request to redact the screenshots of its computer system is GRANTED.

III. CONCLUSION

Rite Aid's unopposed request to file the redacted Epstein Report on the docket and file the unredacted report with the court under seal is GRANTED. Accordingly, the Clerk will file the unredacted version of the document under seal, and defendant shall file the redacted version on the docket within seven (7) days. *See* L.R. 141(e)(2)(i).

IT IS SO ORDERED.

DATED: April 29, 2019.

_____
UNITED STATES DISTRICT JUDGE