MORGAN, LEWIS & BOCKIUS LLP
ERIC W. SITARCHUK, Admitted *pro hac vice*
 eric.sitarchuk@morganlewis.com
KELLY A. MOORE, Admitted *pro hac vice*
 kelly.moore@morganlewis.com
BENJAMIN P. SMITH, Bar No. 197551
 benjamin.smith@morganlewis.com
MICHAEL Q. EAGAN, Jr., Bar No. 275823
 michael.eagan@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel: +1.415.442.1000; Fax: +1.415.442.1001

Attorneys for Defendant
RITE AID CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, et al., *ex rel.* LOYD F. SCHMUCKLEY, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> RITE AID CORPORATION, <br><br> Defendant. | Case No. 2:12-cv-01699-KJM-EFB <br><br> **DEFENDANT RITE AID CORPORATION'S NOTICE OF MOTION AND MOTION TO EXCLUDE AND STRIKE UNTIMELY EVIDENCE AND EXPERT OPINION SUBMITTED WITH PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' PROPOSED SAMPLING METHODOLOGY** <br><br> [Fed. R. Civ. P. 26, 37] <br><br> [E.C.F. Nos.  195, 204, 205] |
| STATE OF CALIFORNIA, *ex rel.* LOYD F. SCHMUCKLEY, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> RITE AID CORPORATION, <br><br> Defendant. | Date:        June 28, 2019 <br><br> Time:        10:00 A.M. <br><br> Dept.:        Courtroom 3 |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. RITE AID CORP.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil Procedure ("Rule") 26 and 37, as well as the Court's orders [*see*, *e.g.*, ECF Nos. 128, 137] and inherent powers, on June 28, 2019 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled Court, located at 501 I Street, 15th Floor, Sacramento, CA 95814, Defendant Rite Aid Corporation ("Rite Aid" or "Defendant"), by through its attorneys of record, will and does hereby move this Court for an order striking and excluding the declarations of Grant Lien [ECF No. 204-14], Marilyn Meixner [ECF No. 204-5], Marco Gonzales [ECF No. 204-15], and Bernice L. Louie Yew [ECF No. 204-17] submitted by the State of California ("State") in support of the State's Opposition to Rite Aid Corporation's Motion to Exclude Sampling Methodology, dated May 15, 2019 [ECF No. 202] as untimely-produced evidence and undisclosed expert opinion.

Rite Aid bases this Motion upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed Declaration of Michael Q. Eagan, Jr. ("Eagan Decl."), and the attached exhibits, any reply filed in support of this Motion, oral argument of counsel at the hearing, the files and records in this action, and upon such other matters as may be presented to the Court at, or prior to, the hearing of this Motion.

Dated: May 31, 2019                    MORGAN, LEWIS & BOCKIUS LLP

                                       By    */s/ Benjamin P. Smith*
                                              Benjamin P. Smith

                                       Attorneys for Defendant
                                       RITE AID CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Rite Aid Corporation ("Defendant" or "Rite Aid") submits this Memorandum of Points and Authorities in Support of its Motion to Exclude and Strike Untimely-Produced and Undisclosed Evidence and Expert Opinion submitted by the State of California ("State").

The Court's May 2018 status order required the State to disclose its sampling expert opinions and all information regarding the design of the State's statistical samples "at the earliest feasible point." ECF No. 128 at 5.  Rite Aid's June 2018 discovery requests similarly sought all such information and documents related thereto.  Yet, the State waited until May 15, 2019—the date of filing of its opposition to Rite Aid's Motion to Exclude the Plaintiffs' Proposed Sampling Methodology ("Sampling Motion")—to provide previously-undisclosed information regarding the design of the State's claims universes and statistical samples.  Specifically, the State submitted declarations from four witnesses, including a self-professed expert on "health informatics," purporting to describe the means by which the State collected Medi-Cal claims data created its various samples.

The State's proffer is in direct response to the criticisms by Rite Aid and its expert that the State has failed to comply with total survey design principles, and has not provided any legitimate reason why its various claims universes and resulting samples lack representativeness (including, for example, the fact that just 3 drugs make up 87% of the State's Symmetry universe).  *See* Sampling Motion, ECF No. 195 at 13, n.8.  The State concedes the defects in its July 2018 disclosures to Rite Aids by now belatedly proffering declarations regarding the "methodology" for the Symmetry sample [ECF No. 204-5 at ¶ 4]; the State's consultation with Department of Health Care Services contractors and staff regarding National Drug Codes ("NDC") selected for inclusion in the State's samples [ECF No. 204-14 at ¶ 3]; the construction of the State's Symmetry universe and sample [ECF No. 204-15]; and the State's ultimate selection of NDCs for its other two claims universes and samples [ECF No. 204-17].

The State's proffer comes far too late.  Not only did the State's July 2018 expert disclosure and discovery responses provide a mere fraction of the information it now proffers to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEF. RITE AID CORP.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

the Court, those disclosures appear directly at odds with the information now provided. *Compare*, *e.g.*, ECF No. 204-4 at 15 (State's claim that it "do[es] not know the full extent of the process in finalizing the lists of NDCs") *with* ECF No. 204-17 (State's counsel's detailed declaration concerning the finalization of NDC lists). The State's unwarranted delay in making a full and straightforward disclosure has prejudiced Rite Aid's ability to conduct full discovery of, and its expert's ability to fully analyze, the State's sampling methodology and the persons involved therewith.

The State cannot now back-fill its expert report or discovery responses through the untimely submission of new evidence. The declarations of Grant Lien [ECF No. 204-14 ("Lien Decl.")]; (2) Marilyn Meixner [ECF No. 204-5 ("Meixner Decl.")]; (3) Marco Gonzales, Pharm. D. [ECF No. 204-15 ("Gonzales Decl.")]; and (4) Bernice L. Louie Yew [ECF No. 204-17 ("Yew Decl.")] (collectively, the "Declarations") should be stricken and excluded in connection with the Court's consideration of Rite Aid's Sampling Motion [ECF No. 195].

## II.   STATEMENT OF FACTS

This Court previously accepted Plaintiffs' proposal to divide discovery in this action into two phases, with Phase I discovery focused on the "viability" of the State's proposed sample of 1,904 reimbursement claims. ECF No. 128 at 5. In accepting the State's proposed bifurcation of discovery, the Court directed in May 2018[1] that, "[a]t the earliest feasible point during th[e first] stage of discovery, plaintiffs will make disclosures concerning their statistics experts and the design of the statistical sample so that Rite Aid can conduct discovery concerning the same." *Id*. The parties later stipulated that the Plaintiffs would disclose their "sampling design expert report and materials" on or before July 16, 2018, a deadline Plaintiffs did not meet until 11 days later. *See* ECF No. 130 at 2; ECF No. 176 at 2.[2]

In addition to the Court's status order, Rite Aid also propounded interrogatories in June

---

[1] In fact, Plaintiffs represented to the Court in *March 2018* that they "plan[ed] to" make such disclosures "at the earliest feasible point." *See* ECF No. 119 at 7.

[2] Further, the State did not produce non-anonymized Medi-Cal claims data relied upon by its expert until September 2018, a delay that served as partial grounds for the Court to grant an extension of Rite Aid's expert disclosure deadlines. *See* ECF No. 176 at 3-5.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. RITE AID CORP.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

2018 asking the State to "identify in detail, step by step, how [it] selected [its] sample universe and sample sets," and to identify "all persons who were involved with or consulted in selecting [its] sample universe and [its] sample sets." In the State's July 27, 2018 responses, the State claimed to lack basic information regarding the creation of the Symmetry universe, responding only that "Marco Gonzales of Department of Health Care Services ("DHCS") provided" the State with the Symmetry universe of 10,810 claims in 2014. As for the creation of the Diagnosis-Related and Off-Formulary universes, the State's verified responses say only that it did "not know the full extent of the process in finalizing the lists of NDCs," or why certain drugs were excluded from the State's sampling methodology. The State responded that Mr. Gonzales, David Polson of the U.S. Attorney's Office, and an employee of Xerox were involved in creating NDC lists of the drugs to be assessed, but provided few other details. The State's responses to these interrogatories have not been amended or supplemented. *See* Declaration of Michael Q. Eagan, Jr. submitted herewith ("Eagan Decl."), at ¶ 2.

Rite Aid subsequently subpoenaed DHCS seeking information regarding the creation of the universe of approximately 500,000 reimbursement claims from which the State's sample of 1,904 claims was drawn. *See* Eagan Decl., ¶ 4. It also requested from DHCS counsel, Mr. Lien, any information regarding Mr. Gonzales's involvement. *Id.* At no time did the State or DHCS disclose the extensive involvement, opinion and consultation Mr. Gonzales provided in the creation of the State's sampling design, particularly the Symmetry universe. *Id.* ¶¶ 4-6. Instead, during meet and confer efforts, Mr. Lien represented that (1) DHCS was *not* involved in the creation of the sample universes (other than by "possibly pulling documents"); (2) the creation of State's sample sets was undertaken entirely by the State and the U.S. Department of Justice; and (3) DHCS "did not know, and would therefore need to look into, contractor Marco Gonzales' involvement with the creation of the sample universe and sample sets." *Id.*[3] Even today, DHCS's

---

[3] Mr. Lien's descriptions of the conversations with counsel for Rite Aid are misleading. For example, the he states that DHCS "was planning to produce Marco Gonzales as one of its PMQs for deposition." Lien Decl., ¶ 6. In fact, Rite Aid provided DHCS counsel with a draft Rule 30(b)(6) deposition notice listing numerous topics for testimony, including the creation of the claims universes, sample sets, and the Symmetry universe in particular. Mr. Lien's list of

3

DEF. RITE AID CORP.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

continued "position that it was not involved in creating the sample sets" with few exceptions [ECF 204-14 at ¶ 3] is irreconcilable with Mr. Gonzales's belated disclosures in his declaration regarding his extensive and central involvement.  Based on these repeated representations by DHCS counsel, a purported "third party" that Rite Aid did not wish to harass with unnecessary discovery, Rite Aid had no reason to believe that Mr. Gonzales' involvement was anything other than ministerial in nature. Eagan Decl., ¶ 6. Only <u>now</u> does Rite Aid know this to be false.

During the deposition of the State's expert, Michael Petron, Rite Aid again sought information regarding the creation of the State's universe and samples.  Mr. Petron testified that he was not involved in the creation of the State's sample or sampling methodology, and that he was simply "provided with the sample frames and original populations" *after* their creation.  ECF No. 196-1 (Petron Report) at ¶¶ 12-13; ECF No. 196-2 (Petron Depo.) at 206:10-12.  Thus, it appears that the State did not even provide its own expert with the information contained in the belated Declarations at issue here.

Rite Aid's expert witness, Roy Epstein, opined that Mr. Petron's lack of knowledge regarding the State's sampling methodology, and whether other methodologies were considered, violates the principles of total survey design and renders it unknowable whether the chosen methodology can meet its objective. ECF No. 201 (Epstein Report) at ¶ 20 ("Mr. Petron did not independently develop a methodology or design his own sample … Mr. Petron thus lacks first-hand knowledge of how the sample design was created and the universes and samples were selected …"; however, understanding the reasons for selecting a particular methodology and rejecting others "is a critical factor that must be addressed if one is to evaluate the statistical validity of a proposed sampling methodology."). Dr. Epstein also observes that the State's claims universes, and the Symmetry universe in particular, are not representative of Rite Aid's general dispensing practices but rather are "skewed towards certain drugs and/or stores." *Id.* at ¶¶ 74-83.

In response to these challenges to the viability of its sampling design, the State now belatedly proffers a series of declarations containing information previously withheld from Rite

---

potential designee witnesses provided in response did <u>not</u> include Mr. Gonzales or anyone else for the topics relevant to Phase 1 discovery. *See* Eagan Decl., ¶ 5.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. RITE AID CORP.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

Aid in this litigation. Specifically, the State proffers the declarations of the following individuals:

(1) **Declaration of Marilyn F. Meixner**, Investigative Auditor Supervisor at the California Department of Justice's Bureau of Medi-Cal Fraud and Elder Abuse ("BMFEA"). *See* ECF No. 204-5. In her declaration, Ms. Meixner relays (in the form of inadmissible hearsay) the "methodology" of the "Symmetry universe," which was apparently first stated by another individual, James Shannon, and discusses what can be "gleaned from several Excel spreadsheets" that were produced to Rite Aid regarding claims data inquiries. Meixner Decl., ¶¶ 4-5.

(2) **Declaration of Grant Lien**, Counsel for DHCS. *See* ECF No. 204-14. In his declaration, Mr. Lien attempts to reconcile DHCS's explicit representation to Rite Aid, in correspondence and verified discovery responses, that it was not involved in the creation of the sample sets at issue with the State's belated disclosure that a DHCS consultant and former employee, Mr. Gonzales, was principally and directly involved in crucial decisions that underpin the State's sampling design.

(3) **Declaration of Marco Gonzales, Pharm. D.**, Former employee and Senior Pharmaceutical Consultant for DHCS who uses "a variety of data science techniques to help [DHCS] analyze and detect Medi-Cal providers with suspicious or fraudulent billing patterns." *See* ECF No. 204-15 at ¶ 1. Mr. Gonzales, now a university lecturer and a self-professed expert in "health informatics," offers opinion testimony regarding the nature of Medi-Cal claims generally and his substantial involvement in developing the State's claims universes used to draw the State's sample sets. Specifically, Mr. Gonzales discusses the means by which the Medi-Cal payment system denies claims for payment for Code 1 drugs (*id.* at ¶¶ 12-14), the attributes and uses of Symmetry software to create the "Symmetry universe" and sample sets (*id.* at ¶¶ 15-19), his selection and elimination of claims and drugs from the Symmetry universe (*id.* at ¶ 21), his *opinions* on the reasons why the Symmetry universe and sample set are not representative of claims on a geographic basis (*id.* at ¶ 24), and his opinions regarding the removal—based on

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. RITE AID CORP.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

his "Medi-Cal, pharmacy, and claims experience"—of various drug codes from the State's claims universes. *Id.* at ¶ 30 ("Upon my review based on my Medi-Cal, pharmacy, and claims experience … I highlighted 414 NDCs that I <u>opined</u> should be removed from the list because I found them not pertinent to [the State's] investigation." (emphasis added)).

(4) **Declaration of Bernice L. Louie Yew**, Deputy Attorney General in the BMFEA and counsel of record for the State in this action. *See* ECF No. 204-17. Ms. Yew testifies in detail regarding her work in 2013-2014 with Mr. Gonzales and others within DHCS regarding the creation of universes and samples at issue in this case. Ms. Yew's extensive knowledge of and involvement in the development of the State's claims universes and sample sets was not previously disclosed in this litigation. *See* ECF No. 154-7, at F-9 (Interrog. No. 2); Eagan Decl., ¶¶ 2-6.

During a meet and confer teleconference on May 22, 2019, counsel for the State represented that it does not intend to offer Mr. Gonzales as an expert in this matter. *See* Eagan Decl., ¶ 8.

### III. THE DECLARATIONS CONSTITUTE UNTIMELY DISCLOSED EVIDENCE AND SHOULD BE EXCLUDED UNDER FEDERAL LAW

From the very start of Phase I discovery, the State has been unable or unwilling to provide Rite Aid with basic information on the formation of the State's claims universes and the sample sets drawn therefrom. The State had an opportunity to do so in connection with its production of an expert report, in response to interrogatories, and in connection with the deposition of its expert. The State failed to do so until now—*after* Rite Aid submitted its expert report, *after* Rite Aid deposed the State's expert, *after* Rite Aid defended the deposition of its expert, and *after* Rite Aid submitted its motion to exclude the State's sampling methodology. The declarations describe in detail the exact information Rite Aid sought to obtain, and should have obtained, long ago in Phase I. *See* Eagan Decl., ¶¶ 2-6.

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Rules ensure this by making the "trial less a game of blind man's buff and more a fair contest with the basic issues and facts

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

6

DEF. RITE AID CORP.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

disclosed to the fullest practicable extent." *U.S. v. Procter & Gamble Co.*, 356 U.S. 677 (1958). Accordingly, Rule 26(e) mandates a party "must supplement or correct its disclosure or response. . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. . ." Fed. R. Civ. P. 26(e). A failure to comply with Rule 26(e) means "the party is not allowed to use that information or witness to supply evidence… unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

As a threshold matter, the Court considers whether a party has sufficient control of the evidence to be deemed responsible for failing to timely disclose. *See Draper v. Rosario,* 2014 WL 299855, at *3 (E.D. Ca. July 3, 2014). Here, the State failed to supplement their discovery responses, as required by Rule 26(e), with responsive information and documents that were available to the State and/or were in the State's possession, custody, and/or control. Eagan Decl., ¶ 2-3. Such documents and information properly include those available to and/or in the possession, custody, and/or control of DHCS, as a memorandum of understanding and the State's previous court filings confirm.[4] And, as the State's Declarations demonstrate, all information regarding the DHCS's consultation (principally through Mr. Gonzales) with the BMFEA (through Ms. Yew) was <u>by definition</u> "available to" the State <u>years ago</u>. *See Thomas v. Cate*, 715 F. Supp.

---

[4] *See* ECF No. 164-3 (*U.S. ex rel. Kester, et al. v. Novartis Pharm. Corp., et al.*, No. 11-civ-8196, Docket No. 273 at 16 (Sep. 29, 2014)), at C-18 (litigating states including California acknowledge duty to produce documents from "their respective SSAs, which operate their respective Medicaid programs," *i.e.* DHCS here); *see also* ECF No. 164 at 4 (describing BMFEA-DHCS Memorandum of Understanding ("MOU") granting BMFEA access to DHCS documents and records). The MOU establishes that the BMFEA (*i.e.* the State) has full legal control over DHCS data and records. *See Hayles v. Wheatherford,* No. 2:09-CV-3061 JFM PC, 2010 WL 4739484, at *2 (E.D. Cal. Nov. 16, 2010) ("courts construe ['control'] broadly as the legal right to obtain documents upon demand," and "the practical ability to obtain the documents from another, irrespective of legal entitlements to the documents.'" (citations and quotation marks omitted)), *citing Rosie D. v. Romney*, 256 F. Supp. 2d 115, 117-119 (D. Mass. 2003) (granting motion to compel agency's production of documents within the possession of several non-party entities with whom a contractual relationship to "examine and copy" information exists); *Benisek v. Lamone*, 320 F.R.D. 32, 34–35 (D. Md. 2017) (granting motion to compel state electoral board to produce documents within possession of other state agencies based on "demonstrated history of voluntary cooperation" and shared "stake in the outcome of [the] litigation" among the "non-party" state agencies). **In the State's misguided view, it need only produce those DHCS documents that it deems are *helpful to its own case*, but *not* those that may be helpful to Rite Aid's.** *See* Eagan Decl., ¶ 3. Rite Aid reserves the right to compel the State to produce all DHCS documents over which the MOU confers control.

2d 1012, 1032 (E.D. Cal. Feb. 19, 2010) ("Rule 33 imposes a duty on the responding party to secure **all information available to** it. Where an interrogatory is directed at a party that is a **governmental entity**, Rule 33(b)(1)(B) requires the party to furnish information **'available' to** an officer *or agent* of the governmental entity." (emphasis added) (citations omitted)), *order clarified on other grounds*, No. 1:05–cv–01198–LJO–JMD–HC., 2010 WL 797019 (E.D. Cal. Mar. 5, 2010).

These failures to supplement are unjustified and prejudicial to Rite Aid. Fed. R. Civ. P. 37(c). First, the State admits it has had responsive information available to it <u>dating back to 2013</u>. *See*, *e.g.,* Yew Decl. ¶ 3 ("[b]eginning sometime in 2013, I consulted with DHCS to seek assistance regarding "Code 1" Drugs."). Yet, the State did not disclose this information timely in the first instance—i.e. by including it in its expert report and/or interrogatory responses—and made no efforts to supplement its discovery responses thereafter. There can be no justification for this conduct, as three of the four individuals submitting untimely declarations work for, or have been consultants to, the State and/or DHCS for years.

Second, the late disclosure of the Declarations has prejudiced Rite Aid from seeking full discovery into the procedure and methodology used by the State to arrive at its claims universes and sample sets. Had the State (and by extension, DHCS) timely produced to Rite Aid all such information contained in the belated Declarations, it could have cross-examined Mr. Petron regarding such information, presented such information to its own expert, as well as understood a greater potential need for the depositions of such persons as Mr. Gonzales, other DHCS officials, and perhaps even Ms. Yew herself. *See* Eagan Decl., ¶ 6; *see also Draper,* 2014 WL 299855, at *4 ("[t]he late provision to plaintiff of the disc, long after the close of discovery, precluded plaintiff's counsel's deposing those with knowledge of the disc's creation, handling and retention. . . [and] ability to conduct a forensic analysis"). The Declarations should be excluded.

### IV. THE GONZALES DECLARATION IS UNTIMELY EXPERT OPINION TESTIMONY AND SHOULD BE EXCLUDED

Because the State's expert did not know how the State's samples were created, the State attempts to supplement Mr. Petron's report through the Gonzales Declaration. This is improper,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEF. RITE AID CORP.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

1   and an attempt to back-fill the State's expert presentation <u>ten months</u> after the Court-ordered

2   deadline for the disclosure of the State's expert. ECF No. 130 at p. 2. The Gonzales Declaration

3   provides opinion testimony based on scientific, technical or otherwise specialized knowledge that

4   the State now realizes should have been in its original expert report—and, as a result, should have

5   been disclosed <u>at the latest</u> in July 2018.

6   Despite the State's representation, there can be no question that Mr. Gonzales purports to

7   proffer expert testimony regarding the methodologies used by the State to create their samples,

8   Medi-Cal claims data generally, and his use of "health informatics" to develop one of the State's

9   claims universes. Mr. Gonzales testifies to his "opinion," shared with the State in <u>2013</u>, that the

10  Symmetry software "might be an effective tool to pull a subset of claims," his assessment of the

11  Symmetry output, the reasons why the State's sample is disproportionality skewed towards rural

12  areas, and his "opinions" regarding the exclusion of certain drug codes from the sample

13  universes. *See* ECF No. 204-15 at ¶ 19-20, 24, 30. This is pure and previously-undisclosed

14  opinion testimony. *Hanger Prosthetics & Orthopedics, Inc. v. Capstone, Orthopedic, Inc.*, No.

15  2:06–cv–02879–GEB–KJM, 2008 WL 2441067, at *2 (E.D.Ca. June 13, 2008) ("The distinction

16  between lay and expert witness testimony is that lay testimony results from a process of reasoning

17  familiar in everyday life, while expert testimony results from a process of reasoning which can be

18  mastered only by specialists in the field."); *Crime, Justice & Am., Inc. v. Smith*, No. 2:08-CV-

19  00343 TLN, 2014 WL 4976178, at *4 (E.D. Ca. Oct. 3, 2014) (finding that witnesses were expert

20  witnesses when the witnesses were being offered for their extensive knowledge and backgrounds

21  in law enforcement). Even Mr. Gonzales admits that the information and opinions he offers at

22  this late stage require specialization in his area of claimed expertise. *See* ECF No. 204-15 at ¶¶ 3-

23  7, 30.

24  The Gonzalez Declaration is untimely, unfairly prejudicial and an attempt by the State to

25  sneak an additional expert opinion in the backdoor without disclosing the expert to Rite Aid in

26  accordance with the Court's Status Order. ECF No. 128 at 5. Belated expert reports that present

27  entirely new information are ***not*** supplemental, but rather are attempts to "deepen or strengthen

28  the experts' prior reports," and "bolster or submit additional expert reports." *See Duarte Nursery*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEF. RITE AID CORP.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

*Inc. v. United States Army Corps of Engineers,* No. 3:13-cv-09095, 2017 WL 345206, at *6 (E.D. Ca. Aug. 11, 2017); *Aveka LLC v. Mizumo Corp.,* F.R.D. 306, 310 (M.D.N.C. 2002). Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report. . . ." *See Duarte Nursery Inc.*, 2017 WL 345206, at *6 (quoting *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 639 (D. Haw. 2008)).

Under Rule 37, untimely expert reports should be excluded unless the untimely disclosure was substantially justified or harmless. *Id.* That is not the case here. There is no justification, substantial or otherwise, that excuses the State's failure to timely disclose information that has undeniably been available to it and/or in its possession dating to 2013. And, the Gonzales Declaration is highly prejudicial to Rite Aid because it has robbed Rite Aid of a chance to fully conduct Phase 1 expert discovery in this case. First, Rite Aid would have demanded the deposition of Mr. Gonzales earlier had it known that the State would be offering expert opinions like the ones in his Declaration, or that Mr. Gonzales's involvement in the creation of the State's claims universes was far more extensive than previously disclosed. Second, Rite Aid has been denied the opportunity to cross-examine the State's disclosed expert, Mr. Petron, regarding the information contained in the Gonzales Declaration and whether Mr. Petron would have considered such withheld information relevant to his report. Third, Rite Aid's own expert has been precluded from analyzing and opining upon the information contained in the Gonzales Declaration, as with each of the other Declarations discussed above.

Rite Aid has continually sought information from the State and DHCS regarding the involvement of Mr. Gonzales in the creation of the State's claims universes and sample sets. Eagan Decl., ¶¶ 2-6. Rite Aid's requests went unanswered. *Id.* As a result, in addition to the grounds expressed above regarding each of the untimely Declarations, the Gonzales Declaration should be excluded in particular as untimely, undisclosed expert opinion.

### V. CONCLUSION

For the foregoing reasons, Rite Aid respectfully requests that the Court issue an order excluding and striking the declarations of Grant Lien [ECF No. 204-14], Marilyn Meixner [ECF No. 204-5] Marco Gonzales [ECF No. 204-15], and Bernice L. Louie Yew [ECF No. 204-17].

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEF. RITE AID CORP.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

Dated:  May 31, 2019                     MORGAN, LEWIS & BOCKIUS LLP

                                         By   */s/ Benjamin P. Smith*
                                              Benjamin P. Smith

                                         Attorneys for Defendant
                                         RITE AID CORPORATION

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEF. RITE AID CORP.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB