MORGAN, LEWIS & BOCKIUS LLP
ERIC W. SITARCHUK, Admitted *pro hac vice*
 eric.sitarchuk@morganlewis.com
KELLY A. MOORE, Admitted *pro hac vice*
 kelly.moore@morganlewis.com
BENJAMIN P. SMITH, Bar No. 197551
 benjamin.smith@morganlewis.com
MICHAEL Q. EAGAN, Jr., Bar No. 275823
 michael.eagan@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000; Fax: +1.415.442.1001

Attorneys for Defendant
RITE AID CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, et al., *ex rel.* LOYD F. SCHMUCKLEY, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> RITE AID CORPORATION, <br><br> Defendant. <br><br> STATE OF CALIFORNIA, *ex rel.* LOYD F. SCHMUCKLEY, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> RITE AID CORPORATION, <br><br> Defendant. | Case No. 2:12-cv-01699-KJM-EFB <br><br> **DECLARATION OF MICHAEL Q. EAGAN, JR. IN SUPPORT OF DEFENDANT RITE AID CORPORATION'S MOTION TO EXCLUDE AND STRIKE UNTIMELY EVIDENCE AND EXPERT OPINION SUBMITTED WITH PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' PROPOSED SAMPLING METHODOLOGY** <br><br> Date: June 28, 2019 <br><br> Time: 10:00 a.m. <br><br> Dept.: Courtroom 3 |

**DECLARATION OF MICHAEL Q. EAGAN, JR.**

I, Michael Q. Eagan, Jr., declare as follows:

1. I am an attorney at the law firm of Morgan, Lewis & Bockius LLP, counsel for Defendant Rite Aid Corporation ("Rite Aid" or "Defendant"). I am licensed to practice law in all courts in the State of California. I submit this declaration in support of DEFENDANT RITE AID CORPORATION'S NOTICE OF MOTION AND MOTION TO EXCLUDE AND STRIKE UNTIMELY EVIDENCE AND EXPERT OPINION SUBMITTED WITH PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' PROPOSED SAMPLING METHODOLOGY ("Motion") [ECF No. 208].

2. Rite Aid served Interrogatories upon the Plaintiff the State of California ("State") on June 27, 2018. Rite Aid's Interrogatory No. 1 requested: "IDENTIFY in detail, step by step, how YOU selected YOUR SAMPLE UNIVERSE and YOUR SAMPLE SETS." Rite Aid's Interrogatory No. 2 asked the State: "IDENTIFY all PERSONS who were involved with or consulted in selecting YOUR SAMPLE UNIVERSE and YOUR SAMPLE SETS." The State served responses and objections thereto on July 27, 2018. *See* ECF No. 154-7 at F-7, F-9 (Interrog. Nos. 1, 2). In these responses, the State claimed to lack basic information regarding the creation of the Symmetry universe, responding only that "Marco Gonzales of Department of Health Care Services ("DHCS") provided" the State with the Symmetry universe of 10,810 claims in 2014. *Id.* at F-7. As for the creation of the Diagnosis-Related and Off-Formulary universes, the State's verified responses say only that it did "not know the full extent of the process in finalizing the lists of NDCs," or why certain drugs were excluded from the State's sampling methodology. *Id.* at F-8. The State responded that Mr. Gonzales, David Polson of the U.S. Attorney's Office, and an employee of Xerox were involved in creating NDC lists of the drugs to be assessed. *Id.* To date, the State has not served any amended or further supplemental response to Interrogatories No. 1 or 2.

3. On June 27, 2018, Rite Aid also served document requests upon the State of California ("State") for documents related to the 1,904 Sample and the claims universes. The State responded on July 27, 2018 that all documents responsive to Rite Aid's document requests

concerning the proposed claims universes and samples would be produced with the Petron Report, and has not produced any further documents beyond the non-anonymized claims data produced in September 2018. Moreover, in its responses to Rite Aid's document requests and follow up correspondence, the State took the position that documents in the possession, custody or control of the California Department of Health Care Services ("DHCS") are not in the possession, custody or control of the State. *See* ECF No. 159-4 at 8. The State contended that "it would be inherently inequitable to burden [the State] to try to obtain these documents from DHCS to benefit Rite Aid" as opposed to those documents which "would be useful in carrying out BMFEA's investigations." *See* ECF No. 154-9 at 5-6.

4. Rite Aid issued a subpoena for relevant documents to DHCS on September 19, 2018. The subpoena included document requests for "1. ALL DOCUMENTS that [DHCS] and/or the STATE considered, reviewed, utilized, referenced, incorporated, calculated, and/or generated to formulate and/or create each of the STATE'S SAMPLE SETS," "2. ALL DOCUMENTS that [DHCS] and/or the STATE considered, reviewed, utilized, referenced, incorporated, calculated, and/or generated to formulate and/or create the 'Symmetry Sample' included within the STATE'S SAMPLE SETS," and "36. ALL DOCUMENTS RELATING TO, comprising, reflecting, and/or relied upon to create the SAMPLE UNIVERSE, including DOCUMENTS RELATED to the random number generator, the random seed and the audit trail for the SAMPLE UNIVERSE." *See* ECF No. 159-6 at 8, 11. DHCS's legal counsel, Deputy Attorney General Grant Lien of the California Department of Justice's Health, Education, and Welfare Section, stated in an email on October 16, 2018 that "DHCS represented that it was not involved in the creation of the sample universe and the state's sample sets other than possibly pulling requested documents." *See* ECF No. 164-11 at J-10. Mr. Lien stated that Marco Gonzales, identified as a DHCS employee involved in the creation of the claims universe from which the 1,904 Sample was drawn, is a "contractor" and that DHCS lacked any knowledge of his involvement. *Id*. Mr. Lien informed Rite Aid that the "DHCS will look into the involvement of contractor Marco Gonzalez [*sic*] with the creation of the sample universe and the state's sample sets and provide clarification to Rite Aid." *Id*. Neither DHCS nor the State provided

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

EAGAN DECL. ISO DEF.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

1    further information on Mr. Gonzales until filing his declaration on May 15, 2019.

2         5.    On October 18, 2018, Rite Aid served a draft SUBPOENA TO TESTIFY A
3    DEPOSITION IN A CIVIL ACTION pursuant to Rule 30(b)(6) upon DHCS.  ECF No. 164-11.
4    The Subpoena requested to depose individuals on the following topics: "1. The creation,
5    generation, discussion AND/OR consultation regarding the STATE'S SAMPLE SETS and
6    SAMPLE UNIVERSE," and "2. The Symmetry Software used to create AND/OR generate, in
7    part, the STATE'S SAMPLE SETS." *Id.* at K-6.  On November 2, 2018, in response to the
8    Subpoena, counsel for DHCS informed Rite Aid that the "DHCS plans to designate the following
9    individuals as PMQs [persons most qualified]: Mike Wofford will address pharmacy policy, Chris
10   Huang will address TARs, Lee Worth will address audits, and William Mays will address claims
11   processing as they related to the various topics in the PMQ depo notice." *See* ECF No. 164-10 at
12   J-4.  Counsel for DHCS never identified or designated Marco Gonzales as a potential witness to
13   Rite Aid's deposition subpoena.  *Id.*  Counsel for DHCS never identified designated any witness
14   to address topics 1 and 2 in Rite Aid's draft deposition subpoena.

15        6.    On January 16, 2019, Mr. Lien informed Rite Aid in email communications that
16   the "DHCS did not create the sample universe and the state sample sets," and reiterated that
17   "DHCS represented that it was not involved in the creation of the sample universe." ECF No.
18   204-14 at 5.  There were no further representations by counsel for DHCS as to the availability or
19   involvement of Marco Gonzales.  Based on these repeated representations (or lack thereof) by
20   counsel for DHCS, a purported "third party" that Rite Aid did not wish to harass with
21   unnecessary discovery, Rite Aid had no reason to believe that Mr. Gonzales's involvement was
22   anything other than ministerial in nature.  The late disclosure of the State's declarations has
23   prejudiced Rite Aid from seeking full discovery into the procedure and methodology used by the
24   State to arrive at its claims universes and sample sets.  Had the State (and by extension, DHCS)
25   timely produced to Rite Aid all such information contained in the belated Declarations, it could
26   have cross-examined the State's expert regarding such information, presented such information to
27   its own expert, as well as understood a greater potential need for the depositions of such persons
28   as Mr. Gonzales, other DHCS officials, and perhaps even Bernice Yew, counsel for the State,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

EAGAN DECL. ISO DEF.'S MTN. TO EXCLUDE
EVIDENCE AND EXPERT OPINION
Case No. 2:12-cv-01699-KJM-EFB

herself.

7. On May 15, 2019, the State filed PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO RITE AID CORPORATION'S MOTION TO EXCLUDE SAMPLING METHODOLOGY.  ECF No. 205.  In support of their motion, the State attached the declarations of Grant Lien [ECF No. 204-14]; (2) Marilyn Meixner [ECF No. 204-5]; (3) Marco Gonzales, Pharm. D. [ECF No. 204-15]; and (4) Bernice L. Louie Yew [ECF No. 204-17].

8. On May 22, 2019, Rite Aid and the State had a telephonic meet and confer conversation regarding the status of certain discovery items.  During this conversation, Rite Aid asked the State, in light of the Declaration of Marco Gonzales, whether the State intended to offer Mr. Gonzales as an expert in this matter.  Counsel for the State responded that it did not intend to.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed this 31st day of May, 2019 at San Francisco, California.

  */s/ Michael Q. Eagan, Jr.*
  Michael Q. Eagan, Jr.