XAVIER BECERRA
Attorney General of California
VINCENT DICARLO
Supervising Deputy Attorney General
BERNICE L. LOUIE YEW, State Bar No. 114601
Deputy Attorney General
E-mail: Bernice.Yew@doj.ca.gov
EMMANUEL R. SALAZAR, State Bar No. 240794
Deputy Attorney General
E-mail: Emmanuel.Salazar@doj.ca.gov
 2329 Gateway Oaks Drive, Suite 200
 Sacramento, CA 95833-4252
 Telephone: (916) 621-1835
 Fax: (916) 274-2929

*Attorneys for State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., *ex rel.* LOYD F. SCHMUCKLEY, JR.,<br><br>                    Plaintiffs,<br><br>     **v.**<br><br>RITE AID CORPORATION,<br><br>                    Defendant. | 2:12-CV-1699 KJM EFB<br><br>**EXHIBIT H TO DECLARATION OF EMMANUEL R. SALAZAR** |
| STATE OF CALIFORNIA *ex rel.* LOYD F. SCHMUCKLEY, JR.,<br><br>                    Plaintiff,<br><br>     v.<br><br>RITE AID CORPORATION,<br><br>                    Defendant. | |

# Morgan Lewis

**Benjamin P. Smith**
Partner
+1.415.442.1289
benjamin.smith@morganlewis.com

January 8, 2019

**VIA E-MAIL AND U.S. MAIL**

Catherine J. Swan, Esq. (Catherine.Swann@usdoj.gov)
Assistant United States Attorney
UNITED STATES DEPARTMENT OF JUSTICE
U.S. Attorney's Office for the Eastern District of California
501 I Street, Suite 10-100
Sacramento, CA 95814

Dear Ms. Swan:

As you know, we represent Rite Aid Corporation ("Rite Aid") in the case of *State of California, ex rel. Loyd F. Schmuckley, Jr. vs. Rite Aid Corporation*, Case No. 2:12-CV-1699 in the Eastern District of California ("Action"). This letter serves as a *Touhy* request[1] to the United States Attorney's Office for the Eastern District of California for production of the information and documents described below.

## I.   Background

This Action was filed under seal by relator Loyd F. Schmuckley, Jr. ("Relator") on June 26, 2012. The United States Attorneys' Office for the Eastern District of California ("Office"), after investigating the matter for over two years, declined to intervene on August 28, 2014.[2] Thereafter, the State of California (the "State," by and through the California Department of Justice's Bureau of Medi-Cal Fraud and Elder Abuse ("Bureau")) sought further time to investigate, and ultimately intervened[3] on May 11, 2017. The State filed

---

[1] *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); 28 C.F.R. §§ 16.21 *et seq.*

[2] The states of Delaware, Nevada, New York, North Carolina, Rhode Island, Tennessee, Virginia and Washington also declined to intervene on this same date. The Commonwealth of Massachusetts and District of Columbia declined to intervene on July 20, 2016.

[3] Specifically, the State notified of its election to intervene as to allegations "that [Rite Aid] knowingly and falsely submitted claims to [Medi-Cal] relating to drugs identified with an '*' on the Medi-Cal contract drug list ('Code 1 drugs')."

**Morgan, Lewis & Bockius LLP**

One Market, Spear Tower
San Francisco, CA  94105-1596          +1.415.442.1000
United States                          +1.415.442.1001

DB1/ 100315003.5

January 8, 2019
Page 2

its complaint-in-intervention on September 26, 2017, and Relator filed his first amended complaint on September 28, 2017.

Relator worked as a part-time pharmacist from April 2007 to August 2007 at two California stores owned and operated by one or more of Rite Aid's subsidiaries. Relator has alleged that Rite Aid allegedly failed to comply and/or document compliance with certain restrictions that Medi-Cal has placed on filling prescriptions for a number of diagnostically-restricted medications on Medi-Cal's Drug Formulary ("Code 1 Restrictions"). In the period that followed the filing of Relator's complaint, your Office and the Bureau investigated a number of sample claims subject to Code 1 Restrictions, which involved the development of two separate "Universes"[4] of prescription claims for Code 1 Restricted drugs that were submitted to Medi-Cal for payment. In the litigation, the State intends to use a sample of 1,904 claims drawn from these Universes ("Sample(s)") to show that Rite Aid allegedly failed to comply and/or document compliance with Code 1 Restrictions, and that in submitting these claims for payment, Rite Aid committed alleged violations of the False Claims Act. The State says it intends to extrapolate any findings of liability and damages from the Sample to the larger Universe(s) of Rite Aid claims.

The Court in this Action has divided discovery in this matter into two phases, during the first of which "plaintiffs will make disclosures concerning their statistics experts and the design of the statistical sample so that Rite Aid can conduct discovery concerning the same. Rite Aid will file any motions directed toward the viability of the statistical sample during this stage of discovery so that preparation of the case for trial will not be significantly delayed if it becomes necessary to redraw the statistical sample." [ECF No. 128 at 5.] Rite Aid's motion is currently due to the Court on April 1, 2019. [ECF No. 176 at 6.] Thus, in order for Rite Aid to conduct complete discovery in support of its motion challenging the State's sampling methodology, **Rite Aid requests the below information and documents to be produced by your Office <u>within thirty (30) days of your receipt of this letter</u>**.

## II.   The U.S. Attorney's Office Was Responsible for Creating the Universes Forming the Basis for the State's Sampling Methodology in the Action

In order to properly investigate the validity of the sampling methodology that the State is relying on to prove its claims, Rite Aid requires access to all relevant and discoverable information concerning the development of the prescription claim Universes, and the design and selection of the claim Sample.

---

[4] These Universes are comprised of claims for drugs purportedly selected for "Diagnosis-Related" reasons, and claims for drugs purportedly selected for reasons pertaining to their prescription "Off-Formulary." A third universe of claims which provided the "Symmetry Sample" was purportedly prepared by the State, and not your Office, and is not the subject of this request at this time.

January 8, 2019
Page 3

On June 27, 2018, Rite Aid served Rule 33 Interrogatories to the State ("Interrogatories"), which among other things, sought information concerning the selection of the claim Universes and the claim Samples from those Universes (enclosed with this letter is a copy of the State's initial responses the Interrogatories, dated July 27, 2018).  In response to Interrogatory No. 1, the State provided some information regarding the selection of the claim Samples, but noted that the claim sampling was performed using claim files generated by your Office, and with the assistance of David Poulson from your Office.  The State was unable to provide the full details of the process of developing some of these files, including the two lists of national drug codes ("NDC") that were used for the development of the claims Universes, which the State has indicated were finalized by Mr. Poulson, Duc Nguyen (purportedly an employee of Xerox), and Marco Gonzales, a former employee and/or contractor of the California Department of Health Care Services ("DHCS").

Contemporaneously with the State's initial responses, the State served the Expert Report No. 1 of Michael J. Petron, CPA, CFE (a copy of which is enclosed as well).  Mr. Petron purported to opine on the statistical validity of the State's claim sampling methodology.  However, Mr. Petron noted in his report that your Office was responsible, without limitation, for setting the parameters for the sampling, including (i) "elect[ing] to use a stratified random sampling design," (ii) "select[ing] a five percent precision level," (iii) "assum[ing] that for purposes of sample size calculations, 50 percent of the populations would have the characteristics being tested (i.e. be a false claim)," (iv) "select[ing] a Confidence Level of 95 percent," (v) the grouping of the claims into strata, and (vi) the selection of the sample seeds.

We have since contacted representatives from the DHCS to obtain further information about the creation of the sample Universes, and the selection of the sample claims.  We were informed that Mr. Gonzales was not actually an employee of the DHCS, but a contractor, and is not currently working for DHCS.  DHCS, through outside counsel, "represented that it was not involved in the creation of the sample universe and the state's sample sets other than possibly pulling requested documents," but that they would "look into the involvement of" Mr. Gonzales "with the creation of the sample universe and the state's sample sets and provide clarification to Rite Aid."  To date, DHCS has not yet provided this information.

The discovery schedule set by the Court currently requires Rite Aid to disclose any Expert Report that Rite Aid will rely on to challenge the validity of the State's sampling methodology by February 15, 2019.  Information concerning the creation of the claim Universes is critical to the analysis being performed by the expert that Rite Aid has retained – but Rite Aid has yet been unable to obtain this information, despite formal requests to the State and the DHCS.

### III.   Materials Requested

Given the above facts, Rite Aid requests that you provide the following:

January 8, 2019
Page 4

1. Testimony from David Poulson, and any other knowledgeable person within your Office, answering the following inquiries and issues related thereto:

   a. How were the Diagnosis-Related and Off-Formulary Universes developed?

   b. What criteria and/or methodology were used in the selection of the NDC lists used in developing the Universes?

   c. How were the claim Samples selected and/or developed, including, but not limited to, the selection of the stratified random sampling methodology, the selection of the size of the sample, the sample precision amount, the confidence level, and the creation of each of the strata in the two Universes?

2. Documents relied on during and/or related to the creation and development of the Diagnosis-Related and Off-Formulary Universes, and the selection of the claim Samples.

3. Non-privileged communications concerning the creation and development of the Diagnosis-Related and Off-Formulary Universes, and the selection of the claim Samples.

4. Communications between your Office and the State's retained expert, Mr. Michael J. Petron, during your Office's and/or the State's investigation in this Action that relate to any subject matter regarding the creation of the Universe(s) and/or Sample(s) and/or the methodology used therefor.[5]

## IV. The Requested Materials Are Necessary, Not Available From Another Source, and Compliant With 28 C.F.R. § 16.26

The information requested above is necessary in order for Rite Aid to adequately defend itself in this action. Given the State's and Relator's intention to prove violations of the False Claims Act through sampling 1,904 claims from a combined Universe of nearly 490,000 claims, it is essential that Rite Aid have access to all information necessary to assess the validity of the sampling process. As noted, Rite Aid pursued all available avenues through the Federal Rules of Civil Procedure to obtain this information, including document requests to the State and a subpoena issued to the DHCS. These sources have

---

[5] As discussed with you informally, Rite Aid contends that any claim of privilege and/or work product protection concerning the above subject matter has been waived by way of Mr. Petron's retention as a testifying expert in this matter. *See, e.g., S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 257 F.R.D. 607, 612-15 (E.D. Cal. 2009); *United States v. Sierra Pac. Indus.*, No. CIV S-09-2445 KJM, 2011 WL 5508864, at *5–7 (E.D. Cal. Nov. 8, 2011); *see also S.E.C. v. Reyes*, No. C06-04435 CRB, 2007 WL 963422, at *2 (N.D. Cal. Mar. 30, 2007).

DB1/ 100315003.5

January 8, 2019
Page 5

not been forthcoming with this necessary information and documents, and specifically claim no knowledge of your Office's role and criteria used in developing the Universes.

Disclosure of this information and these materials is appropriate under the law and is properly within the scope of discovery, and does not violate any statute or regulation and does not implicate confidential or classified information. 28 C.F.R. § 16.26(b). Furthermore, disclosure here would in no way interfere with law enforcement proceedings, nor would it reveal investigative techniques or trade secrets. *Id.*

It should also be noted that compliance with Rite Aid's request would in no way impede your Office's ability to conduct its official business or create an undue burden. Moreover, Rite Aid agrees to reimburse your office for the expense of providing the above information and records.

Thank you for your consideration and for agreeing to forward this request to the attention of the appropriate persons responsible at your Office for responding hereto. Please do not hesitate to contact us directly if you have any questions concerning this request or if you need any additional information.

Sincerely,

MORGAN, LEWIS & BOCKIUS, LLP

*/s/ Benjamin P. Smith*

Benjamin P. Smith
Michael Q. Eagan, Jr.

Attorneys for Defendant
Rite Aid Corporation

cc: Counsel for State of California (via E-Mail):
    Emmanuel Salazar (Emmanuel.Salazar@doj.ca.gov)
    Bernice Yew (Bernice.Yew@doj.ca.gov)
    Vincent DiCarlo (Vincent.DiCarlo@doj.ca.gov)

cc: Counsel for Relator Loyd F. Schmuckley, Jr. (via E-Mail):
    Brian Barrow (brian@bartlettbarrow.com)
    Jennifer Bartlett (jennifer@bartlettbarrow.com)
    Paul Lawrence (plawrence@waterskraus.net)

Enclosures