UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF CALIFORNIA, et al., ex rel. LOYD F. SCHMUCKLEY, JR., | No. 2:12-cv-1699-KJM-EFB |
| Plaintiffs, | ORDER AFTER HEARING |
| v. | |
| RITE AID CORPORATION, | |
| Defendant. | |

This case was before the court on June 19, 2019, for hearing on plaintiff-intervenor State of California's motion to compel defendant Rite Aid Corporation to provide further responses to California's Request for Production of Documents ("RPD") numbers 1, 2, 15, and 16 and for evidentiary sanctions pursuant to Federal Rule of Civil Procedure 37. ECF No. 207. California Deputy Attorney Generals Emmanuel Salazar and Bernice Yew appeared on behalf of California. Attorneys Michael Eagan and Benjamin Smith appeared on behalf of Rite Aid.

For the reasons stated on the record, California's motion is granted as to RPD Nos. 1 and 2 and denied as to its request for evidentiary sanctions under Rule 37. Further, California's motion is granted as to RPD Nos. 15 and 16 for the following reasons.[1]

---

[1] At the June 19 hearing, the court granted California's motion as to RPD 1 and 2 but submitted the matter as to RPD 15 and 16.

1

Rite Aid argues that RPD Nos. 15 and 16 improperly seek documents that are outside the scope of the first phase of discovery. ECF No. 212 at 19-23. Discovery in this action was bifurcated into two phases, with the first phase limited to information concerning a sample of 1,904 claims for Code 1 diagnosis-restricted drugs and the second phase encompassing all other discovery. ECF No 128 at 4-5. However, the first phase of discovery concluded on June 26, 2019 (ECF No. 176 at 7), and Rite Aid concedes that requests numbers "15 and 16 are squarely the topic of Phase 2 discovery . . . ." (ECF No. 212 at 20). Given that the second phase of discovery has now commenced, there is no longer any basis for withholding documents responsive to RPD Nos. 15 and 16.

Accordingly, it is hereby ORDERED that California's motion to compel (ECF No. 207) is granted in part and denied in part as follows:

1. The motion is granted as to RPD Nos. 1 and 2. By no later than October 23, 2019, Rite shall produce copies of all responsive documents, including copies of scanned prescriptions, hard copy prescriptions, and "patient medication profiles"[2] related to the 1,904 sample claims.

2. The motion is granted as to RPD Nos. 15 and 16. Rite Aid shall produce all responsive documents as soon as practical, with all documents produced by no later than October 23, 2019.

3. The motion is denied as to California's request for evidentiary sanctions pursuant to Rule 37.

DATED: July 1, 2019.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] At the hearing, the parties also referred to "patient medication profiles" as "patient medication histories," "historical prescription records," and "earlier-in-time prescription records." *See* ECF No. 223 at 12, 21-22.