McGREGOR W. SCOTT
United States Attorney
CATHERINE J. SWANN
Assistant United States Attorney
501 I Street, 10th Floor
Sacramento, California 95814
Telephone: (916) 554-2762
Fax: (916) 554-2900

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA , and the STATE OF CALIFORNIA, et al., *ex rel.* LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE-AID CORPORATION,<br><br>Defendant. | 2:12-CV-1699 KJM EFB<br><br>**THE UNITED STATES' STATEMENT OF INTEREST RE THE COURT'S SUPPLEMENTAL BRIEFING QUESTIONS** |

The United States respectfully submits this Statement of Interest pursuant to 28 U.S.C. § 517 to provide a response to the legal questions relating to federal law raised by the Court in connection with Rite-Aid Corporation's ("Rite Aid") Motion to Exclude Plaintiffs' Proposed Sampling Methodology ("Motion to Exclude") and California's Opposition thereto ("Opposition"). The United States remains a real party in interest in this matter, even though it has not intervened in the action. *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994). The False Claims Act, 31 U.S.C. §§ 3729-3733, (the "Act") is the United States' primary tool used to redress fraud upon the government. *See Avco Corp. v. Department of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989), citing S. Rep. No. 345, 99th Cong., 2d Sess. 2 (1986). Accordingly, the United

States has a substantial interest in the development and correct application of the law in this area. Hence, we respectfully provide the following Statement of Interest.

California proposes to use randomly selected, stratified statistical sample sets developed during the investigatory stage of this case to prove its claims. *See* Expert Report No. 1 of Michael J. Petron, CPT, CFE ("Petron Report") at ¶ 16, Exh. A to ECF No. 204, Declaration of Emmanuel R. Salazar ("Salazar Decl."). At the hearing on Rite Aid's motion challenging California's proposed statistical sampling, the Court requested supplemental briefing on two questions:

1. Whether the use of statistical sampling to estimate details relating to false claims allegedly made by Rite Aid to Medi-Cal in order to receive reimbursement for dispensing Code 1 drugs is appropriate; and
2. Whether the Symmetry sample set should be invalidated because the associated sample frame cannot be replicated.

The United States contends that: (1) statistical sampling is an appropriate method to determine the details relating to false claims submitted; and (2) inability to replicate the sample frame associated with a sample set does not invalidate the sample.

I. <u>Statistical Sampling is Appropriate for Estimation of False Claims</u>

In *United States ex rel. Marcus v. Hess*, 317 U.S. 537 (1943), the Supreme Court established that damages under the Act are the amount the Government would not have paid had it known the true facts. *Id.* at 554-55. The high Court has recently noted that: "[a] representative or statistical sample, like all evidence, is a means to establish or defend against liability." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1046 (2016). California intends to utilize sampling to estimate the number of, percentage of, and total payments associated with false claims made by Rite Aid to Medi-Cal in order to receive reimbursement for dispensing Code 1 drugs by extrapolating from a statistically valid random sample of claims paid to Rite Aid. This use of sampling is appropriate.

Statistically valid random sampling is an accepted mathematical means for extrapolating from a manageable sample to a much larger, unmanageable universe in the False Claims Act context. *See, e.g., United States v. Rogan, 517 F.3d 449, 453 (7th Cir. 2008)* (rejecting argument

that court had to address each of the 1,812 claim forms, as "[s]tatistical analysis should suffice" in a False Claims Act case)*; United States v. Americus Mortg. Corp.*, Civ. A. No. 12-2676, 2017 WL 4083589, at *4 (S.D. Tex. Sept. 14, 2017) (in a False Claims Act case alleging FHA mortgage fraud, finding sampling evidence "provided a substantial basis for jury's verdict" to determine number of falsely underwritten loans); *United States v. Robinson*, Civ. A. No. 13-27, 2015 WL 1479396, at *10 (E.D. Ky. Mar. 31, 2015) ("statistical sampling methods and extrapolation have been accepted in the Sixth Circuit and in other jurisdictions as reliable and acceptable evidence in determining facts related to False Claims Act claims as well as other adjudicative facts") (citations omitted); *United States v. Fadul*, Civ. A. No. 11-0385, 2013 WL 781614, at *14 (D. Md. Feb. 28, 2013) (in case involving FCA and common law claims, finding the Government's extrapolated total of damages "represents the soundest measure of damages")*; United States v. Cabrera-Díaz*, 106 F. Supp. 2d 234, 237-41, 243 (D.P.R. 2000) (upholding sampling to establish False Claims Act liability and damages for default judgment); *Ill. Physicians Union v. Miller*, 675 F.2d 151, 155 (7th Cir.1982) (where a claim-by-claim review is a practical impossibility, it is reasonable to use statistical samples to audit claims to arrive at a rebuttable initial decision regarding damages); *Yorktown Med. Lab., Inc. v. Perales*, 948 F.2d 84, 89–90 n. 7 (2d Cir.1991) (use of statistical sampling and extrapolation to calculate overcharges does not violate a defendant's due process rights "[g]iven the low risk of error and the government interest in minimizing administrative burdens"). As one such decision explained: Given the "sheer scale" of Medicare and similar federal programs, "it is often not practicable to do a claim-by-claim review of each allegedly false claim in a complex FCA action." *Life Care,* 114 F. Supp. 3d at 571; *see also Ill. Physicians Union v. Miller,* 675 F.2d 151, 157 (7th Cir. 1982) ("in view of the enormous logistical problems of Medicaid enforcement, statistical sampling is the only feasible method available").

Given the jurisprudence on statistical sampling in False Claims Act cases and the critical role this tool plays in enforcement efforts, we respectfully ask this Court to decline ruling against California's use of statistical sampling to demonstrate details regarding false claims.

II. <u>Inability to Replicate the Sample Frame Should not Invalidate the Symmetry Sample</u>

Rite Aid's argument that the Symmetry sample must be invalidated because the software program used to create the sample frame cannot recreate the exact set of claims in the subject sample frame is untenable. The use of sampling involves initial decisions by the sampler, including:

a. Selecting the provider or supplier (here Rite Aid);

b. Selecting the period to be reviewed: The number of days, weeks, months or years for which sampling units will be reviewed.

c. Defining the sample frame (or universe) and the sampling units, defined as:

> **Sampling units** are the elements that are selected to be reviewed;
>
> **Sample frame (sometimes called sample universe)** is the listing of all the possible sampling units from which the sample is selected. It is the whole to which the sample findings will be extrapolated

d. Designing the sampling plan and selecting the sample:

> **Sample design** can be simple random sampling, systematic sampling, stratified sampling, and cluster sampling, or a combination of these.

Here, Rite Aid has received the Symmetry sample frame, along with sufficient information to understand the relatively simple function performed by the Symmetry program to create the sample frame – to search the diagnosis histories of Medi-Cal beneficiaries and flag claims where a Code 1 drug was dispensed to a beneficiary whose history did not include the required Code 1 diagnosis. It seems a drastic step with potential impact on enforcement efforts to invalidate a sample when Rite Aid (1) has the sample frame, (2) has full details (or can obtain full details) about the software function, and (c) has not identified any potential harm or reason to question the sample frame. Moreover, Rite Aid remains free to challenge the Symmetry sample if it contends the sample set is not representative of the sample frame, and it is the jury's role to determine the evidentiary value of the sampling. *See United States v. Life Care Centers of Am., Inc.*, 114 F. Supp. 3d 549, 572 (E.D. Tenn. 2014) (the weight to be given extrapolation

of a statistical sample is for the jury to decide, even when defendant raises “compelling arguments regarding the inherent limitations” associated with the subject sampling).

The United States therefore respectfully requests that the Court decline to find that replication is required in order for the results of a statistical sample to be considered/admissible.

DATED: July 29, 2019

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney
Eastern District of California

By: */s/ Catherine J. Swann*
CATHERINE J. SWANN
Assistant United States Attorney