1   XAVIER BECERRA
    Attorney General of California
2   VINCENT DICARLO
    Supervising Deputy Attorney General
3   BERNICE L. LOUIE YEW, State Bar No. 114601
    Deputy Attorney General
4   E-mail:  Bernice.Yew@doj.ca.gov
    EMMANUEL R. SALAZAR, State Bar No. 240794
5   Deputy Attorney General
    E-mail:  Emmanuel.Salazar@doj.ca.gov
6    2329 Gateway Oaks Drive, Suite 200
     Sacramento, CA 95833-4252
7    Telephone:  (916) 621-1835
     Fax:  (916) 274-2929
8
    *Attorneys for State of California*
9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

14   UNITED STATES OF AMERICA, et al., *ex             2:12-CV-1699 KJM EFB
     rel.* LOYD F. SCHMUCKLEY, JR.,
15                                                      **STATE OF CALIFORNIA'S NOTICE OF**
                       Plaintiffs,                      **MOTION AND MOTION FOR**
16                                                      **SANCTIONS FOR FAILURE TO**
            v.                                          **COMPLY WITH COURT ORDER ECF**
17                                                      **NO. 258 RELATING TO PRODUCTION**
                                                        **OF DOCUMENTS RESPONSIVE TO**
     RITE AID CORPORATION,                              **REQUEST FOR PRODUCTION OF**
18                                                      **DOCUMENTS NOS. 17-38**
                       Defendant.
19                                                      Hearing Date:  December 11, 2019
                                                        Hearing Time: 10:00 a.m.
20                                                      Courtroom: 8, 13th Floor

21   STATE OF CALIFORNIA *ex rel.* LOYD F.
     SCHMUCKLEY, JR.,
22
                       Plaintiff,
23
            v.
24
     RITE AID CORPORATION,
25
                       Defendant.
26

27

28

                                              1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE**

**NOTICE** that on December 11, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the above-entitled Court, located at 501 I Street, Sacramento, California 95814, Plaintiff-Intervenor State of California ("California"), by and through its attorneys of record, moves this Court for an order for sanctions against Defendant Rite Aid Corporation ("Rite Aid") for failing to comply with Court Order ECF No. 258 to produce all documents responsive to California's Request for Production of Documents ("RPD") Nos. 17 to 38.  ECF No. 258 at 2. Fed. R. Civ. P. 37(b)(2); L.R. 251.  California specifically asks the Court to

- prohibit Rite Aid from supporting its purported defense that it is an "improper defendant" or from introducing such defense in evidence, Fed. R. Civ. P. 37(b)(2)(A)(ii);

- striking Rite Aid's Thirteenth Affirmative Defense, i.e, "improper defendant", as alleged in its Amended Answer to California's Complaint-in-Intervention, ECF No. 147, and Rite Aid's Eleventh Affirmative Defense, i.e., "improper defendant", as alleged in its Amended Answer to to Relator's First Amended Complaint, ECF No. 146, Fed. R. Civ. P. 37(b)(2)(A)(iii);

- staying further proceedings until the order is obeyed, Fed. R. Civ. P. 37(b)(2)(A)(iv); and/or

- treating as contempt of court the failure to obey said Court Order ECF No. 258, Fed. R. Cvi. P. 37(b)(2)(A)(vii).

California also asks the Court to award reasonable expenses, including attorney's fees, caused by Rite Aid's failures.  Fed. R. Civ. P. 37(b)(2)(C).

**Grounds for Relief**

1.   On June 26, 2012, *Qui Tam* Plaintiff Loyd F. Schmuckley, Jr., filed a False Claims Act ("FCA") complaint under the provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), which triggered the Government's pre-intervention investigation whereby the United States Attorney's Office in the Eastern District of California issued to Rite Aid civil investigative demands pursuant to 31 U.S.C. § 3733(a).  In response thereto, Rite Aid had consistently claimed

2

1    responsibility for the ownership and operation of pharmacies dba "Rite Aid" statewide and

2    nationwide.  At no time during the pre-intervention investigation did Rite Aid mention Thrifty

3    Payless, Inc., Rite Aid Hdqtrs. Corp., or any other subsidiary or affiliate in its responses to

4    interrogatories and document requests.

5        2.    After conducting the FCA investigation, on September 21, 2017, California filed its

6    Complaint-in-Intervention ("CII"), ECF No. 75, alleging that "[f]rom 2007 to 2014, [Rite Aid]

7    knowingly submitted false pharmacy claims to Medi-Cal and expressly and impliedly made false

8    certifications through the Medi-Cal electronic claims submission and reimbursement process" in

9    connection with "Code 1" diagnosis requirements.  CII at ¶ 6.  Based mainly on information

10   received from Rite Aid in responses to this proceeding's civil investigative demands, California

11   also alleged the following:

12       a.    Rite Aid is a corporation organized and existing under the laws of the State of

13   Delaware, and its headquarters is in Pennsylvania.  CII at ¶ 12.  Rite Aid operates over 4,600

14   stores in the United States, 579 of which are in California.  CII at ¶ 49.  Rite Aid manages

15   operations by dividing the nation into divisions, regions, and groups.  Each region and group is

16   subdivided into 206 districts, whereby each district includes an average of 22 stores.  CII at ¶ 50.

17   Management of the pharmacies is two-fold: front-end and pharmacy operations.  With respect to

18   front-end operations, in descending order of seniority are the President and COO, Executive Vice

19   President of Store Operations, Divisional Senior Vice President, Regional Vice President, District

20   Manger, Store Manager, Assistant Store Manager and/or Shift Supervisor. CII at ¶ 51a.  With

21   respect to the pharmacy operations, in descending order of seniority are the President and COO,

22   Executive Vice President of Pharmacy Operations, Divisional Rx Vice President (added in 2011),

23   Rx Regional Vice President, Pharmacy District Manager, Pharmacy Manager, Staff Pharmacist,

24   and Pharmacy Technicians.  CII at ¶ 51b.

25       b.    Various Rite Aid executives completed and executed Medi-Cal Applications,

26   Medi-Cal Provider Agreements and/or Medi-Cal Telecommunications Provider and Biller

27   Agreements ("CMC Agreements"), whereby, Rite Aid, among other things, agreed to certify that

28   all claims information submitted electronically is accurate and complete; retain responsibility for

3

the verification of submitted claims with source documents; and not submit a claim until the required source documentation is completed and made readily retrievable in accordance with Medi-Cal statutes and regulations.  CII at ¶ 52.

       c.    Rite Aid pharmacies use Rite Aid's computer based dispensing system, connected by satellite to Rite Aid's host computers that allow patients to fill their prescription at any Rite Aid pharmacy across the country.  CII at ¶¶ 71-72.

       d.    Rite Aid offers special training programs for Pharmacy District Managers and District Managers, including tenure based training programs and annual Operations Meeting in March of ever year to learn of the company strategy, policies and procedures.  Attending managers are tasked with funneling the appropriate information to the pharmacists in their regions.  These managers are also responsible for identifying issues that occur within their stores, and addressing issues as appropriate.  CII at ¶ 67.

       e.    Rite Aid provides pharmacy associates,[1] various trainings, including nationwide trainings, orientations, computer based trainings ("CBT") and bulletins sent to the stores and/or provided on the Rite Aid Portal, in connection with Rite Aid's pharmacy operations.  CII at ¶¶ 62-65.

       f.    According to Rite Aid, it has implemented specific computer programming within its computer based dispensing system to handle the processing and dispensing of Medi-Cal Code 1 restricted drugs, which is the subject of this litigation.  CII at ¶¶ 81-86.  It has created corporate policies with respect to Code 1 compliance made available to pharmacy associates via Rite Aid's Web Portal.  CII at ¶ 87.  It also has provided training materials and bulletins to assist in complying with Code 1 requirements.  CII at ¶¶ 88-93.

       g.    Despite its Medi-Cal agreements, Rite Aid failed to check whether its compliance efforts were actually effective.  CII at ¶ 112.  Its pharmacy associates failed to make, keep, and maintain readily retrievable documents showing performance of required Code 1

---

[1] "Pharmacy associates" include Pharmacy Manager, Pharmacist, Pharmacist Overnight (24-hour), Lead Pharmacy Technician, Pharmacy Technician, Pharmacy Graduate Intern, and Pharmacy Undergraduate Intern.  CII at ¶¶ 54-61.

4

1  diagnosis reviews, and Rite Aid failed to verify whether its pharmacy associates reviewed,

2  verified, and completed source documentation for claims to meet Code 1 requirements.

3       3.    On January 19, 2018, Rite Aid filed a 12(b)(6) motion to dismiss.  Denying said

4  motion, the Court found, among other things and relevant here, that California sufficiently alleged

5  the FCA element of scienter in the form of corporate reckless disregard (like an "ostrich burying

6  its head in the sand"), as well as scienter imputable to the corporation in the form of pharmacy

7  associates' actual knowledge of Code 1 violations through the resubmission process.  ECF No.

8  134 at 6-8.

9       4.    On October 31, 2018, Rite Aid filed its First Amended Answer to California's CII,

10  ECF No. 147, where Rite Aid claimed as an affirmative defense that it is an "improper

11  defendant."  California moved to strike said affirmative defense, ECF No. 158.  The parties,

12  however, agreed to conduct further meet-and-confer efforts relating to this affirmative defense of

13  "improper defendant."  In this regard, in a Joint Statement filed February 8, 2019, the parties

14  proposed that they be allowed more time to further meet and confer on the subject.  The parties

15  proposed that Plaintiffs have until July 15, 2019 to either reach a Stipulation with Rite Aid or file

16  a motion for leave to amend their pleading and/or add new defendants.  ECF No. 188.  The Court

17  granted that request.  The parties continued to meet and confer, then jointly moved to extend the

18  July 15, 2019 deadline to August 26, 2019; the Court granted that motion as well.  ECF Nos. 224,

19  227.

20       5.    In part to prove the FCA element of scienter, understand Rite Aid's "improper

21  defendant" defense, and determine Rite Aid's liability under the "passive beneficiary" or "alter

22  ego" doctrines, among other FCA legal theories of liability, on July 19, 2019, California

23  propounded RPD Nos. 17 to 38, which sought from Rite Aid, as a named defendant and as a

24  parent corporation of wholly owned subsidiaries and majority-owned affiliates that owned or

25  operated Rite Aid-branded pharmacies in California, documents that would bring to light the

26  structure, workings, and relationships of the Rite Aid corporate family.  E.g., California requested

27  intra-/inter-corporate agreements (RPD No. 17), parent/subsidiary organizational charts (RPD No.

28  19), executive/management organizational charts (RPD No. 20), lists of boards of directors (RPD

1  Nos. 21, 22), board meeting agendas and minutes (RPD Nos. 23-26), agreements relating to Rite

2  Aid's computer based dispensing system (RPD No. 27), communications relating to Medi-Cal

3  and Code 1 (RPD Nos. 28-29), corporate ownership and stock/fund transfers (RPD Nos. 31, 37-

4  38), and subsidiaries' policies relating to Code 1 compliance, audits, and treatment authorization

5  requests. (ECF Nos. 32-36).

6        6.    The parties continued to meet and confer about the "improper defendant" defense and

7  have since obtained leave to extend Plaintiffs' deadline to file a Stipulation (by November 12,

8  2019) or file an appropriate motion (by December 2, 2019).  ECF Nos. 242 and 244.  By

9  stipulation, the Court also ordered that Rite Aid complete production of documents responsive to

10  California's RPD Nos. 17 to 38 (Set No. 7), by October 25, 2019.  ECF No. 244 at 7.

11        7.    On August 30, 2019, RiteAid served its original responses and objections to

12  California's RPD Nos. 17 to 38.  Thereafter, California discussed its many concerns to Rite Aid,

13  which, in turn, served amended responses on October 2, 2019.

14        8.    Upon review of the amended responses, California still finds Rite Aid's further

15  responses woefully deficient and its objections unsupported.  Among California's concerns are

16  the following:

17       •    Rite Aid's failure to provide a privilege log, Fed. R. Civ. P. 26(b)(5)(A);

18       •    Rite Aid's failure to state whether it will produce documents responsive to the

19  requests, which may be in the possession or custody of its subsidiariese or affiliates, Fed. R. Civ.

20  P. 26(a)(1)(A)(ii); *see also In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 545 (N.D. Cal. 2005);

21       •    Rite Aid's failure to specify whether it will meet the October 25, 2019 court-

22  ordered deadline of production, Fed. R. Civ. P. 34(b)(2)(B);

23       •    Rite Aid's failure to specify whether it is withholding documents based on an

24  objection, Fed. R. Civ. P. 34(b)(2)(C);

25       •    Rite Aid's failure to identify Bates stamp numbers of documents responsive to

26  the requests, Fed. R. Civ. P. 34(b)(2)(E)(i); and

27

28

- Rite Aid's selective production of responsive documents, e.g., failing to indicate whether it will produce documents relating to agreements between Rite Aid and—what appears to be an intermediary subsidiary between Rite Aid and Thrifty Payless, Inc.—Rite Aid Hdqtrs. Corp.

10. The parties met and conferred by meetings in person, telephonic conferences, written correspondences, and e-mails. These efforts, however, were unsuccessful.

11. Because of the then court-ordered discovery and case-related deadlines, ECF No. 244, among which are the November 12, 2019 deadline to file a stipulation, if agreed upon, to amend the named defendant with relation back; the December 2, 2019 deadline to file Plaintiffs' motion to amend the pleadings; and the March 27, 2020 deadline to complete fact discovery, on October 9, 2019, California filed its Notice of Motion and Motion to Compel Further Responses and Production of Documents Responsive to RPD Nos. 17 to 38. Hearing thereof was scheduled for October 30, 2019.

12. Having reviewed the Joint Statement re: California's Motion to Compel Further Responses and Production of Documents and Production of Documents Responsive to RPD Nos. 17 to 38, and after hearing oral argument, the Court, among other things, ordered "Rite Aid shall produce all documents responsive to California's RPD Nos. 17-38 by no later than November 25, 2019." ECF No. 258 at 2.

13. Subsequently, on November 8, 2019, the Court approved the Parties stipulation and ordered, relevant here, the following:

| Event | Date |
| --- | --- |
| Deposition(s) of Rite Aid 30(b)(6) witnesses relating to Rite Aid's "improper defendant" defense | Complete by January 31, 2020 |
| Parties' stipulation, if agreed upon, to amend the named defendant with relation back (including removal of Rite Aid Corporation from pleadings) | File by February 28, 2020 |
| Plaintiffs' motion to amend the pleadings (if necessary following Parties' inability to stipulate) | File by April 3, 2020 |
| Defendant's opposition to motion to amend | File by May 1, 2020 |
| Plaintiffs' reply re motion to amend | File by May 15, 2020 |

7

| Hearing on Plaintiffs' motion to amend the pleadings | TBD |
|---|---|

14.    On October 15, October 23, October 30, November 18, and November 25, 2019, Rite Aid produced, in parts, yet without designations, documents purportedly in response to RPD Nos. 17 to 38.  On November 25, 2019, Rite Aid provided a supplemental response designating the Bates stamp numbers purportedly responsive to RPD Nos. 17 to 38.

15.    Upon review of Rite Aid's productions of documents, we find Rite Aid failed to comply with Court Order ECF No. 258.  Rite Aid did not produce all responsive documents to RPD Nos. 17 to 38, and in fact withheld documents that were relevant to its purported defense that it is an "improper defendant."  For example,

a.    In response to RPD No. 18, which sought subsidiary/entity organization charts for the years 2006 to the present, Rite Aid produced subsidiary/entity charts only for years 2015 to 2018, which do not cover the relevant period of claims, i.e., 2007 to 2014.

b.    For RPD No. 19, which sought Rite Aid Corporation executive/officials organizational charts for the years 2006 to the present, Rite Aid again produced charts only for years 2015 onward.

c.    In response to RPD Nos. 20 and 22, which sought Thrifty Payless and other CA-related subsidiary executive/officials organization charts and board of directors for 2006 to the present, Rite Aid only produced documents relating to 2019.

d.    For RPD Nos. 23 to 26, which sought documents relating to agendas and minutes of related corporate entities, Rite Aid did not produce anything, based on its claim that the agreed-upon search terms did not yield a result.  Rite Aid did not identify the scope of documents that were included for which the search terms were applied.  Nor did Rite Aid identify the search terms it used.  While Rite Aid seemed to claim a privilege, log of which will be due on December 20, 2019, rather than redacting privileged portions, Rite Aid withheld wholly responsive documents.

8

1        e.     In response to RPD Nos. 28 and 29, which sought intra- and inter-corporate

2   Communications relating to Code 1, Rite Aid, without our agreement, unilaterally limited its

3   search to Board of Director meeting minutes and agendas.

4        f.     In response to RPD Nos. 30 and 31, which sought bank statements of accounts

5   that received Medi-Cal funds, to see where the monies went, Rite Aid redacted almost every entry

6   in the documents except for payment receipts from the State of California, disallowing Plaintiffs

7   to trace the monies and discover which Rite Aid entity benefitted from the Medi-Cal payments.

8       16.    Because of Rite Aid's serious noncompliance with Court Order ECF No. 258, in

9   failing to produce all documents responsive to RPD Nos. 17 to 38, all such documents would

10   have shed light on Rite Aid's purported "improper defendant" defense, and because of the case-

11   related deadlines in this matter, California respectfully moves for sanctions pursuant to Federal

12   Rule of Civil Procedure 37(b).

13                            Respectfully submitted,

14   Dated:  November 27, 2019       XAVIER BECERRA

15                            Attorney General of California

16                            */s/ Emmanuel R. Salazar*

17                            _____

18                            EMMANUEL R. SALAZAR
                                Deputy Attorney General

19                            *Attorneys for Plaintiff State of California*

20

21

22

23

24

25

26

27

28

STATE OF CALIFORNIA'S NTC. OF MOTION AND MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER
ECF NO. 258 RE: PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION OF DOCUMENTS NOS. 17-38

1

**PROOF OF SERVICE OF DOCUMENT**

2

I am over the age of 18 and not a party to this action.  My business address is:  2329 Gateway Oaks Drive, Suite 200, Sacramento, CA 95833.

3

4

A true and correct copy of the foregoing document entitled:

5

**STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH A COURT ORDER ECF NO. 258 RELATING TO PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION OF DOCUMENTS, NOS. 17-38**

6

7

was served in the manner stated below:

8

**SERVED BY CM/ECF SERVICE**:  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 135, on 11/27/2019, I served the following persons and/or entities by the Court's CM/ECF service:

9

10

Eric W. Sitarchuk
Kelly A. Moore
Benjamin P. Smith
Kevin Papay

11

Morgan, Lewis & Bockius, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596

12

13

Catherine J. Swann

14

United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA 95814

15

16

Michael L. Armitage
Wm. Paul Lawrence

17

Charles S. Segal
c/o Waters & Kraus

18

3141 Hood Street, Suite 700
Dallas, TX 75219

19

Jennifer L. Bartlett

20

Brian P. Barrow
Bartlett Barrow LLP

21

225 S. Lake Avenue, Suite 300
Pasadena, CA 91101

22

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

23

24

11/27/2019                Sharon Brecht                    */s/ Sharon Brecht*

25

_____    _____    _____
*Date*                    *Printed Name*                    *Signature*

26

27

28