UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF CALIFORNIA, et al., ex rel LOYD F. SCHMUCKLEY, JR., <br><br>Plaintiffs, <br><br>v. <br><br>RITE AID CORPORATION, <br><br>Defendant. | No. 2:12-cv-1699-KJM-EFB <br><br>ORDER |

In this *qui tam* action, Relator Lloyd F. Schmuckley, Jr. and the State of California ("plaintiffs") move to strike defendant's affirmative defenses under Federal Rule of Civil Procedure 12(f). Defendant opposes. For the below reasons, plaintiffs' motion is GRANTED in part and DENIED in part.

I. BACKGROUND

Under the False Claims Act (FCA), a private individual can bring an action known as a *qui tam* action on behalf of the United States government against any individual or company who has knowingly presented a false or fraudulent claim to the government. *United States ex rel. Anderson v. Northern Telecom*, 52 F.3d 810, 812–13 (9th Cir. 1995). Here, relator Loyd F. Schmuckley alleges Rite Aid has submitted false claims for reimbursement in prescribing "Code

1" drugs, which may not be reimbursed unless certain requirements are met. First Am. Compl. (FAC) ¶¶ 3, 21, ECF No. 79. Specifically, these Code 1 drugs have restrictions based on patient age or diagnosis that must be met before the appropriate government entity, here Medi-Cal, will reimburse for prescriptions for that medication. *Id.* ¶ 23. According to Schmuckley, "California regulations explicitly state that the pharmacist must have documentation of the patient's diagnosis, in order for Medi-Cal to reimburse the prescription." *Id.* ¶ 24.

California intervened in this case on claims under the California FCA (CFCA) and filed its Complaint-In-Intervention, alleging Rite Aid failed to comply with "Code 1 restrictions." Complaint-In-Intervention (CII) ¶ 4, ECF No. 75. More specifically, California alleges that "[f]rom 2007 to 2014, [Rite Aid] knowingly submitted false pharmacy claims to Medi-Cal and expressly and impliedly made false certifications through the Medi-Cal electronic claims submission and reimbursement process." *Id.* ¶ 6.

Defendant filed a First Amended Answer to Relator's First Amended Complaint ("Relator Answer"), ECF No. 146, and a First Amended Answer to California's Complaint-In-Intervention ("State Answer"), ECF No. 147. Plaintiffs jointly moved to strike all affirmative defenses under Rule 12(f). Mot., ECF No. 158. Defendant opposed, ECF No. 173, and plaintiffs replied, ECF No. 186. The court heard oral argument on the motion on January 25, 2019, and issued a bench order granting plaintiffs' motion to strike the following affirmative defenses (numbered according to defendant's Answer to Relator's Complaint): 5th (good faith), 7th (no treble damages), 8th (no attorney's fees), 10th (denial of actual injury), 13th (compliance with industry standards), and 14th (not willful or knowledgeable). *See* ECF No. 187. In a joint statement submitted after hearing, the parties asked the court to allow them until July 15, 2019 to meet and confer and prepare a stipulation regarding the 11th affirmative defense in defendant's Answer to Relator's Complaint. ECF No. 188. The court later extended this deadline to February 28, 2020. ECF No. 260. Because the parties are still attempting to agree on this issue, the court declines to resolve it in this order, but instead resolves the remainder of the issues raised in plaintiffs' motion and not addressed at hearing, below.

////

## II. LEGAL STANDARD

The court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "A defense may be insufficient as a matter of pleading or as a matter of law." *Cal. Brewing Co. v. 3 Daughters Brewing LLC*, No. 2:15-cv-02278-KJM-CMK, 2016 WL 4001133, at *1 (E.D. Cal. Jul. 26, 2016) (citation omitted).

### A. Affirmative Defenses Generally

"[A]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program,* 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (citation omitted). "It is a defense on which the defendant has the burden of proof." *Id.* at 1174. On the other hand, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense," but a negative defense. *Zivkovic v. S. California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002) (citation omitted). While courts rarely grant Rule 12(f) motions to strike affirmative defenses, if an affirmative defense is, in actuality, a negative defense and should instead be included as a denial in the answer, the motion to strike will be granted. *See Barnes,* 718 F. Supp. 2d at 1173–1174.[1]

### B. Insufficiency as a Matter of Pleading

Consistent with the nomenclature, a party must affirmatively state its affirmative defenses. Fed. R. Civ. P. 8(c)(1). Generally, the pleading standard is met if the affirmative defense provides "fair notice." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)

---

[1] District courts in this Circuit are split on this issue. Other courts have held that, where a defense is not a proper affirmative defense, but rather a "disguised denial," a motion to strike is improper and must be denied. *Carlock v. RMP Fin.*, No. 03-CV-0688 W (AJB), 2003 WL 24207625, at *4 (S.D. Cal. Aug. 5, 2003); *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 471 (S.D. Cal. 2013) ("The Court fails to see how identifying a defense as 'affirmative,' when in actuality it is not, makes that defense legally insufficient"). This court followed the approach of the Northern District of California in *Barnes* in *J & J Sports Prods., Inc. v. Angulo*, No. 2:14-CV-02666-KJM, 2015 WL 5020725, at *2 (E.D. Cal. Aug. 21, 2015), and continues to follow that approach here.

("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). To provide fair notice, the defendant must "identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of facts upon which the defense is based." *Dodson v. Munirs Co.*, No. CIV. S-13-0399 LKK/DAD, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013) (citation omitted). The fair notice standard is a "low bar" that does not require great detail, but requires "some factual basis" for the affirmative defense. *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016) (citations omitted). Merely referring to the doctrine or statute generally does not provide "fair notice" to the other party, though some courts will accept such references where the defense is well-established. *Id.* at 992–93 (collecting cases).

Some courts have applied a heightened pleading standard to affirmative defenses since the Supreme Court's articulation of heightened pleading standards for claims in complaints in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), while others apply the more lenient fair notice standard reviewed above. *Compare Gencarelli v. Twentieth Century Fox Film Corp.*, No. 2:17-02818-ODW (AJW), 2018 WL 376664, at *2 (C.D. Cal. Jan. 11, 2018) (*Twombly*/*Iqbal* apply to affirmative defenses), *and Wang v. Golf Tailor, LLC*, No. 17-cv-00898-LB, 2017 WL 5068569, at *4 (N.D. Cal. Nov. 3, 2017) (*Twombly* and *Iqbal* apply to affirmative defenses), *with Am. GNC Corp. v. LG Electronics Inc.*, No. 17-cv-01090-BAS-BLM, 2017 WL 4792373, at *2 (S.D. Cal. Oct. 24, 2017) ("fair notice" applies to affirmative defenses), *and Neylon v. Cty. of Inyo*, No. 1:16-cv-0712 AWI JLT, 2017 WL 3670925, at *2 (E.D. Cal. Aug. 25, 2017) ("fair notice" applies to affirmative defenses). Plaintiffs urge this court to apply the former. *See* Mot. at 12–13.

Consistent with its previous determinations, the court declines to apply the heightened standard. *See, e.g.*, *L.F. by & through Brown v. City of Stockton*, No. 2:17-CV-01648-KJM-DB, 2018 WL 3817558, at *2 (E.D. Cal. Aug. 10, 2018) (clarifying court's reasoning regarding decision not to apply heightened standard). The "fair notice" standard therefore guides the court's analysis below.

C. <u>Insufficiency as a Matter of Law</u>

As noted, a motion to strike an affirmative defense is appropriate as a matter of law if the affirmative defense is redundant, immaterial, impertinent or scandalous. Fed. R. Civ. P. 12(f). An allegation is "redundant" if it is needlessly repetitive or wholly foreign to the issues involved in the action. *Cal. Dep't. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citation omitted). An allegation is "immaterial" if there is no essential or important relationship to the pleaded claims or defenses. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990)), *overruled on other grounds, Fantasy v. Fogerty*, 510 U.S. 517 (1994). An allegation is "impertinent" if it consists of statements "that do not pertain, and are not necessary, to the issues in question." *Id.* An allegation is "scandalous" if it casts a "cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). The court applies these standards in evaluating each affirmative defense.

III. <u>DISCUSSION</u>

    A. <u>First Affirmative Defense: Failure to State a Claim</u>

Defendant's first affirmative defense states that plaintiffs' complaints "fail[] to state a claim upon which relief may be granted under Federal Rules of Civil Procedure 8 and 9(b)." Relator Answer at 9; State Answer at 25. However, affirmative defenses are meant to "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Co. v. Main Hurdman,* 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo,* 446 U.S. 635, 640–41 (1980)). As plaintiffs correctly asserts, defendant's first affirmative defense challenges plaintiffs' prima facie case and therefore is not properly raised as an affirmative defense. *See J & J Sports Prods., Inc. v. Angulo*, 2015 WL 5020725, at *2 ("Failure to state a claim is not an affirmative defense, rather it is an assertion of a defect in a plaintiff's prima facie case.") (citation omitted). Additionally, defendant raised this argument in its motion to dismiss, and the court denied the

motion on the merits. *See* ECF Nos. 101, 134. Accordingly, plaintiffs' motion to strike defendant's first affirmative defense is GRANTED, as it is insufficient as a matter of law.

  B. <u>Second Affirmative Defense: Laches</u>

Defendant's second affirmative defense states that plaintiffs' complaint should be dismissed because it is barred by the doctrine of laches. Specifically, defendant contends: "Based on information and belief, the State of California has had since approximately June 2012 to investigate and prosecute any claims it wished to pursue against Rite Aid. The State of California did not file its Complaint in this action until September 2017." Relator Answer at 9; State Answer at 25. Defendant also adds "Rite Aid contends that the former three-year document retention requirement [of the operative statute] applies as limitation [sic] on the State's allegations to the extent they concern the purported absence of records for prescriptions dating back to 2007." *Id.*

To establish the affirmative defense of laches, "a defendant must allege neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. 11–197, 2011 WL 3809933, at *3 (C.D. Cal. Aug. 25, 2011) (internal quotation marks and citation omitted). Here, the allegations of the second affirmative defense provide sufficient factual basis to put plaintiffs on notice of the defense. Defendant's statement regarding the former three-year document retention requirement, though not explicitly phrased to invoke the prejudice requirement, is sufficient to put plaintiffs on notice of defendant's factual basis for showing prejudice, a required element of laches.

Plaintiffs also claim the laches defense is insufficient as a matter of law, because the government is "not subject to a defense of laches when enforcing its rights." Mot. at 17. Generally speaking, the government is not subject to a laches defense when enforcing a public right. *United States v. Summerlin*, 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not . . . subject to the defense of laches in enforcing its rights.") (citation omitted); (citing *United States v. Menatos*, 925 F.2d 333, 335 (9th Cir. 1991) ("The government is not subject to

the defense of laches when enforcing its rights.") (citations omitted), *superseded by statute on other grounds, as recognized in United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir. 1994)). However, the law on this issue is not as clear-cut as plaintiffs contend. The Ninth Circuit has observed that a laches defense may be available if defendant can show "affirmative misconduct on the part of the United States." *United States v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978) ("It may be that th[e] rule [that laches is not available against the government] is subject to evolution as was the traditional rule that equitable estoppel would not lie against the government."); *see also United States v. Batson*, 608 F.3d 630, 633 n.3 (9th Cir. 2010) (although "laches traditionally is not a defense against the United States . . . that doctrine is not as rigid as it once was"); *United States v. Gibson Wine Co.*, No. 1:15-CV-1900-AWI-SKO, 2016 WL 1626988, at *6 (E.D. Cal. Apr. 25, 2016) (declining to strike laches defense against the government as legally insufficient)). This defense is not insufficient as a matter of law and the plaintiffs' motion to strike the defense is DENIED.

   C.  Third Affirmative Defense: Statute of Limitations

Defendant's third affirmative defense states that plaintiffs' claims are barred by the statutes of limitations for the CFCA and the FCA. *See* Relator Answer at 10; State Answer at 26.

Defendant argues that "[q]uestions of fact exist as to what Plaintiffs knew and when concerning the factual bases of its allegations against Rite Aid," Opp'n at 11. The FCA contains a statute of limitations of "six years after the date on which the violation [of the statute] is committed" or "three years after the date when facts material to the right of action are known" by the prosecuting authority, but in no event more than 10 years after the date of the violation itself. At all times relevant, the FCA's statute of limitations included the phrase "whichever occurs last, meaning "[w]hichever period provides the later date serves as the limitations period." *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507, 1510 (2019) (interpreting FCA statute of limitations); 31 U.S.C. § 3731(b). In other words, the date plaintiffs learned of the alleged violations serves to extend the limitations period as to the FCA claims if that date occurs more than three years after the violation, but it does not serve to shorten the statute of limitations. Regardless, Relator's complaint is not expressly limited to any time period,

so could theoretically include claims dating back further than would be allowed. *See* Relator's First Am. Compl. at 11(FCA claim), 13 (CFCA claim). As such, the statute of limitations is relevant with respect to the Relator's FCA and CFCA claims, as it may serve to limit the time period available for claims. The court DENIES the motion to strike this defense in the Answer to the Relator's complaint.

By contrast, at the time of the alleged violations and when Relator's original complaint was filed, the CFCA's statute of limitations ran "three years after the date of discovery by the Attorney General or prosecuting authority . . . or, in any event, not more than 10 years after the date on which the violation . . . was committed." Cal. Gov't Code § 12654(a) (effective 1987 to Dec. 31, 2009); Cal. Gov't Code § 12654(a) (effective Jan. 1, 2010 to Dec. 31, 2012). The statute did not include the caveat contained in the FCA provision, though that provision has been incorporated in the post-January 1, 2013 version. *Compare* Cal. Gov't Code § 12654(a) (effective through 2012), *with* Cal. Gov't Code § 12654(a) (effective Jan. 1, 2013 to present) (". . . whichever of the aforementioned occurs last."). Thus, the pre-2013 version of the statute limits the time period for filing a claim to three years after the date the "prosecuting authority" learns of the violations.

"[A] newly enacted statute that lengthens the applicable statute of limitations may not be applied retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme because to do so would alter the substantive rights of a party and increase a party's liability." *Chenault v. U.S. Postal Serv.*, 37 F.3d 535, 539 (9th Cir. 1994) (internal quotation marks omitted). The court applies the statute of limitations in effect at the time of the alleged violations. *See Benjamin v. Coker*, No. CV-06-1207-PHX-SMM, 2006 WL 3741934, at *2 (D. Ariz. Nov. 3, 2006), *on reconsideration,* No. CV061207PHXSMM, 2007 WL 433574 (D. Ariz. Feb. 6, 2007) (applying version of statute of limitation in effect when plaintiff discovered violations leading to his Fair Credit Reporting Act claims). Therefore, the date of plaintiffs' knowledge is relevant insofar as it may serve to trigger the three-year statute of limitations period for the state's CFCA claims. *See U.S. ex rel. Hoggett v. Univ. of Phoenix*, No. 2:10-CV-02478-MCE, 2012 WL 2681817, at *6 (E.D. Cal. July 6, 2012) (discussing pre-amendment statute of

limitations as potentially limited to three years where defendant can show relevant officials put on notice); *Safeco Ins. Co. of Am. v. City of Los Angeles*, No. CV1009162RGKJCGX, 2011 WL 13217763, at *4 (C.D. Cal. Sept. 26, 2011) (same). Plaintiffs have not shown that "under no set of circumstances could the defense succeed," with respect to California's complaint-in-intervention; the court DENIES the motion to strike the defense in the State Answer as well. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 16-CV-01393-JST, 2017 WL 635291, at *4 (N.D. Cal. Feb. 16, 2017).

Additionally, the defense in both Answers states that, to the extent plaintiffs' claims "concern the purported absence of records for prescriptions dating back to 2007," "the former three-year document retention requirement of the pre-2018 operative version of Cal. Wel. & Inst. Code § 14124.1 . . . applies as a limitation . . . ." Relator Answer at 10. Plaintiffs do not cite any contrary authority, but rather simply point to the statutes of limitations included in the FCA and the CFCA. This defense is not legally insufficient. The court declines to strike it in either of defendant's Answers.

D. <u>Fourth Affirmative Defense: Waiver, Consent, Ratification, and/or Acquiescence</u>

Defendant's fourth affirmative defense states: "Based upon information and belief, and subject to discovery of facts in support of this defense before trial, Rite Aid contends that the facts discovered will show that the circumstances surrounding any alleged regulatory violation by Rite Aid would not, and in fact did not, affect the State's payment decision even if known to the State, constituting a ratification and/or waiver of any alleged wrongdoing." Relator Answer at 10; State Answer at 26. When pressed at hearing, counsel for defendant was unable to clarify the applicability of consent, ratification and acquiescence to this case and essentially conceded the defense is intended as simply a waiver defense. The court GRANTS the motion to strike the "consent, ratification and/or acquiescence" defenses and analyzes only the waiver defense.

Plaintiffs argue that, as a matter of law, waiver is not an available defense in an FCA action. Mot. at 19 (citing *United States ex rel. Jordan v. Northrop Grumman Corp.*, 2002 WL 35454612, at *7 (C.D. Cal. August 5, 2002)). However, the *Jordan* court actually held that it was "appropriate for Defendant to assert the affirmative defense of ratification or waiver against

9

the Government's FCA claim at this stage" because "the knowledge possessed by officials of the United States may be highly relevant . . . [and] may show that defendant did not submit its claim in deliberate ignorance or reckless disregard of the truth." *Jordan*, 2002 WL 35454612, at *8 (quoting *United States ex rel. Hagood v. Sonoma County Water Agency*, 929 F.2d 1416, 1420 (9th Cir. 1991)); *but see United States v. DynCorp Int'l LLC*, 282 F. Supp. 3d 51, 57 (D.D.C. 2017) (striking waiver defense in FCA case because defendant could not show "the government waived its FCA and fraud claims without showing that DOJ had the unmistakable intent to waive"). In light of this authority, the gravamen of defendant's fourth affirmative defense is not insufficient as a matter of law.

Specifically, to establish a defense of waiver, a defendant must show the plaintiff "intentionally relinquished or abandoned a known right." *Desert European Motorcars, Ltd.*, 2011 WL 3809933, at *2 (citing *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997)). Defendant's Answers put plaintiffs on notice that defendant alleges plaintiffs intentionally relinquished a right when they allegedly ratified defendant's conduct by processing the payment with knowledge of defendant's alleged falsities. *See* Relator Answer at 10 ("Rite Aid contends that the facts discovered will show that the circumstances surrounding any alleged regulatory violation by Rite Aid would not, and in fact did not, affect the State's payment decision even if known to the State, constituting a ratification and/or waiver of any alleged wrongdoing.").

Accordingly, the court DENIES plaintiffs' motion to strike defendant's waiver defense.

E. Sixth Affirmative Defense: Failure to Mitigate

In this defense, defendant pleads that "[b]ased upon information and belief . . . Rite Aid contends that the facts discovered will show that the State failed to take reasonable steps to mitigate any potential damages it claims in its Complaint." Relator Answer at 11; State Answer at 27.

Plaintiffs argue that, as a matter of law, this defense must fail because "the Government has no duty to mitigate damages in fraud actions, including those under the FCA." Mot. at 21 (quoting *United States ex rel. Monahan v. Robert Wood Johnson Univ. Hops.*, No. 02-

10

5702 (JAG), 2009 U.S. Dist. Lexis 111347, at *21 (D.N.J. Dec. 1, 2009)). Although there is some authority for the argument that the United States does not have a duty to mitigate damages for a claim under the FCA, *see Jordan*, 2002 WL 35454612, at *16, the same authority also concludes the government does have a duty to mitigate damages with respect to a claim for payment by mistake, *id.* at *17. Because the State also brings a claim for payment by mistake, this defense is not insufficient as a matter of law. *See* CII ¶¶ 127–130.

Defendant has sufficiently pleaded the affirmative defense as a factual matter. A generalized statement meets a party's pleading burden with respect to a damages mitigation affirmative defense. *Kaur v. City of Lodi*, No. 2:14-CV-00828-TLN-AC, 2016 WL 627308, at *2 (E.D. Cal. Feb. 17, 2016) (citing *Eurow & O'Reilly Corp. v. Superior Mfg. Grp., Inc.*, No. CV 14-6595-RSWL VBKX, 2015 WL 1020116, at *3 (C.D. Cal. Mar. 6, 2015)). When, as here, discovery has barely begun, defendants are not required to plead with more facts; this defense is sufficiently pleaded without additional facts. *Ganley v. Cty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *6 (N.D. Cal. Mar. 22, 2007).

Plaintiffs' motion to strike defendant's sixth affirmative defense for failure to mitigate is DENIED.

F. <u>Ninth Affirmative Defense: Failure to Exhaust Administrative Remedies</u>

Defendant's ninth affirmative defense, pleaded only in response to the State's common count of payment by mistake, states "the court lacks jurisdiction of this cause of action because the State has failed to exhaust administrative remedies for resolution of its claims." State Answer at 28. Plaintiffs argue this defense is insufficient as a matter of law, because there is no authority requiring the exhaustion of administrative remedies for claims of payment by mistake. Mot. at 24. Defendant does not cite any authority in support of their position. Opp'n at 12. Conversely, neither party has identified authority for the proposition that a public entity need not exhaust administrative remedies for such a claim. There is some authority suggesting exhaustion of administrative remedies may be necessary for a claim of payment by mistake, if it "arises under" the Medicare statute or is subject to the Contract Disputes Act. *See United States v. Kaiser Found. Health Plan, Inc.*, No. 12-CV-03896-WHO, 2013 WL 4605096, at *2 (N.D. Cal.

Aug. 28, 2013) (discussing defendant's argument that plaintiffs' FCA claim actually "arises under" the Medicare Act and therefore must be dismissed for failure to exhaust administrative procedures, but ultimately holding for government); *Jordan*, 2002 WL 35454612, at *5 (discussing defendant's affirmative defense that court lacked jurisdiction over payment by mistake claim because government failed to exhaust administrative remedies available under the Contract Disputes Act, 41 U.S.C. § 605(a)). Given the lack of controlling authority on the subject and the stage of the case, the court DENIES the motion to strike this defense.

G. Ninth/Tenth Affirmative Defenses: No Jurisdiction Because Relator is not an "Original Source"

Defendant's ninth affirmative defense to Relator's claims and tenth affirmative defense to the State's claims pleads that "the court lacks jurisdiction over the allegations under the False Claims Act because the Relator is not an 'original source' of the information as defined by 31 U.S.C. § 3730(e)(4)(B)." Relator Answer at 11–12; State Answer at 28. Rather, defendant contends the information relating to plaintiffs' claims "was publicly disclosed in the news media prior to Relator's filing his original complaint . . . ." *Id.*

Defendant pleads sufficient facts to put plaintiffs on notice of defendant's argument that Relator may not be the "original source." The statute's original-source requirement is an appropriate affirmative defense. *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1102 (9th Cir.) (FCA's original-source requirement, once a jurisdictional bar, is now an affirmative defense), *cert. denied*, 137 S. Ct. 2309 (2017). The court DENIES the motion to strike this defense. *See United States v. Ctr. for Diagnostic Imaging, Inc.*, No. C05-0058RSL, 2011 WL 6300174, at *3 (W.D. Wash. Dec. 16, 2011) (declining to strike similar defense in FCA action).

H. Leave to Amend

Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. Fed. R. Civ. P. 15(a)(2); *Wyshak*, 607 F.2d at 826 (9th Cir. 1979). However, courts may deny leave to amend where "any amendment would be futile." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). As to the defenses of consent, ratification

and/or acquiescence, the court does not grant leave to amend, because counsel has conceded the defenses are not relevant. The defense of failure to state a claim is insufficient because it is not properly pled as an affirmative defense; to the extent defendant did not include this denial in the appropriate section of the Answer, the court grants defendant leave to amend to do so.

IV. CONCLUSION

For the above reasons, plaintiffs' motion to strike is GRANTED in part and DENIED in part, as follows. Specifically, the motion to strike the

- First Affirmative Defense (failure to state a claim) is GRANTED;
- Second Affirmative Defense (laches) is DENIED;
- Third Affirmative Defense (statute of limitations) is DENIED;
- Fourth Affirmative Defense (waiver, consent, ratification, and/or acquiescence) is GRANTED as to consent, ratification and acquiescence, and DENIED as to waiver;
- Sixth Affirmative Defense (failure to mitigate) is DENIED;
- Ninth Affirmative Defense (State) (failure to exhaust administrative remedies) is DENIED; and
- Ninth (Relator)/Tenth (State) Affirmative Defense (no original source) is DENIED.

Leave to amend is GRANTED to the extent provided by the court's order with respect to defendant's first affirmative defense (failure to state a claim), but DENIED as to consent, ratification, and/or acquiescence.

This order resolves ECF No. 158, except with respect to defendant's improper defendant defense, which will be resolved either by stipulation or by a motion to amend the complaint subject to the parties' agreement and timeline discussed in ECF No. 260.

IT IS SO ORDERED.

DATED: January 14, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

13