1  XAVIER BECERRA
   Attorney General of California
2  VINCENT DICARLO
   Supervising Deputy Attorney General
3  BERNICE L. LOUIE YEW, State Bar No. 114601
   Deputy Attorney General
4  E-mail: Bernice.Yew@doj.ca.gov
   EMMANUEL R. SALAZAR, State Bar No. 240794
5  Deputy Attorney General
   E-mail: Emmanuel.Salazar@doj.ca.gov
6   2329 Gateway Oaks Drive, Suite 200
    Sacramento, CA 95833-4252
7   Telephone: (916) 621-1835
    Fax: (916) 274-2929
8
*Attorneys for State of California*
9
*(Additional counsel listed on signature page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., *ex rel.* LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendant. | 2:12-CV-1699 KJM EFB<br><br>**PARTIES' JOINT MOTION TO AMEND SCHEDULING ORDER; ORDER**<br><br>**Related to ECF No. 260** |
| STATE OF CALIFORNIA *ex rel.* LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendant. | |

PARTIES' JOINT MOTION TO AMEND SCHEDULING ORDER; ORDER

# PARTIES' JOINT MOTION TO AMEND SCHEDULING ORDER

TO THE HONORABLE COURT:

Plaintiff-Intervenor State of California ("California"), *Qui Tam* Plaintiff Loyd F. Schmuckley, Jr. ("Relator," together with California, "Plaintiffs"), and Defendant Rite Aid Corporation ("Defendant" or "Rite Aid," together with Plaintiffs, the "Parties"), by and through their respective counsel of record, for good cause shown, hereby request this Court to amend the scheduling order. Specifically, the Parties move to strike the stipulated and ordered January 31, 2020 deadline to complete the deposition(s) of Rite Aid 30(b)(6) witness(es) relating to Rite Aid's "improper defendant" defense. The motion, if granted, will allow the Parties more time to complete discovery on documents Plaintiffs requested, i.e., California's Request for Production of Documents ("RPD"), Set No. 7 and Relator's RPD Set Nos. 2 and 3, including the filing and hearing of any pending and potential discovery motions.

On January 25, 2019, the Court ordered the Parties to submit a joint statement concerning Rite Aid's Eleventh Affirmative Defense (Improper Defendant). ECF No. 187.

On February 8, 2019, the Parties filed a joint statement setting forth their agreement that more time was warranted to continue to address, and hopefully resolve, the issues and present them to the Court at a more appropriate time. ECF No. 188 ("Joint Statement"). In the Joint Statement, the Parties proposed to the Court that the Plaintiffs should have until July 15, 2019 to either stipulate with Rite Aid for an agreed-upon amendment to correct the naming of Rite Aid in this matter, or to otherwise seek leave of the Court to amend their pleadings to do so. *Id.* at 1.

On June 28, 2019, due to the continuance of the hearing on Defendant's motion regarding the sampling methodology and to allow the Parties adequate time to meet and confer, the Parties jointly moved for an order allowing Plaintiffs until August 26, 2019 to either stipulate with Defendant for an agreed-upon amendment to correct the naming of Defendant in this matter, or to otherwise seek leave of the Court to amend their pleadings. ECF No. 224. The Court, finding good cause, granted the motion. ECF No. 227.

Subsequently, the Parties continued to meet and confer regarding the issues involved with Rite Aid's Eleventh Affirmative Defense (Improper Defendant), including California's issuance

of related document requests and a 30(b)(6) deposition notice. Issues that the parties discussed in connection with a potential stipulation included:

- whether the Parties will agree that pleadings in the case will be amended pursuant to Federal Rule of Civil Procedure ("Rule") 15(c) to substitute Thrifty Payless, Inc. d/b/a Rite Aid, a California Corporation, as the defendant in this action in the place of Rite Aid Corporation, a Delaware Corporation;
- whether all of Rite Aid's prior discovery responses, representations, and stipulations would bind any newly named defendant as if it had originally appeared as the defendant in this action from the outset;
- whether the amendment shall relate back to the original pleadings for all purposes, including applicable statutes of limitation; and
- how discovery requests to Rite Aid and/or any newly named defendant would be addressed.

In July 2019, California propounded Request for Production of Documents, Set No. 7, and Relator propounded Request for Production of Documents, Set No. 2, both of which seek documents relevant, in part, to Rite Aid's purported "improper defendant" defense.

Following extensive but unsuccessful meet-and-confer efforts, on October 9, 2019, California filed a motion to compel relating to its RPD Set No. 7. ECF No. 249. On November 5, 2019, the Court ordered Rite Aid to, in part, produce additional documents responsive to California's RPD Nos. 17-38 (Set No. 7) and provide a supplemental response to California's RPD Nos. 1, 2, 15, 16, and [17] to 38 that identifies which documents are responsive to each request by no later than November 25, 2019. ECF No. 258.

On November 6, 2019, the Parties filed a joint motion to extend time for the parties to conduct discovery and meet and confer re: Defendant's 11th affirmative defense (improper defendant). ECF No. 259. On November 8, 2019, the Court granted the motion, ECF No. 259, and based on the Parties' stipulation ordered among other things that Rite Aid produce privilege logs relating to California's RPD Set No. 7 by December 20, 2019 and that the Parties complete

the deposition(s) of Rite Aid 30(b)(6) witness(es) relating to Rite Aid's "improper defendant" defense by January 31, 2020.

Following Rite Aid's November 25, 2019 production of documents, on November 27, 2019, California filed against Rite Aid a motion for sanctions arising out of its responses to California's RPD Set No. 7. ECF No. 261. On December 11, 2019, the Court heard the motion for sanctions. On December 12, 2019, Relator propounded his RPD Set No. 3, seeking certain financial documents from Rite Aid, whose responses thereto were due on January 13, 2020. Rite Aid served its responses to Relator's RFP Set No. 3 on January 13, 2020.

In November and December 2019, the Parties met and conferred on the scheduling of depositions of Rite Aid's 30(b)(6) witnesses. Rite Aid offered dates for the various depositions in November and December 2019, which were ultimately accepted and are currently scheduled to take place in Harrisburg, Pennsylvania on January 29, 31, February 12 and 14, 2020.

On December 19, 2019, the Court issued an order granting in part and denying in part California's motion, ECF No. 273. The Court ordered Rite Aid to produce no later than January 10, 2020 unredacted copies of all financial statements previously produced in response to California's RPD Nos. 30 and 31 and a supplemental response identifying the specific discovery request to which each document identified in paragraph 19 on ECF No. 265 is responsive.

On December 20, 2019, Rite Aid produced a privilege log pursuant to the Court's November 8, 2019 order. Rite Aid also made a related, supplemental document production at that time. OnJanuary 8, 2020, California filed another motion for sanctions against Rite Aid arising out of its December 20, 2019 production, the hearing of which is currently scheduled on January 22, 2020. Rite Aid maintains that the motion is without basis and has asked the State to withdraw the motion both because it is moot and the State failed to meet and confer (or obtain any court order) regarding issues raised in the motion, including California's request for *in camera* review of documents that Rite Aid maintains are privileged (and were logged in Rite Aid's December 20, 2019 privilege log).

On January 10, 2020, Rite Aid produced additional documents in response to California's RPD Set No. 7, Relator's RPD Set No. 2, and Relator's RFP Set No. 3. California took more

than 4 hours to download the documents and would require additional time to input and process into California's electronic document repository. As of the date of this filing, California and Relator are in the process of analyzing these productions. Based on the above, the Parties believe that more time is needed to complete discovery relating to California's RPD Set No. 7 and Relator RPD Set Nos. 2 and 3, including the review and analysis of documents Rite Aid produced on December 20, 2019 and January 10, 2020, and resolution of any pending and further discovery disputes, e.g., ECF No. 275 (motion seeking, in part, in camera review of withheld documents responsive to California's RPD Nos. 23-26). Accordingly, the Parties jointly submit that good cause exists to amend the scheduling order, ECF No. 260, where the Court strikes the stipulated and currently ordered January 31, 2020 deadline to complete deposition(s) of Rite Aid's 30(b)(6) witness(es) relating to Rite Aid's improper defendant defense. This will allow the Parties to flexibly schedule this and the other depositions now set for January and February 2020, factoring in the time needed to analyze Rite Aid's latest discovery responses and document productions , resolve any disagreements (through meet and confer, or, if necessary, motion practice) regarding Rite Aid's privilege claims, and resolve any further dispute that may arise relating to California's RPD Set No. 7 and Relator's RPD Set Nos. 2 and 3. All other dates in the scheduling order, ECF No. 260, will remain the same.

Dated: 1/15/2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of the State of California

By */s/ Emmanuel R. Salazar*
    Emmanuel R. Salazar
    Deputy Attorney General
    Attorneys for Plaintiff-Intervenor STATE OF CALIFORNIA

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: 1/15/2020 | WATERS & KRAUS, LLP |
| 3 | | By */s/ Wm. Paul Lawrence, II (authorized on 1/15/2020)* |
| 4 | | Wm. Paul Lawrence, II (*Pro hac vice*) |
| 5 | | Washington D.C. Metro Office |
| 6 | | 37163 Mountville Road |
| | | Middleburg, VA 20117 |
| 7 | | Telephone: (540) 687-6999 |
| | | Fax: (540) 687-5457 |
| 8 | | E-mail: plawrence@waterskraus.com |
| 9 | | Attorneys for *Qui Tam* Plaintiff |
| | | LOYD F. SCHMUCKLEY, JR. |
| 10 | Dated: 1/14/2020 | MORGAN, LEWIS & BOCKIUS LLP |
| 11 | | By */s/ Kevin M. Papay (authorized on 1/14/2020)* |
| 12 | | Kevin M. Papay |
| 13 | | One Market, Spear Street Tower |
| | | San Francisco, CA 94105-1596 |
| 14 | | Telephone: +1.415.442.1000 |
| | | Fax: +1.415.442.1001 |
| 15 | | E-mail: Kevin.Papay@morganlewis.com |
| 16 | | Attorneys for Defendant |
| | | RITE AID CORPORATION |

**ORDER**

The Court, having considered the Parties' Joint Motion to Amend the Scheduling Order, finds good cause and ORDERS that the deadline for the Parties to complete deposition(s) of Rite Aid 30(b)(6) witnesses relating to Rite Aid's "improper defendant" defense is stricken. The Parties are ordered to meet and confer on the dates to complete these depositions within the confines of the current scheduling order, ECF No. 260. All other dates in the currently effective scheduling order, ECF No. 260, remain the same.

IT IS SO ORDERED.

DATED: January 21, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE