XAVIER BECERRA
Attorney General
VINCENT DICARLO
Supervising Deputy Attorney General
BERNICE L. LOUIE YEW
Deputy Attorney General
EMMANUEL R. SALAZAR (SBN 240794)
Deputy Attorney General
Emmanuel.Salazar@doj.ca.gov
2329 Gateway Oaks Drive, Suite 200
Sacramento, CA 95833
Tel.: (916) 621-1835

Attorneys for Plaintiff-Intervenor
STATE OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATES OF CALIFORNIA, *et al.*, *ex rel.* LOYD F. SCHMUCKLEY, JR., <br><br>Plaintiffs, <br><br>v. <br><br>RITE AID CORPORATION, <br><br>Defendant. | Case No. 2:12-cv-01699-KJM-EFB <br><br>**PARTIES' JOINT MOTION TO MODIFY THE SCHEDULING ORDER TO PERMIT ADDITIONAL TIME TO CONDUCT DISCOVERY; [PROPOSED] ORDER** <br><br>**Related to ECF No. 260** |
| STATE OF CALIFORNIA, *ex rel*. LOYD F. SCHMUCKLEY, JR., <br><br>Plaintiffs, <br><br>v. <br><br>RITE AID CORPORATION, <br><br>Defendant. | |

**PARTIES' JOINT MOTION TO MODIFY THE SCHEDULING ORDER TO PERMIT ADDITIONAL TIME TO CONDUCT DISCOVERY**

**TO THE HONORABLE COURT:**

Plaintiff-Intervenor State of California ("California"), *Qui Tam* Plaintiff Loyd F. Schmuckley, Jr. ("Relator," together with California, "Plaintiffs"), and Defendant Rite Aid Corporation ("Defendant" or "Rite Aid," together with Plaintiffs, the "Parties"), by and through their respective counsel of record, for good cause shown, hereby request this Court to modify the scheduling order to permit additional time for the Parties to conduct discovery.

In late March, consistent with State and County public health orders related to the COVID-19 pandemic, the California Attorney General's Office issued a directive encouraging all attorneys and staff to work remotely.  Further, California's attorneys in this matter are subject to public health orders generally prohibiting travel outside of Sacramento County with limited exceptions.[1]  Rite Aid closed its corporate offices on March 17, 2020 pursuant to Pennsylvania stay at home orders and has not yet reopened.  The San Francisco and Philadelphia offices of Morgan, Lewis & Bockius LLP, Rite Aid's counsel in this matter, have been closed since March as well due to State and County public health orders.  Despite these obstacles, the Parties have continued to work together to make progress on unresolved discovery matters.

I.   Requests to Produce Documents

The Parties have made progress on a number of potential disputes regarding document productions.  However, the Parties require additional time to try to informally resolve other pending issues or, if those efforts are unsuccessful, to seek and obtain Court adjudication.  The Parties' ongoing efforts to resolve these issues, examples of which are described below, have been impacted by the ongoing COVID-19 pandemic and resulting limitations on the parties' ability to efficiently conduct discovery.  In particular, the (continuing) closure of Rite Aid's corporate offices has significantly impaired Rite Aid's ability to collect (and therefore analyze or produce) potentially responsive documents.

---

[1] Governor Newsom's Executive Order N-33-20, issued March 19, 2020, ordered Californians to stay home or at their place of residence with limited exceptions.  Sacramento County Public Health Order 3-19-2020 imposed a general prohibition on travel with certain limited exceptions.  These restrictions remain in place. See Sacramento County Public Health Order 5-26-2020.

PARTIES' JOINT MOT TO EXT TIME TO CONDUCT DISCOVERY
Case No. 2:12-cv-01699-KJM-EFB

Pursuant to the Court's May 19, 2020 order (ECF No. 313), Rite Aid anticipates that it will complete its production of certain non-privileged Board Materials and submission of privileged Board Materials for the Court's *in camera* review by June 22, 2020. Despite the continuing closure of Rite Aid's corporate headquarters where the hard-copy materials at issue are maintained, Rite Aid has taken steps to obtain these materials and intends to meet this deadline. Rite Aid also intends to submit a declaration to the Court on June 22, 2020 supporting its privilege assertions for the Board Materials submitted for *in camera* review. California will file a response to Rite Aid's declarations by July 20, 2020. Depending on the scope of the parties' privilege claims and this Court's determinations regarding the *in camera* submission, the Parties may need additional time to resolve issues related to Rite Aid's production of Board Materials.

Relator and Rite Aid have met and conferred for several months to narrow the scope of disputes relating to Rite Aid's written responses to Relator's RPD Set No. 2 and RPD Set No. 3. As of May 4, 2020, the remaining disputes regarding Rite Aid's written responses to those sets concern Rite Aid's written objections/responses to RFP nos. 14, 18, 19, 26 and 32 (Set No. 2) and RFP nos. 45-54 (Set No. 3). The Parties are hopeful that they will be able to resolve these disputes. However, Rite Aid is following up on several inquiries posed by Relator in an e-mail sent on May 4, 2020 regarding the scope and status of searches, as well as the time of productions. If the Parties are not able to resolve the remaining disputes informally, Relator will need time to obtain a ruling from the Court.

On March 13, 2020, just before shelter-in-place orders were issued, counsel for California and counsel for Relator deposed Rite Aid's Director of Treasury Services, Jennifer Wagner-Parrish, in Pennsylvania regarding certain Rite Aid financial records. Plaintiffs' deposition notice included document requests, and the parties negotiated the scope of Rite Aid's production of documents in response to several of those request in advance of the deposition. After the deposition, however, counsel for California raised questions regarding the scope of those productions and has requested additional records. The Parties are meeting and conferring in an effort to resolve the dispute, but resolution is unlikely until Rite Aid's corporate offices reopen. If the meet and confer efforts prove

to be unsuccessful, California will need time to file a motion to compel and/or a motion for sanctions.

On March 24, 2020, California propounded its RPD, Set No. 8, which contains 88 document requests. Rite Aid served its objections and responses on May 22, 2020, which include a combination of agreements to search for responsive documents, refusals to produce requested documents, and assertions that it has no responsive documents. The Parties need additional time to meet and confer over Rite Aid's responses and, if those efforts are unsuccessful, for California to move to compel further responses.

Plaintiffs have requested internal and external communications in Rite Aid's possession related to a number of different topics and previously served documents requests. The Parties have engaged in an extended meet and confer effort regarding the scope of review for potentially responsive electronic communications, or electronically stored information (ESI). This includes ongoing negotiations regarding search terms, custodians, electronic sources, and a relevant time period. The Parties need additional time to meet and confer regarding these issues, which have been impaired by the (continuing) COVID-19 pandemic. Once the parties reach an agreement regarding the scope of this review, Rite Aid will require substantial time—likely a few months, depending on the scope of the review—to collect, review, and produce any responsive communications. The production of these records may impact the scope of further discovery, including depositions.

II.   Depositions

As described above, Plaintiffs were able to conduct the deposition of Ms. Wagner-Parrish in Pennsylvania on March 13, 2020 immediately prior to the onset of the COVID-19 restrictions. However, the Parties have not been able to conduct any other depositions since that time.

On November 1, 2019, Counsel for California served a Rule 30(b)(6) deposition notice on Rite Aid identifying ten topics. Rite Aid identified four Rule 30(b)(6) witnesses who would testify to the ten identified topics. The Parties originally scheduled the depositions of Rite Aid's four Rule 30(b)(6) witnesses in Pennsylvania for four days in January and February of 2020. However, those

depositions were taken off calendar pending Rite Aid's production of additional materials requested by Plaintiffs. In addition, the Parties are waiting to reschedule the Rule 30(b)(6) depositions until the applicable public health orders related to the COVID-19 pandemic more freely permit travel.[2]

In addition to Plaintiffs' deposition of Rite Aid's Rule 30(b)(6) witnesses, Plaintiffs intend to depose individuals whose involvement in the facts and circumstances of the case is revealed through Plaintiffs' review of the requested communications Rite Aid has agreed to produce. Plaintiffs also intend to depose any witnesses Rite Aid discloses in any supplement to its Rule 26 initial disclosures.[3]

Rite Aid has not yet issued any deposition subpoenas, but intends to depose certain witnesses from Plaintiffs, California's Department of Healthcare Services, and potentially other third parties.

III. The Scheduling Order's Current Deadlines and Proposed Modified Dates

The current deadline for the Parties to complete all non-expert discovery is August 7, 2020. This does not give the Parties enough time to complete the document productions and depositions set forth above, or to resolve outstanding discovery disputes. The Parties therefore submit this joint motion requesting the Court to find good cause and approve the below proposed schedule, as follows:

| Event | Current Deadline [ECF 260] | Proposed Modified Date |
| --- | --- | --- |
| Second Phase of Discovery Completed | August 7, 2020 | June 4, 2021 |
| Expert Disclosures (other than sampling methodology/design) | October 2, 2020 | August 6, 2021 |
| Rebuttal expert disclosures (other than sampling methodology/design) | November 13, 2020 | September 10, 2021 |
| Expert Discovery Completed | December 18, 2020 | October 15, 2021 |

---

[2] If the applicable public health orders related to the COVID-19 pandemic make travelling to in-person depositions impracticable for an extended period of time, the Parties acknowledge that they may have to conduct depositions telephonically or through video-conference.

[3] Specifically, the Parties are meeting and conferring about discovery related to the Rite Aid pharmacy associates who were involved in dispensing the prescriptions associated with the sample claims.

| Last Day to Hear Dispositive Motions | May 28, 2021 at 10:00 A.M. in Courtroom No. 3 | April 1, 2022 |

Dated: June __, 2020

Respectfully Submitted,
XAVIER BECERRA
Attorney General of the State of California

/s/ *Emmanuel R. Salazar*
_____
Emmanuel R. Salazar
Deputy Attorney General
2329 Gateway Oaks Drive, Suite 200
Sacramento, CA  95833-4252
Tel: (916) 621-1835; Fax: (916) 621-1835
Email: Emmanuel.Salazar@doj.ca.gov
Attorneys for Plaintiff-Intervenor
STATE OF CALIFORNIA

Dated: June __, 2020

WATERS & KRAUS LLP

/s/ *Wm. Paul Lawrence II* (authorized June 5, 2020)
_____
Wm. Paul Lawrence II (*Pro Hac Vice*)
Washington D.C. Metro Office
37163 Mountville Road
Middleburg, VA  20117
Tel: (540) 687-6999; Fax: (540) 687-5457
Email: plawrence@waterskraus.com
Attorneys for *Qui Tam* Plaintiff
LOYD F. SCHMUCKLEY, JR.

Dated: June __, 2020

MORGAN, LEWIS & BOCKIUS LLP

/s/ *Benjamin P. Smith* (authorized June 5, 2020)
_____
Benjamin P. Smith
Attorneys for Defendant
RITE AID CORPORATION

# [PROPOSED] ORDER

The Court, having considered the Parties' Joint Motion to Modify the Scheduling Order to Permit More Time for Parties to Conduct Discovery, finds good cause and ORDERS that the schedule for the Parties is amended as follows:

| Event | Current Deadline [ECF 260] | Modified Date |
|---|---|---|
| Second Phase of Discovery Completed | August 7, 2020 | June 4, 2021 |
| Expert Disclosures (other than sampling methodology/design) | October 2, 2020 | August 6, 2021 |
| Rebuttal expert disclosures (other than sampling methodology/design) | November 13, 2020 | September 10, 2021 |
| Expert Discovery Completed | December 18, 2020 | October 15, 2021 |
| Last Day to Hear Dispositive Motions | May 28, 2021 at 10:00 A.M. in Courtroom No. 3 | April 1, 2022 |

**IT IS SO ORDERED.**

Dated:

_____
HON. JUDGE KIMBERLY J. MUELLER
UNITED STATES DISTRICT JUDGE