UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, et al., ex rel. LOYD F. SCHMUCKLEY, JR., | No.  2:12-CV-01699-KJM-EFB |
| Plaintiff, | ORDER |
| v. | |
| RITE AID CORPORATION, | |
| Defendant. | |

I.   INTRODUCTION

Defendants filed two motions requesting the court seal ECF Nos. 320 and 322 on July 28, 2020.  ECF Nos. 325, 326.  The court addresses each of these requests here, and for the following reasons DENIES both requests.

II.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) (footnotes omitted).  While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "'gratif[ication of] private spite or promot[ion of] public

1

scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id.* at 598 (citations omitted).  As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally [] kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134−35 (9th Cir. 2003).

When a party moves to seal a record, the court looks to the underlying motion and determines whether it is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  If the motion is more than tangentially related to the merits of the case, a party seeking to seal the record must satisfy the "stringent" compelling reasons standard. *Id.* at 1096.  Applying this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture,'" and "then 'conscientiously balance[s] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1096−97 (first alteration in original) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

When a motion is unrelated or only tangentially related to the merits of the case, the good cause standard, which is an "exception" to the "presumptive" compelling reasons standard, applies. *Id.* at 1097−98.  To establish good cause, a party must show "for each particular document it seeks to protect . . . that specific prejudice or harm will result" absent sealing.  *See Foltz*, 331 F.3d at 1130 (citation omitted).   "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above.  Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 141(a).  A mere request to seal is not enough under the local rules.  Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or

other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." The court's own Standing Order, available on its web page, and its Pretrial Scheduling Order issued in this case, ECF No. 128, emphasize the requirement that parties comply with the law and the rules in making any sealing request, which they should do lightly and only rarely if at all. While the court should not have to remind a party of its orders setting out essential ground rules of a case, or set forth its local rules in such detail, or review the controlling authority from which the rules derive, it does so here in light of the completely unjustified requests to seal presented by defendant.

### III. DISCUSSION

The motion at issue in this case is one requesting leave to amend, meaning defendant is required to satisfy the "good cause" standard to overcome the public's right of access. *See Ctr. for Auto Safety*, 809 F.3d at 1097−98. The label "confidential and proprietary" does not confer talismanic protection allowing the sealing of any documents to which a party affixes the label. Defendant's motions to seal are based on the "competitive harm" it says it would suffer if this information was made publicly available. ECF Nos. 325 at 2, 326 at 3–4. The specific interests defendant claims would lead to this harm include "how specific banks are chosen in connection with opening accounts" and information about the organization of defendant's subsidiaries. *See id.* However, defendant fails to detail exactly how the release of said information causes competitive harm, instead relying on conclusive statements asserting the harm's existence. *See id.* This is insufficient to establish a specific injury, *see Foltz*, 331 F.3d at 1130 (citation omitted), and instead is merely a "[b]road allegation of harm," *Beckman Indus., Inc.*, 966 F.2d at 476. Defendant's filings do not support sealing.

The requests to seal are DENIED. This order resolves ECF Nos. 325, 326. If defendant again files such an unsupported request to seal, the court cautions defendant will be required to show cause why it should not be subject to monetary sanctions.

IT IS SO ORDERED.

DATED: August 19, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE