UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendant. | No. 2:12-cv-1699-KJM-EFB<br><br>ORDER |
| STATE OF CALIFORNIA, ex rel. LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendant. | |

In this action four discovery related motions are set for hearing on September 16, 2020: defendant Rite Aid Corporation's ("Rite Aid") motion to compel plaintiff-intervenor State of California ("California") to provide further responses to interrogatories (ECF Nos. 328), (2) California's motion to compel Rite Aid to produce documents (ECF No. 331), (3) California's

1

motion for sanctions against Rite Aid (ECF No. 333), and (4) plaintiffs' motion to compel Rite Aid to produce electronically stored information (ECF No. 340).  As detailed below, the record reflects that the parties have not adequately met and conferred regarding a number of their disputes.  Further, the briefing submitted is voluminous but unhelpful.  Accordingly, the hearing on these four motions will be continued for the reasons briefly described below.

In connection with the three motions to compel, the parties filed two joint statements— one addressing Rite Aid and California's motions to compel (ECF No. 341) and the other addressing plaintiffs' motion to compel ESI (ECF No. 342).  The joint statement addressing Rite Aid and California's motions spans 219 pages.  ECF No. 341.  And while the length of the joint statement addressing the remaining motion is more reasonable, consisting of 36 pages, California's exhibits in support of the three motions exceeds 1,000 pages (ECF No. 343), while Rite Aid's supporting exhibits consist of nearly 500 additional pages.  Further, the volume of the parties' submissions reflects a failure to carefully consider and ascertain the important issues that the parties' request the court to decide.  Where a discrete exhibit is supposed to be material to resolution of an important issue, it has been buried in superfluous pages rather than isolated and presented with ease of identification and access.

Additionally, review of the parties' joint statements reflects a failure to comply with the court's local rules and the Federal Rules of Civil Procedure.  Local Rule 251(b) provides that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences." E.D. Cal. L.R. 251(b).  The Rule further provides that "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion.  Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." *Id.*  Additionally, Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

The joint statement addressing California's motion to compel ESI reflects that discussions regarding potential search terms for locating ESI was ongoing at the time California filed its motion.[1]  ECF No. 342 at 4-7.  Accordingly, it does not appear that the parties exhausted their efforts to resolve their dispute prior to seeking invention from the court.  The other joint statement also demonstrates a failure to adequately meet and confer.  The portion of the joint statement addressing California's motion consumes 184 of the document's 219 pages.  Many of the arguments presented, particularly those advanced by California, are not responsive to the other parties' position.  For instance, California seeks to compel Rite Aid to produce documents related to certain corporate committees.  Rite Aid contends that no documents were produced because the committees identified by California's discovery requests do not exist.  Without acknowledging Rite Aid's representation, California insists that Rite Aid should be required to produce a signed verification describing the search conducted for responsive documents.  But the relevant question is did any such documents ever exist given that the committees never existed.  Clearly, the parties have not sufficiently discussed their disputes in an attempt to narrow the issues requiring the court's intervention.  Filing in excess of 1,500 pages of exhibits is no substitute for complying with the meet and confer requirement of Local Rule 251(b).

Accordingly, the parties are directed to further meet and confer, either telephonically or in person, in an effort to resolve, at least some, of their disputes.  Upon completion of those discussions, the parties shall submit two separate joint statements—one limited to California's motion to compel Rite Aid to produce documents and the other addressing plaintiffs' motion to compel ESI remaining disputes.[2]  Each joint statement shall not exceed 30 pages.

/////

---

[1] In that joint statement, California also purports to incorporate by reference arguments it presented in points and authorities it filed with its notice of motion.  Under the court's local rules, all arguments must be presented in the parties' joint statement and no other briefing will be considered.  E.D. Cal. L.R. 251(c).

[2] The court finds that the parties' briefing on California's motion for sanctions and Rite Aid's motion to compel is adequate.  Accordingly, the parties need not submit additional briefing related to these two motions.

Accordingly, it is hereby ORDERED that:

1. The hearing on the four pending discovery motions (ECF Nos. 328, 331, 333, 340) is continued to October 14, 2020 at 10:00 a.m., in Courtroom No. 8.

2. The parties are directed to further meet and confer regarding California's motion to compel production of documents (ECF No. 331) and plaintiffs' motion to compel ESI (ECF No. 340).

3. If the parties are unable to resolve their disputes, by no later than October 5, 2020, the parties shall file a joint statement for each motion. Each joint statement shall not exceed 30 pages and must comply with the court's local rules.

DATED: September 15, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE