MORGAN, LEWIS & BOCKIUS LLP
ERIC W. SITARCHUK, Admitted *pro hac vice*
 eric.sitarchuk@morganlewis.com
KELLY A. MOORE, Admitted *pro hac vice*
 kelly.moore@morganlewis.com
BENJAMIN P. SMITH, Bar No. 197551
 benjamin.smith@morganlewis.com
KEVIN M. PAPAY, State Bar No. 274161
 kevin.papay@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000; Fax: +1.415.442.1001

Attorneys for Defendant
RITE AID CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, et al., *ex rel.* LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION,<br><br>Defendant.<br><br>STATE OF CALIFORNIA, *ex rel.* LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION,<br><br>Defendant. | Case No. 2:12-cv-01699-KJM-EFB<br><br>**DEFENDANT RITE AID CORPORATION'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO CORRECT MISTAKES IN COURT'S ORDER ON RITE AID'S MOTION TO EXCLUDE PLAINTIFFS' PROPOSED SAMPLING METHODOLOGY**<br><br>[ECF No. 329]<br><br>Hearing Date: October 16, 2020<br>Hearing Time: 10:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Kimberly J. Mueller |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 116437247.1

DEFENDANT'S REPLY RE: MOTION TO
CORRECT MISTAKES IN COURT ORDER
No. 2:12-cv-01699-KJM-EFB

I.      **<u>INTRODUCTION</u>**

Contrary to Plaintiffs' contentions, Rite Aid is not seeking a reversal of this Court's prior Order allowing statistical sampling or attempting to obtain a "second bite at the apple." *See* Plaintiffs' Combined Opposition ("Opp."), ECF No. 354 at 10:18-20.  Instead, Rite Aid seeks to correct a typographical error and ensure that, when conducting the statistical sampling this Court approved, Plaintiffs do so pursuant to the sampling objective they originally championed, all expert opinions and testimony are based, this Court suggested was required to be "fair," and Plaintiffs *expressly agreed upon.*

First, Rite Aid disagrees with Plaintiffs that the apparent error on page 19 of the Court's Order should be ignored, and an entire clause of the Court's order stricken, simply because Plaintiffs believe the "purported missing phrase is immaterial to the Order." Opp. § II.  Rite Aid presumes and believes that the words and phrases in the Order matter, and that the Order should accordingly be amended to reflect the Court's complete intentions.

Second, whether characterized as a motion under Rule 60(a), Rule 59(e), or the common law of reconsideration, the Court's written Order indisputably differs from the Court's statements at the hearing on the motion.  If this was a mistake for any reason, Rule 60(a) provides "wide latitude" to correct orders so as to reflect "what the court originally intended to do," and to conform the written Order to the Court's prior oral statements.  *See Robi v. Five Platters, Inc.* 918 F.2d 1439, 1445 (9th Cir. 1990); *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1237 (9th Cir. 1979) (Rule 60(a) can be used to conform a written ruling to oral statements revealing a different judicial intent), *cert. denied*, 458 U.S. 1106 (1982).

If the Court instead changed its mind regarding the need to hold Plaintiffs to their originally-stated sampling objective, Rite Aid respectfully submits that this was clear error.  It is undisputed that neither Plaintiffs' nor Rite Aid's statistical expert ever assessed or commented upon Plaintiffs' amended sampling objective.  It is also undisputed that the amended objective renders evidence relevant to the question of falsity—including other prescription records, medical records, and pharmacist testimony—presumptively irrelevant.  The amended sampling objective presupposes falsity, and Plaintiffs tacitly concede through silence that their amended objective is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 116437247.1

1

DEFENDANT'S REPLY RE: MOTION TO
CORRECT MISTAKES IN COURT ORDER
No. 2:12-cv-01699-KJM-EFB

likely to result in an overestimation of the number of false claims, without any indication as to how or whether Plaintiffs will account for that overestimation. Rite Aid's motion should properly be granted.

## II. ARGUMENT

### A. Meet and Confer Efforts Could Not Have Resolved the Parties' Dispute or Eliminated the Need for Court Action

Plaintiffs are correct that the undersigned did not meet and confer prior to the filing of the instant motion. Counsel, perhaps incorrectly, viewed this motion as a continuation of Rite Aid's motion to exclude Plaintiffs' sampling methodology, for which extensive meet and confer efforts were made, and involving an issue—proposed modifications to a Court Order—for which meet and confer efforts could not eliminate the need for Court involvement. *See Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, 2017 U.S.Dist.LEXIS 114293, at *17 (E.D. Cal. July 20, 2017) (cited by Plaintiffs) (meet and confer efforts are designed to "resolve the dispute without court action."). To the extent this was an error, counsel apologizes.

Plaintiffs claim that, with regard to the apparently missing phrase on page 19, the "parties could have come to a mutual understanding of the interpretation of the subject sentence" through meet and confer efforts. Opp. 1:11-12. This is nonsensical, as counsel could only speculate as to what phrase, if any, the Court *intended* to include on page 19 of the Order, and further speculate whether the Court *intended* to adopt Plaintiffs' amended sampling objective. Even assuming the parties could reach a "mutual understanding" on what the Court intended, the parties would *still* require Court intervention to either accept or reject any proposed change to the Order.

### B. Rite Aid Does Not Presume that Language in the Court's Order is Immaterial

Plaintiffs contend that the "nonrestrictive (nonessential) appositive phrase separated by commas" found on page 19 of the Court's Order, and apparently missing a clause, is "immaterial" and the Court could "easily strike" the entire phrase without changing the meaning of the sentence. But, "appositive phrases," even when "nonessential" as a matter of *grammar*, are not "nonessential" in terms of understanding a court order. Appositive phrases are deemed "nonessential" only because they are unnecessary to understand the identity of the noun or phrase

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 116437247.1

2

DEFENDANT'S REPLY RE: MOTION TO
CORRECT MISTAKES IN COURT ORDER
No. 2:12-cv-01699-KJM-EFB

they are identifying. Otherwise, appositive phrases are essential to provide meaningful detail to writings, which is why such phrases are debated in the Supreme Court and other courts when interpreting the meaning of statutes and contracts. *See Young v. Cmty. Nutrition Inst.*, 476 U.S. 974, 981 (1986) (discussing appositive phrase in connection with statutory interpretation).

Rite Aid is reluctant to offer "proposed language for the Court's consideration" to replace the missing phrase, as Plaintiffs urge, because Rite Aid does not presume to know what language the Court intended. However, Rite Aid submits that if the Court found it important enough to provide one half of the "appositive phrase"—"either under the applicable regulatory provisions, *see* Cal. Code Regs., tit. 22, section 51476(c)"—the other half of the phrase should properly be included in an amended Order. Adding the other half of the phrase will not prejudice any party, and instead will only help the parties understand the Court's intent.

### C. Rite Aid Seeks to Clarify the Allowable Sampling *Objective*, Not the Allowance of Sampling

Rather than address the issue presented by Rite Aid's motion, *i.e.*, a potential mistake or error by the Court in adopting Plaintiffs' amended sampling objective, Plaintiffs attempt to re-characterize Rite Aid's motion as one seeking reconsideration of this Court's allowance of stratified random sampling itself. This is a misdirection; Rite Aid's motion *presumes* that Plaintiffs will be allowed to conduct stratified random sampling, as the Court's Order allowed, and simply seeks to ensure that the Court's Order reflects the Court's true intent and to ensure that Plaintiffs' sample is based on evidence relevant to the issue of falsity rather than presuppositions of falsity. *See* ECF No. 329 at § IV(B)(3).

#### 1. A Meaningful Disconnect Exists Between Plaintiffs' Original and Amended Sampling Objectives

Plaintiffs do not dispute the existence of a "disconnect" between their original and amended sampling objectives. Opp. 5:6-7. Plaintiffs argue, however, that this "disconnect" is inconsequential and an artifact of the "status of early discovery" at the time Plaintiffs' expert, Michael Petron, first submitted his expert report. *Id.* at 6:8. That is incorrect. At ***all*** relevant times prior to the filing of an opposition to Rite Aid's motion to exclude on May 15, 2019 (ECF

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 116437247.1

3

DEFENDANT'S REPLY RE: MOTION TO CORRECT MISTAKES IN COURT ORDER
No. 2:12-cv-01699-KJM-EFB

No. 202), and at **all** relevant stages of discovery, Plaintiffs' stated sampling objective was to assess falsity without any definition of "falsity," and based upon prescription **and** medical records. *See, e.g.*, ECF No. 119 at 4:26-5:5 (First Status Report dated March 16, 2018) (stating that medical records would be part of the "evidentiary basis from which an expert will extrapolate the total number of false claims in the universe of 490,000 claims ….").

For this reason, Plaintiffs' expert maintained Plaintiffs' *original* sampling objective, and the associated use of both prescription and medical records to assess falsity, in his July 27, 2018 report (ECF No. 192-6); during his deposition four months later (ECF No. 196-2 at 209:20-211:21); and even *after* Plaintiffs purported to change their sampling objective through Mr. Petron's second report dated June 4, 2019. *See* Smith Decl., Ex. 3 (Expert Report No. 2 of Michael Petron) ¶ 5.

The fact is that Plaintiffs changed their sampling objective to presuppose a finding of falsity, and limit the evidence to be sampled, in response to Rite Aid's criticisms of Plaintiffs' sampling methodology. Plaintiffs' change is significant because, depending upon the objective Plaintiffs are held to, Plaintiffs will either be able to claim falsity based solely on the sample claim itself, or have to consider other evidence—including medical records and other prescription records—that Rite Aid contends *disprove* falsity.

Plaintiffs do not dispute that allowance of the amended sampling objective may overestimate falsity, or provide any explanation how—assuming the amended sampling objective is allowed—such overestimation will be corrected. In fact, it is not even clear that Plaintiffs' expert, Michael Petron, is aware of Plaintiffs' amended sampling objective, let alone that he or any other statistician has endorsed or approved of the amended objective.

### 2. Rule 60(a) Allows Correction if the Court's Adoption of Plaintiffs' Amended Sampling Objective Does Not Reflect Its Intent

To the extent the difference between the Court's statements at the hearing on Rite Aid's motion—indicating that it would only be "fair" to approve sampling based on Plaintiffs' original sampling objective—and the Court's Order reflects a mistake, this mistake can be corrected under Rule 60(a). *See* ECF No. 246 at 21:11-22:19. This is because, as Plaintiffs' own authorities

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 116437247.1

4

DEFENDANT'S REPLY RE: MOTION TO
CORRECT MISTAKES IN COURT ORDER
No. 2:12-cv-01699-KJM-EFB

demonstrate, Rule 60(a) provides "wide latitude" to correct orders so as to reflect "what the court originally intended to do." *Robi*, 918 F.2d at 1445 (cited by Plaintiffs); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (judgment entered pursuant to Rule 54(b) capable of correction given that court did not intend to certify the judgment under Rule 54(b)). Errors from oversight or omission capable of correction under Rule 60(a) arise whenever "the thing spoken, written or recorded is not what the person intended to speak, write or record." *Waggoner v. R. McGray, Inc*., 743 F.2d 643, 644 (9th Cir. 1984).

Plaintiffs speculate that "[t]he Court intended to approve the sampling methodology" *regardless* of sampling objective. Opp. 5:16-17. Plaintiffs might be correct, but this presumed intent contradicts the Court's statements at the hearing. To the extent the Court's statements, rather than its written Order, properly reflect the Court's intent, Rule 60(a) can be used to conform the Court's written Order to the Court's prior statements. *See Huey,* 608 F.2d at 1237.

### 3. The Court's Inherent Power and Rule 59(e) Allow the Court to Correct Manifest Errors

The State argues, correctly, that Rule 60(b) is not applicable here because this Court's Order was not a "final" order. Nonetheless, the rule under which Rite Aid styled its motion is not controlling. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983). In fact, the Court is to construe Rite Aid's motion, however styled, to be of the type proper for the relief requested. *Id.* (citations omitted); *Walsh v. Am. Med. Response*, 2015 U.S.Dist.LEXIS 54179, at *2 (E.D.Cal. Apr. 23, 2015) (citations omitted).

To the extent the Court's adoption of Plaintiffs' amended sampling objective reflects the Court's true intent, Rite Aid respectfully submits this was clear error subject to correction under the Court's inherent authority or Rule 59(e). Rite Aid appreciates that the burden of demonstrating clear error is difficult, but so long as properly supported, "the Court must carefully consider whether any manifest errors were made in the first instance." *Abbywho, Inc. v. Interscope Records*, 2008 U.S.Dist.LEXIS 130755, at *7 (C.D.Cal. Jan. 7, 2008). And, contrary to Plaintiffs' contentions, there is no requirement for the presentation of "new arguments" to demonstrate clear error. *Sierra On-Line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1419 (9th

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB1/ 116437247.1

5

DEFENDANT'S REPLY RE: MOTION TO
CORRECT MISTAKES IN COURT ORDER
No. 2:12-cv-01699-KJM-EFB

Cir. 1984); *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1249 (9th Cir. 1982).

There are straightforward reasons why allowing Plaintiffs to proceed with sampling based on their amended sampling objective constitutes clear error:

- It is undisputed that Plaintiffs provided no expert opinion endorsing their sampling methodology based on the *amended* sampling objective;

- It is undisputed that Rite Aid's expert was not afforded any opportunity to respond to Plaintiffs' amended sampling objective, and instead premised his opinions on Plaintiffs' original objective;

- The amended objective and associated "simplified determination process" renders large swaths of evidence the parties have spent countless hours collecting and reviewing—including medical records and prescription histories—irrelevant to the question of whether a particular claim is false;

- Whether a sample claims if false, the weight to be provided to Plaintiffs' sample, and the propriety of extrapolation from the sample are all legitimate questions of fact for the jury; however, the question of whether Plaintiffs' sample presupposes and is therefore statistically incapable of estimating falsity is ***not*** an issue for jury determination;

- By artificially limiting the evidence to be considered to assess and statistically estimate the number of false claims, the evidence is both incomplete and unreliable in proving or disproving falsity, rendering extrapolation improper (*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046 (2016)); and

- The amended sampling objective is likely to overestimate the number of false claims, and Plaintiffs provide no indication as to how or whether they will account for and correct that overestimation.

Rite Aid submits that Plaintiffs should be held to their originally-stated sampling objective, as they previously agreed, and the Court's Order modified accordingly.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 116437247.1

6

DEFENDANT'S REPLY RE: MOTION TO
CORRECT MISTAKES IN COURT ORDER
No. 2:12-cv-01699-KJM-EFB

## III. CONCLUSION

For all of the above reasons, Rite Aid respectfully requests correction of the two identified errors in the Court's Order.

Dated: October 9, 2020　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

　　　　　　　　　　　　　　　　　　　　By　*/s/ Benjamin P. Smith*
　　　　　　　　　　　　　　　　　　　　　　Benjamin P. Smith

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　RITE AID CORPORATION

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 116437247.1

7

DEFENDANT'S REPLY RE: MOTION TO
CORRECT MISTAKES IN COURT ORDER
No. 2:12-cv-01699-KJM-EFB