1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATES OF CALIFORNIA, *et al.*, *ex rel.* LOYD F. SCHMUCKLEY, JR.,<br><br>            Plaintiffs,<br><br>       v.<br><br>RITE AID CORPORATION,<br><br>            Defendant. | Case No. 2:12-cv-01699-KJM-EFB<br><br>**[PROPOSED] STIPULATED ORDER RE: DEFENDANT'S PRODUCTION OF ELECTRONICALLY STORED COMMUNICATIONS** |
| STATE OF CALIFORNIA, *ex rel.* LOYD F. SCHMUCKLEY, JR.,<br><br>            Plaintiffs,<br><br>       v.<br><br>RITE AID CORPORATION,<br><br>            Defendant. | |

**WHEREAS**, Plaintiff-Intervenor State of California ("California") propounded Requests for Production of Document ("RPD") Nos. 8-17, 23-29, 32-37, 42-46, 50-54, 58-62, 65-120, and Loyd F. Schmuckley, Jr., ("Relator," and together with California, "Plaintiffs") propounded RPD Nos. 8-40;

**WHEREAS**, Rite Aid timely served (and, in many cases, subsequently amended and/or supplemented) written responses and objections to each of the above-referenced RPDs;

**WHEREAS**, subject to and without waiving its written responses and objections, Rite Aid has agreed to search for and produce non-privileged documents responsive to many of the above-referenced RPDs;

**WHEREAS**, on August 26, 2020, Plaintiffs filed a motion for an order re: electronically stored information ("ESI"), ECF No. 340 (hereinafter referred to as "Plaintiffs' ESI Motion"), to resolve disputes in connection with ESI discovery;

**WHEREAS**, on September 9, 2020, the Parties filed a joint statement (ECF No. 342) setting forth their respective positions regarding Plaintiffs' ESI Motion;

**WHEREAS**, on September 15, 2020, the Court issued an order (ECF No. 353) that moved the hearing of Plaintiffs' ESI Motion to October 14, 2020 and ordered the parties to further meet and confer regarding ESI discovery;

**WHEREAS**, the parties have met and conferred and stipulate and agree to the following provisions resolving Plaintiffs' ESI Motion without prejudice to Plaintiffs refiling said motion, if it becomes necessary.

    **A.**    **Custodians.**  To the extent that Rite Aid has agreed or been ordered to search for and produce non-privileged documents responsive to any of the above-referenced RPDs, Rite Aid will search for responsive documents by reviewing documents from the following custodians that hit upon the search terms listed in Paragraph D, below:

        1.    Amanda Glover (VP, Regulatory Affairs)

        2.    Amy M. Harvey (Mgr., Third Party Payer Compliance)

        3.    Andrew Palmer (VP, Compliance Monitoring and Privacy Officer)

1

STIPULATED ORDER RE: DEFENDANT'S PRODUCTION OF ELECTRONICALLY STORED COMMUNICATIONS)
Case No. 2:12-cv-01699-KJM-EFB

|   |     |                                                                              |
|---|-----|------------------------------------------------------------------------------|
| 1 | 4.  | Brian Sill (Director, Third Party Operations)                                |
| 2 | 5.  | Bruce Anderson (Director, Third Party Operations                             |
| 3 | 6.  | Daniel Miller (Sr. VP, Pharmacy Regulatory Affairs)                          |
| 4 | 7.  | Deborah Hurley (Sr. Specialist, Board of Pharmacy)                           |
| 5 | 8.  | Jack Huston (Director, Third Party Relations)                                |
| 6 | 9.  | Jessica Kazmaier (Executive VP and Chief HR officer)                         |
| 7 | 10. | Katie Myers-Hancock (Trainer, Pharmacy Billing)                              |
| 8 | 11. | Linda VonMinden (Director, Managed Care Relations)                           |
| 9 | 12. | Lynne Shirk (Sr. Dir., Pharmacy/Marketing Application Development)           |
| 10| 13. | Michael Podgurski (VP, Pharmacy Services)                                    |
| 11| 14. | Patricia Glynn (Sr. Mgr., Third Party Operations)                            |
| 12| 15. | Richard Stoneking (Sr. Dir., Third Party Operations)                         |
| 13| 16. | Scott Jacobson, (Director, Pharmacy Operations)                              |
| 14| 17. | Teri Schank (VP, Talent Management)                                          |
| 15| 18. | Thomas Pratt (Manager, Project Rx Curriculum Development)                    |
| 16| 19. | *Up to three additional custodians to be agreed upon by the parties by*      |
| 17|     | *October 13, 2020*                                                           |

**B.     Sources of Potentially Relevant Documents.** In agreeing to search for responsive documents from the custodians listed in Paragraph A, Rite Aid agrees to investigate which communication portals or databases custodians used to communicate regarding the subject matter of the RPDs, including, but not limited to, any of the following sources identified by Plaintiffs:

1. Rite Aid Portal
2. Store or corporate email
3. Scheduling & Attendance Management ("SAM") website)
4. SYSM
5. NexGen messaging system

      6.     Retail Automated Customer Service ("RACS")

      7.     MyRiteAid.com

      8.     rNation

      9.     Rite Times, Rite Now.

On or before the date that Rite Aid substantially completes producing responsive documents from its custodians, Rite Aid will confirm in writing which of the sources listed above, if any, were determined not to include any communications for any or all custodians and therefore were not reviewed for potentially responsive documents.

    **C.**     **Date Range.** Rite Aid's review of custodial documents will be limited to documents generated from January 1, 2006 to December 31, 2014.

    **D.**     **Search Terms.** Rite Aid agrees to review documents from the agreed-upon custodians, sources, and date range that hit on any of the following search terms. Rite Aid only will produce such documents if they are non-privileged and responsive to one or more RPDs to which Rite Aid has agreed or been ordered to produce responsive documents:

| # | **Agreed Search Terms** |
|---|---|
| 1 | "Code 1" OR "Code I" OR Code1 OR CodeI OR "Code One" OR CodeOne |
| 2 | (CDHS OR DHCS) AND (CA OR Cal OR Calif OR California) |
| 3 | (California OR Cal OR Calif OR CA) w/5 (department OR dept) w/2 health |
| 4 | "Department of Health Care Services" |
| 5 | Medi-Cal |
| 6 | (pharmacy OR store OR associate OR employee OR personal) w/5 (bonus OR salary OR compensation OR KPI OR performance OR metric OR goal OR require OR target OR incentive OR earning OR eligibility OR eligible OR grade) AND (program OR plan) w/10 (FY OR year OR quarter OR month) |
| 7 | (pharmacy OR store OR associate OR employee) w/5 (target OR quota OR criteria OR scorecard) |
| 8 | diagnosis w/5 (bypass OR edit OR override OR "over-ride") |
| 9 | (prescription OR Rx OR script) w/5 dispensing w/5 (benchmark OR error OR goal OR metric OR quota OR rate) |
| 10 | (EthicsPoint OR "Ethics Point") AND (California OR Cal OR Calif OR CA) |
| 11 | (NexGen OR Nexgen OR Nextgen OR Emdeon OR eRx OR "Express Scripts" OR ESI) AND ((formulary OR drug OR claim OR reject OR denial) w/5 (override OR "over-ride")) |
| 12 | ((pharmacy OR store) w/10 compliance w/10 (monitor OR regulatory OR regulation OR audit)) AND (CA or Cal OR Calif OR California) |

| | |
|---|---|
| 13 | (training OR policy OR procedure OR orientation OR CBT OR module) w/5 (prescription OR Rx OR script) w/5 (quota OR productivity OR efficiency OR speed OR volume) |
| 14 | (pharmacy OR store) w/5 (inspection or audit) w/5 (CA OR Cal OR Calif OR California) |
| 15 | (prescription OR rx OR script) w/5 ready w/5 ("15 minutes" OR "15 min" OR "fifteen minutes" OR "fifteen min") |
| 16 | (prescription OR rx OR script) w/1 count w/10 (bonus OR salary OR compensation OR KPI OR performance OR metric OR management OR require OR target OR compensation OR earning OR eligibility OR eligible OR grade OR quota OR productivity OR efficiency OR speed OR volume) |
| 17 | "Run Green" AND (pharmacy OR store) AND (CA OR Cal OR Calif OR California) |

**E.      Production Dates.**  Rite Aid will begin rolling productions of non-privileged, custodial documents on or before November 1, 2020.  Barring unforeseen circumstances, Rite Aid agrees to complete its production of custodial documents covered by this agreement by December 31, 2020.  If Rite Aid anticipates that it will not be able to complete its productions by that date, then Rite Aid agrees to inform Plaintiffs on or before December 21, 2020, so the Parties can agree on a reasonable timeline for Rite Aid to complete any outstanding productions.  Rite Aid will serve privilege logs corresponding to each rolling production, if applicable.

**F.      Identification of Responsive Requests.**  Given the volume of documents at issue, the overlapping nature of Plaintiffs' numerous RPDs, and the contemplated pace of productions, Rite Aid will produce copies of documents as they are kept in the ordinary course of business and will not identify the individual RPDs to which responsive documents (or their family members) are being produced.  Rite Aid, however, agrees to identify to which one or more of the four categories identified below documents are responsive: (1) Code 1; (2) Medi-Cal; (3) Pharmacy-Associate & Store Management, Quotas, Goals, Incentives and Trainings ("Incentives/Training"); and (4) Rite Aid's Computer Based Dispensing System ("NexGen").

**G.      Format of Production.**  Rite Aid will produce documents under this agreement consistent with the format outlined in Exhibit A to this agreement.

[EXHIBIT A IS ATTACHED STARTING IN THE NEXT PAGE.]

**STIPULATED, AGREED AND CONSENTED TO BY:**

                                              Respectfully Submitted,

Dated: October 5, 2020           XAVIER BECERRA
                                             Attorney General of the State of California

                                             */s/ Emmanuel R. Salazar*
                                             Emmanuel R. Salazar
                                             Deputy Attorney General
                                             2329 Gateway Oaks Drive, Suite 200
                                             Sacramento, CA 95833-4252
                                             Tel: (916) 621-1835
                                             Email: Emmanuel.Salazar@doj.ca.gov
                                             Attorneys for Plaintiff-Intervenor
                                             STATE OF CALIFORNIA

Dated: October 5, 2020           BARTLETT BARROW LLP

                                             */s/ Jennifer L. Bartlett* (authorized on 10/5/2020)
                                             Jennifer L. Bartlett
                                             225 S. Lake Avenue, Suite 300
                                             Pasadena, CA 91101-3009
                                             Tel: (626) 432-7234
                                             Email: jennifer@bartlettbarrow.com
                                             Attorneys for *Qui Tam* Plaintiff
                                             LOYD F. SCHMUCKLEY, JR.

Dated: October 5, 2020           MORGAN, LEWIS & BOCKIUS LLP

                                             */s/ Kevin M. Papay* (authorized on 10/5/2020)
                                             Kevin M. Papay
                                             One Market Street, Spear Street Tower
                                             San Francisco, CA 94105
                                             Tel: (415) 442-1162
                                             Email: Kevin.Papay@morganlewis.com
                                             Attorneys for Defendant
                                             RITE AID CORPORATION

**IT IS SO ORDERED.**

Dated: October 14, 2020.

                                             UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A:  PRODUCTION FORMAT

**I. PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI)**

**A. Load files.** Except where noted in section (K) below, all ESI is to be produced in electronic format, with file suitable for loading into a Concordance compatible litigation support review database. All productions will include both image and metadata load files, as described in Appendix A: Load File Format.

**B. Metadata Fields and Processing.** Each of the metadata and coding fields set forth in Appendix B that can be extracted from a document shall be produced for that document. The parties are not obligated to populate manually any of the fields in Appendix B if such fields cannot be extracted from a document.

**C. System Files.** Common system and program files need not be processed, reviewed or produced. The producing party shall keep an inventory of the system files not being produced and the criteria *(e.g.,* non-human readable file, etc.) for not processing the files.

**D. Email.** Whenever possible, email shall be collected from the producing party's email store or server *(e.g.,* MS Exchange, Lotus Notes) because this is the most reliable source from which to produce and maintain email metadata and structure. Metadata and "header fields" shall be extracted from email messages. Email messages, meeting notices, calendar items, contacts and tasks shall all be extracted from the email archives.

**E. De-Duplication.** Removal of duplicate documents shall only be done on exact duplicate documents (based on MD5 or SHA-1 hash values at the document level) *across all custodians* (global), and the Custodian field will list each Custodian, separated by a semicolon, who was a source of that document prior to deduplication. If a party is unable to provide such information within the Custodian field, or if global deduplication could otherwise limit the ability to provide that a particular document was possessed by a custodian, then removal of duplicate documents shall only be done on exact duplicate documents (based on MD5 or SHA-1 hash values at the document level) *within a source* (custodian).

**F. TIFFs/JPGs.** Single-page Group IV TIFF images shall be provided using at least 300 DPI print setting. Each image shall have a unique file name, which is the Bates number of the document. Original document orientation shall be maintained *(i.e.,* portrait to portrait and landscape to landscape). TIFFs will show any and all text and images which would be visible to the reader using the native software that created the document. Documents containing color need not be produced initially in color. However, if an original document contains color necessary to understand the meaning or content of the document, the producing party will honor reasonable requests for a color image of the document. If color images are to be produced, they will be provided in JPG format.

**G. Embedded Objects.** Objects embedded in Microsoft Word and .RTF documents, which have been embedded with the "Display as Icon" feature, will be extracted as separate documents and treated like attachments to the document. Other objects embedded in documents shall be produced as native files.

**H. Compressed files.** Compression file types *(e.g.,* .CAB, .GZ, .TAR, .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual folders and/or files.

**I. Text Files.** For each document, a single text file shall be provided along with the image files and metadata. The text file name shall be the same as the page Bates/control number of the first page of the document. File names shall not have any special characters or embedded spaces. Electronic text must be extracted directly from the native electronic file unless the document was redacted, an image file, or a physical file. In these instances a text file created using OCR will be produced in lieu of extracted text. See Section II.C for OCR requirements. Under no circumstances shall the receiving party be required to rely upon a less accurate version of the text than the producing party. For example, if the producing party has access to extracted text from electronic document files, the receiving party shall receive extracted text instead of OCR'd text generated from an image file.

**J**. **Redaction**. If a file that originates in ESI needs to be redacted before production, the file will be rendered in TIFF, and the TIFF will be redacted and produced. However, to the extent that the text is searchable in the native format, the producing party will still provide searchable text for those portions of the document that have not been redacted.

**K. Spreadsheets and Presentations.** Various types of files, including but not limited to MS Excel spreadsheets, MS PowerPoint presentations, media files, etc., lose significant information and meaning when produced as an image. Any native files that are produced shall be produced with a Bates-numbered TIFF image slip-sheet stating the document has been produced in native format. Any native files that are produced shall be produced with the Source File Path provided, as well as all extracted text and applicable metadata fields set forth in Appendix B.

- **Spreadsheets.** Excel spreadsheets shall be produced as a native document file along with the extracted text and relevant metadata identified in Appendix B for the entire spreadsheet, plus a Bates-numbered TIFF image slip-sheet stating the document has been produced in native format.

- **Presentations.** PowerPoint presentations shall be produced as a native document file along with the extracted text and relevant metadata identified in Appendix B for the entire presentation, plus a Bates-numbered TIFF image slip-sheet stating the document has been produced in native format.

**L. Other ESI that is Impractical to Produce in Traditional Formats.** The parties understand and acknowledge that certain categories of ESI are structurally complex and do not lend themselves to production as native format or other traditional formats. To the extent a response to discovery requires production of discoverable electronic information contained in a database, the producing party shall consider methods of production best providing all relevant information, including but not limited to duplication of databases or limited access for the purpose of generating reports. Parties should consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file (*e.g.,* Excel, CSV or SQL format). The parties agree to confer to obtain an appropriate resolution to such requests.

**M. Endorsements.** The producing party will brand all TIFF images in the lower right-hand corner with its corresponding bates number, using a consistent font type and size. The bates number must not obscure any part of the underlying data. The producing party will brand all TIFF images in the lower left-hand corner with all confidentiality designations, as needed, in accordance with confidentiality definitions as agreed to by the parties.

**N. Exceptions.** The producing party will review exceptions to identify potentially responsive documents for production. If an exception document is attached to an otherwise responsive document, the exception document will get produced with a slipsheet indicating it is an exception document.

**O. No Waiver by Disclosure.** This protocol is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. If the producing party discloses information in connection with the litigation that the producing party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the producing party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing, that the producing party has disclosed that Protected Information without intending a waiver by the disclosure.  Upon such notification by the producing party, the Receiving Party must promptly notify the producing party in writing that the Receiving Party will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information.  Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible (without waiver of any applicable privilege) why the Protected Information is privileged.

**II. PRODUCTION OF PHYSICALLY STORED INFORMATION (HARD COPY DOCUMENTS)**

**A**. **TIFFs.** Hard copy paper documents shall be scanned as single-page, Group IV compression TIFF images using a print setting of at least 300 dots per inch (DPI). Each image shall have a unique file name, which is the Bates number of the document. Original document orientation shall be maintained (*i.e.,* portrait to portrait and landscape to landscape).

**B. Metadata Fields.** The following information shall be produced for hard copy documents and provided in the data load file at the same time that the TIFF images and the Optical Character Recognition (OCR) acquired text files are produced. Each metadata field shall be labeled as listed below:

| Field Name | Example / Format | Description |
|---|---|---|
| **PARENTDOCID** | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of a parent document (this field will only be populated in child records). |
| **GROUPID** | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document (in most cases, this will be data in the BEGATTACH field). |
| **BEGBATES** | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| **ENDBATES** | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| **BEGATTACH** | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document (if applicable). |
| **ENDATTACH** | ABC0000008 (Unique ID Parent-Child Relationships) | The Document ID number associated with the last page of the last attachment (if applicable). |
| **PGCOUNT** | 3 (Numeric) | The number of pages for a document. |
| **VOLUME** | VOL001 | The name of CD, DVD or Hard Drive (vendor assigns). |
| **CUSTODIAN** |  | The custodian / source of a document. **Note:** If the documents are de-duped on a global level, this field will contain the name of each custodian from which the document originated. |

**C. OCR Acquired Text Files.** When subjecting physical documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing", "auto-rotation" and the like should be turned on when documents are run through the process.

**D. Database Load Files/Cross-Reference Files.** Documents shall be provided with (a) a delimited metadata file (.dat or .txt) and (b) an image load file (.opt), as detailed in Appendix A.

**F. Unitizing of Documents.** In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records *(e.g.,* paper documents should be logically unitized). In the case of an organized compilation of separate documents - for example, a binder containing several separate documents behind numbered tabs - the document behind each tab should be scanned separately, but the relationship among the documents in the binder should be reflected in proper coding of the beginning and ending document and attachment fields. The parties will make their best efforts to unitize documents correctly.

# APPENDIX A: REQUESTED LOAD FILE FORMAT FOR ESI

**1. Image File Format:** All images, paper documents scanned to images or rendered ESI, shall be produced as 300 dpi single-page, CCITT Group IV TIFF images (for black/white) or JPG images (for color). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.

- All TIFF/JPG image file names shall include the unique Bates number burned into the image.
- Each Bates number shall be a standard length, include leading zeros in the number and be unique for each produced page.
- All TIFF/JPG image files shall be named with a ".tif" or ".jpg" extension.
- Images should be able to be OCR'd using standard COTS products, such as LexisNexis LAW PreDiscovery, Ipro, etc.

**2. Concordance Image Cross-Reference file:** Images shall be accompanied by a Concordance Image Cross-Reference file that associates each Bates number with its corresponding single-page TIFF/JPG image file. The Cross-Reference file should also contain the image file path for each Bates numbered page.

- Image Cross-Reference Sample Format:
  ABC000001,OLS,D:\DatabaseName\Image\001\ABC000001.TIF,Y,,,
  ABC000002,OLS,D:\DatabaseName\Image\001\ABC000002.TIF,,,,
  ABC000003,OLS,D:\DatabaseName\Image\001\ABC000003.TIF,,,,
  ABC000004,OLS,D:\DatabaseName\Image\001\ABC000004.TIF,Y,,,

**3. Concordance Load File:** Images shall also be accompanied by a "text load file" containing delimited text (DAT file) that will populate fields in a searchable, flat database environment. The delimiters for the load file should be Concordance defaults.

- Comma : ¶ ASCII character (020)
- Quote: þ ASCII character (254)
- Newline: ® ASCII character (174)

### APPENDIX B: REQUESTED METADATA FIELDS FOR ESI

| Field Name | Example / Format | Description |
|---|---|---|
| **PARENTDOCID** | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of a parent document (this field will only be populated in child records). |
| **GROUPID** | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document (in most cases, this will be data in the BEGATTACH field). |
| **BEGBATES** | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| **ENDBATES** | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| **BEGATTACH** | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| **ENDATTACH** | ABC0000008 (Unique ID Parent-Child Relationships) | The Document ID number associated with the last page of the last attachment. |
| **PGCOUNT** | 3 (Numeric) | The number of pages for a document. |
| **VOLUME** | VOL001 | The name of CD, DVD or Hard Drive (vendor assigns). |
| **SENTDATE** | MM/DD/YYYY | The date the email was sent. **NOTE:** For attachments to e-mails, this field should be populated with the date sent of the email transmitting the attachment. |
| **SENTTIME** | HH:MM:SS | The time the email was sent. |
| **CREATEDATE** | MM/DD/YYYY | The date the document was created. |
| **CREATETIME** | HH:MM:SS | The time the document was created. |
| **LASTMODDATE** | MM/DD/YYYY | The date the document was last modified. |
| **LASTMODTIME** | HH:MM:SS | The time the document was last modified |
| **RECEIVEDDATE** | MM/DD/YYYY | The date the document was received. |
| **RECEIVEDTIME** | HH:MM:SS | The time the document was received. |
| **FILEPATH** | i.e. Joe Smith/E-mail/Inbox Joe Smith/E-mail/Deleted Items Joe Smith/Loose Files/Accounting/... Joe Smith/Loose Files/Documents and Settings/... | Location of the original document. The source should be the start of the full path. |
| **APPLICATION** | MS Word, MS Excel, etc. | Type of document by application. |
| **HIDDENTYPE** | Options: Track Changes, Hidden Spreadsheet, Very Hidden Spreadsheet, etc. | The type of hidden modification of the document (e.g. Track Changes, Hidden Spreadsheet, Very Hidden Spreadsheet, etc) |
| **AUTHOR** | jsmith | The author of a document from entered metadata. |

*Exhibit A to Stipulated Order re: Defendant's Production of Electronically Stored Communications*

| Field Name | Example / Format | Description |
|---|---|---|
| **FROM** | Joe Smith <jsmith@email.com> | The display name and e-mail of the author of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| **TO** | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the recipient(s) of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| **CC** | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the copyee(s) of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| **BCC** | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the blind copyee(s) of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| **ESUBJECT** | Re: Scheduling Meet and Confer | The email subject line. |
| **DOCTITLE** | | The extracted document title or subject of a document. |
| **CUSTODIAN** | | The custodian / source of a document. **Note:** If the documents are de-duped on a global level, this field will contain the name of each custodian from which the document originated. |
| **ATTACH COUNT** | Numeric | The number of attachments to a document. |
| **FILEEXT** | XLS | The file extension of a document. |
| **FILENAME** | Document Name.xls | The file name of a document. |
| **HASH** | | The MD5 or SHA-1 Hash value. |
| **NATIVELINK** | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |
| **FULLTEXT** | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate Unicode text file per document. These text files should be named with their bates numbers. **Note**: E-mails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. |