1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA, et al.,          No.  2:12-CV-01699-KJM-EFB
      *ex rel.* LOYD F. SCHMUCKLEY, JR.,
12
                         Plaintiff,
13                                                ORDER
              v.
14
      RITE AID CORPORATION,
15
                         Defendant.
16

17            Relator has filed a notice of request to seal, ECF No. 344, along with an in camera

18    request for the sealing or redaction of the documents defendants seek to file in connection with

19    their opposition to plaintiff's pending motion to amend.  *See* ECF Nos. 318 and 318-2.  Relators'

20    filing is consistent with the procedures this court requires with respect to sealing requests,

21    recognizing the burden to justify sealing or redaction rests with the person or party claiming

22    confidentiality in the information covered by a request.

23            I.      INTRODUCTION

24            Relator's motion asserts the documents covered by its motion contain information

25    appropriated sealed or redacted under Federal Rule of Civil Procedure 5.2 and Local Rules 140

26    and 141, because they are employee pay stubs, including social security numbers, addresses, full

27    names and birthdates.  Each of these documents is submitted as evidence in support of

28

                                                   1

1    defendant's opposition to plaintiff's motion to join defendant subsidiaries.  ECF No. 315.  This

2    court has reviewed defendant's motion and now GRANTS it for the following reasons.

3         II.    <u>DISCUSSION</u>

4              The Federal Rules of Civil Procedure and the Eastern District of California Local

5    Rules require the redaction of documents containing an individual's personal information, with

6    the exception of the following: "(1) the last four digits of the social-security number and

7    taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and

8    (4) the last four digits of the financial-account number."  Fed. R. Civ. P. 5.2(a); Local Rule 140(a)

9    (prohibits home addresses in addition to the prohibitions of Fed. R. Civ. P. 5.2(a)(1)).  Both rules

10   authorize the redaction of such information without a court order.  Federal Rule of Civil

11   Procedure 52(d) and Local Rule 141 provide for sealing of documents that qualify.

12             "[T]he courts of this country recognize a general right to inspect and copy public

13   records and documents, including judicial records and documents."  *Nixon v. Warner*

14   *Communications*, 435 U.S. 589, 597 (1978) (footnotes omitted).  While "the right to inspect and

15   copy judicial records is not absolute," access in civil cases is properly denied for clearly

16   justifiable reasons: to protect against "'gratif[ication of] private spite or promot[ion of] public

17   scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements," or

18   "sources of business information that might harm a litigant's competitive standing."  *Id.* at 598

19   (citations omitted).  As the Ninth Circuit instructs, a "strong presumption in favor of access" to

20   the record governs in a court of law unless the case or a part of it qualifies for one of the relatively

21   few exceptions "traditionally [] kept secret," with secrecy allowed for good reasons.  *Foltz v.*

22   *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134−35 (9th Cir. 2003).

23             When a party moves to seal a record, the court looks to the underlying motion and

24   determines whether it is "more than tangentially related to the merits of a case."  *Ctr. for Auto*

25   *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  If the motion is more than

26   tangentially related to the merits of the case, a party seeking to seal the record must satisfy the

27   "stringent" compelling reasons standard.  *Id.* at 1096.  Applying this standard, "a court may seal

28   records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling,

without relying on hypothesis or conjecture,'" and "then 'conscientiously balance[s] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1096−97 (first alteration in original) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

When a motion is unrelated or only tangentially related to the merits of the case, the good cause standard, which is an "exception" to the "presumptive" compelling reasons standard, applies. *Id.* at 1097−98. To establish good cause, a party must show "for each particular document it seeks to protect . . . that specific prejudice or harm will result" absent sealing. *See Foltz*, 331 F.3d at 1130 (citation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rule 141 provides that documents may be sealed only by a written order of the court after a party makes a particularized request to seal. E.D. Cal. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." The court's own Standing Order, available on its web page, and its Pretrial Scheduling Order issued in this case, ECF No. 128, emphasize the requirement that a party comply with the law and the rules in making any sealing request, which they should do lightly and only rarely if at all. Here, realtor's request to seal is appropriate only to the extent it allows for complete, unredacted copies of documents to be placed under seal concurrently with the filing of redacted copies to preserve the record. The request to redact limited information, including social security numbers, addresses, full names other than relator's and birthdates, is consistent with both Local Rules and the Federal Rules of Civil Procedure, and reflects the requirements placed by both on relator.

1    In sum, the court finds good cause for defendant's filing of a REDACTED copy of

2    the documents for which a placeholder has been filed at ECF No. 318-2, with an unredacted copy

3    of the same documents filed UNDER SEAL concurrently.

4    III.    CONCLUSION

5    Relator's request to seal or redact is GRANTED to the extent explained above.

6    The court directs defendant to file the redacted documents within seven (7) days of this order, and

7    to concurrently provide the Clerk of Court with the corresponding unredacted documents for

8    filing under seal.  This order resolves the in camera request filed as noticed by ECF No. 344; the

9    Clerk of Court is directed to file the in camera request and its supporting documents under seal to

10   preserve the record with respect to the request.

11   IT IS SO ORDERED.

12   DATED:  October 15, 2020.

13

14   CHIEF UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4