XAVIER BECERRA
Attorney General
VINCENT DICARLO
Supervising Deputy Attorney General
BERNICE L. LOUIE YEW (SBN 114601)
Deputy Attorney General
EMMANUEL R. SALAZAR (SBN 240794)
Deputy Attorney General
KEVIN C. DAVIS (SBN 253425)
Deputy Attorney General
2329 Gateway Oaks Drive, Suite 200
Sacramento, CA 95833
Tel.: (916) 621-1835
Bernice.Yew@doj.ca.gov
Emmanuel.Salazar@doj.ca.gov
Kevin.Davis@doj.ca.gov

Attorneys for Plaintiff-Intervenor
STATE OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATES OF CALIFORNIA, *et al.*, *ex rel.* LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendant. | Case No. 2:12-cv-01699-KJM-EFB<br><br>**JOINT MOTION TO EXTEND COURT-ORDERED DISCOVERY DEADLINES; [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER**<br><br>Related to ECF Nos. 359, 365, 373, 378 |
| STATE OF CALIFORNIA, *ex rel.* LOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendant. | |

**1. Extension of Deadline for Rite Aid to Complete its Production of Custodial Documents Covered by the Stipulated Order Re: Defendant's Production of Electronically Stored Communications.**

Plaintiff-Intervenor State of California ("California"), Relator Loyd F. Schmuckley, Jr. and Defendant Rite Aid Corporation ("Rite Aid") (together, the "Parties") jointly move for an order extending the deadline for Rite Aid to complete its production of custodial documents covered by the Stipulated Order Re: Defendant's Production of Electronically Stored Communications ("ESI Agreement"). *See* ECF No. 359. The deadline is currently December 31, 2020. ECF No. 359. The Parties request that it be extended to February 26, 2021.

Grounds for Extension Request

Rite Aid has worked to collect, review, and produce responsive communications from the Parties' agreed list of Rite Aid custodians. Consistent with the terms of the Parties' ESI Agreement, Rite Aid has made rolling productions on October 30, 2020, November 30, 2020, and December 23, 2020, and plans to make another production on December 31, 2020. In doing so, Rite Aid expects to substantially complete its production of non-privileged responsive custodial communications by December 31, 2020.

On December 21, 2020, pursuant to Section E of the ESI Agreement, Rite Aid informed Plaintiffs' counsel that, despite Rite Aid's significant progress, it may not be able to complete its production of *all* responsive custodial communications by December 31, 2020. For example, Rite Aid is still actively working to collect and review some potentially responsive documents that may exist in sources outside of our custodians' e-mail collections. In addition, a number of documents are subject to ongoing privilege review and privilege logging efforts, including documents that ultimately may be determined to be non-privileged, and therefore will be produced. In light of these considerations and California's proposal to extend the case discovery cutoff dates in the case scheduling order by six months,[1] the Parties request that the December

---

[1] In the interest of allowing enough time to complete discovery, California's consent to extend this deadline by approximately two months is conditioned on the Court agreeing to extend the discovery cutoff dates in the case scheduling order by six months, as requested by the Parties in a separate stipulation that has been concurrently filed with Judge Mueller. If the Court does not grant that six-month extension, then the Parties will meet and confer regarding a reasonable,

31, 2020 deadline in the ESI Agreement be extended to February 26, 2021.  No previous extensions have been requested for this deadline.

### 2. Extension of Deadline for Rite Aid to Produce all Documents Responsive to California RPD Nos. 69, 72, 75, 84, 88 and 121-123.

The Parties further jointly move for an order extending the deadline for Rite Aid to produce all documents responsive to California RPD Nos. 69, 72, 75, 84, 88 and 121-123. *See* ECF No. 378.  The deadline is currently December 31, 2020.  ECF No. 378.  The Parties request that it be extended an additional two weeks to January 15, 2021.

Grounds for Extension Request

On November 9, 2020, the Parties jointly moved for a three-week extension to the original deadline for Rite Aid to produce the above-referenced documents.  ECF No. 375 (requesting an extension of deadlines set in ECF No. 365).  That request was based on an unanticipated power outage at Rite Aid's corporate headquarters, which impeded the search for and collection of hard-copy documents maintained at Rite Aid's corporate headquarters that may be responsive to the above-referenced document requests.  *See* ECF No. 375.  The Court granted that motion and set December 7, 2020 as the new deadline for Rite Aid to produce responsive documents.  ECF No. 376.

At the time of the Parties' November 9, 2020 motion, Rite Aid believed that the power outage at its corporate headquarters would be resolved with sufficient time to locate, collect, review, and produce any responsive documents covered by the Court's order by December 7, 2020.  By December 3, 2020, however, power at Rite Aid's corporate headquarters still had not been restored, and Rite Aid's efforts to locate and collect these documents were unsuccessful due to the continuing power outage.  *See* ECF No. 377-1.  The Parties therefore jointly moved for—and the Court granted—an additional 24-day extension for Rite Aid to produce the above-referenced documents.  *See* ECF No. 378.

---

alternative deadline for Rite Aid to complete its production of custodial documents covered by the ESI Agreement.

Contrary to Rite Aid's belief at the time of the December 3, 2020 motion, the power outage at its corporate headquarters was not resolved by December 11, 2020. Instead, the power outage was only just recently resolved on or shortly before December 21, 2020. With power finally restored, Rite Aid can now search for, collect, review, and produce the above-referenced documents, but—especially with staffing limitations attributable to the intervening holidays—Rite Aid does not have sufficient time to complete its collection, review, and production of these documents by December 31, 2020.[2] The Parties therefore jointly request an additional two-week extension of this deadline from December 31, 2020 to January 15, 2021.

### 3. Extension of Deadline for California to provide Supplemental Responses to Rite Aid's Interrogatories 3-5, 7-9 and 13.

The Parties further jointly move for an order extending the deadline for California to provide supplemental responses to Rite Aid's Interrogatories 3-5, 7-9, and 13. *See* ECF No. 365 and 373. The deadline is currently January 15, 2021. ECF No. 373. The Parties request that it be extended an additional two weeks to January 29, 2021.

<u>Grounds for Extension Request</u>

The Court originally ordered California to provide supplemental responses by December 31, 2020. ECF No. 365. Subsequently, the Court extended the date to January 15, 2021 pursuant to a stipulated request by the Parties. ECF No. 373.

The Parties have worked cooperatively to comply with the Court's October 16, 2020 Order. On October 19, 2020, California provided Rite Aid with a list identifying the prescription records associated with the sample claims that California claims were illegible, incomplete, or difficult to read. In preparing the list, California discovered that the affected prescription records included a higher percentage of the sample claims than California had estimated at the hearing. Due to this, the Parties jointly moved on October 26, 2020 for reciprocal two-week extensions for Rite Aid to produce the requested prescription records and for the State to provide supplemental

---

[2] Rite Aid appreciates California's cooperation and the Court's patience in granting the multiple extensions of this deadline. This unexpected, prolonged power outage has proved to be a far more prolonged problem than Rite Aid ever could have anticipated.

1  responses to Rite Aid's Interrogatories 3-5, 7-9 and 13.  ECF No. 372.  The Court granted the

2  request.  ECF No. 373.  On November 25, 2020, Rite Aid produced new copies of the

3  prescription records identified in California's list.  On December 2, 2020, to facilitate California's

4  efficient review of these records, Rite Aid re-produced an overlay production of the prescription

5  records sequenced by sample claim numbers as identified in California's list.

6        California has worked to prepare supplemental responses to Rite Aid's Interrogatories, but

7  has discovered that the review process for the 1,904 sample claims has been more time

8  consuming than expected due to pandemic-related restrictions and staff capacity.  The review

9  involves, among other things, carefully scrutinizing numerous pharmacy business and other

10 records related to each sample claim and documenting its findings from the review.  Nevertheless,

11 California is making good progress and, at its current pace, will begin rolling out supplemental

12 responses for a substantial portion by next week and is on track to complete its review and serve

13 supplemental responses for all 1,904 sample claims by no later than January 29, 2021.

14 * * *

15       For the reasons stated above, the Parties move to amend the deadlines in the Court's

16 Orders, ECF No. 359, 365, 373 and 378, as follows:

| Event | Current Deadline | Amended Deadline |
| --- | --- | --- |
| Barring unforeseen circumstances, Rite Aid agrees to complete its production of custodial documents covered by the Stipulated Order Re: Defendant's Production of Electronically Stored Communications.  Rite Aid will inform Plaintiffs ten days before this deadline if Rite Aid anticipates that it will not be able to complete its productions, so the Parties can agree on a reasonable timeline for Rite Aid to complete any outstanding productions. | December 31, 2020 (ECF No. 359) | February 26, 2021 |
| Rite Aid shall produce all documents responsive to California | December 31, 2020 (ECF No. 378) | January 15, 2021 |

| RPD Nos. 69, 72, 75, 84, 88, and 121-123, subject to California's qualification that RPD Nos. 69, 72, 75, 84 seek only documents that "actually discuss, reflect, or documents" delegations or authorizations. | | |
|---|---|---|
| California shall provide supplemental responses to Rite Aid's Interrogatories 3-5, 7-9, and 13 | January 15, 2021 (ECF No. 373) | January 29, 2021 |

Respectfully Submitted,

Dated: December 30, 2020

XAVIER BECERRA
Attorney General of the State of California

*/s/ Kevin Davis*
_____
Kevin C. Davis
Deputy Attorney General
Attorneys for Plaintiff-Intervenor
STATE OF CALIFORNIA

Dated: December 30, 2020

WATERS & KRAUS LLP

*/s/ Wm. Paul Lawrence* (auth. December 29, 2020)
_____
Wm. Paul Lawrence II (*Pro Hac Vice*)
Waters & Krause LLP
Attorneys for *Qui Tam* Plaintiff
LOYD F. SCHMUCKLEY, JR.

Dated: December 30, 2020

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Kevin Papay* (auth. December 29, 2020)
_____
Kevin M. Papay
Attorneys for Defendant
RITE AID CORPORATION

# [~~PROPOSED~~] ORDER

Upon consideration of Plaintiff-Intervenor State of California ("California") and Defendant Rite Aid Corporation's ("Rite Aid") Joint Motion to Extend Court-Ordered Discovery Deadlines, and finding good cause, IT IS ORDERED that the deadlines in ECF Nos. 359, 365, 373 and 378 are amended as follows:

| Event | Current Deadline | Amended Deadline |
| --- | --- | --- |
| Barring unforeseen circumstances, Rite Aid agrees to complete its production of custodial documents covered by the Stipulated Order Re: Defendant's Production of Electronically Stored Communications.  Rite Aid will inform Plaintiffs ten days before this deadline if Rite Aid anticipates that it will not be able to complete its productions, so the Parties can agree on a reasonable timeline for Rite Aid to complete any outstanding productions. | December 31, 2020 (ECF No. 359) | February 26, 2021 |
| Rite Aid shall produce all documents responsive to California RPD Nos. 69, 72, 75, 84, 88, and 121-123, subject to California's qualification that RPD Nos. 69, 72, 75, 84 seek only documents that "actually discuss, reflect, or documents" delegations or authorizations. | December 31, 2020 (ECF No. 378) | January 15, 2021 |
| California shall provide supplemental responses to Rite Aid's Interrogatories 3-5, 7-9, and 13 | January 15, 2021 (ECF No. 373) | January 29, 2021 |

IT IS SO ORDERED.

DATED:  January 6, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE