1  XAVIER BECERRA
   Attorney General
2  VINCENT DICARLO
   Supervising Deputy Attorney General
3  BERNICE L. LOUIE YEW (SBN 114601)
   Deputy Attorney General
4  EMMANUEL R. SALAZAR (SBN 240794)
   Deputy Attorney General
5  KEVIN C. DAVIS (SBN 253425)
   Deputy Attorney General
6  2329 Gateway Oaks Drive, Suite 200
7  Sacramento, CA 95833
   Tel.: (916) 621-1835
8  Bernice.Yew@doj.ca.gov
   Emmanuel.Salazar@doj.ca.gov
9  Kevin.Davis@doj.ca.gov

10 Attorneys for Plaintiff-Intervenor
   STATE OF CALIFORNIA
11

12                    UNITED STATES DISTRICT COURT

13                   EASTERN DISTRICT OF CALIFORNIA

14

15 | UNITED STATES OF AMERICA and the | Case No. 2:12-cv-01699-KJM-EFB
   | STATES OF CALIFORNIA, *et al.*, *ex rel.* |
16 | LOYD F. SCHMUCKLEY, JR., | **PARTIES' JOINT MOTION TO**
   | | **AMEND THE SCHEDULING ORDER**
17 |                         Plaintiffs, | **TO PERMIT ADDITIONAL TIME TO**
   | | **CONDUCT DISCOVERY; ORDER**
18 |              v. |
   | | Related to ECF No. 128 (original order),
19 | RITE AID CORPORATION, | 316 (most recent extension)
20 |                         Defendant. |

21 STATE OF CALIFORNIA, *ex rel.* LOYD F.
   SCHMUCKLEY, JR.,
22
                          Plaintiffs,
23
                v.
24
   RITE AID CORPORATION,
25
                          Defendant.
26

27

28

**PARTIES' JOINT MOTION TO AMEND THE SCHEDULING ORDER TO PERMIT ADDITIONAL TIME TO CONDUCT DISCOVERY**

**TO THE HONORABLE COURT:**

Plaintiff-Intervenor State of California ("California"), *Qui Tam* Plaintiff Loyd F. Schmuckley, Jr. ("Relator," together with California, "Plaintiffs"), and Defendant Rite Aid Corporation ("Defendant" or "Rite Aid," together with Plaintiffs, the "Parties"), by and through their respective counsel of record, for good cause shown, hereby request this Court to amend the scheduling order to permit additional time for the Parties to conduct discovery.

As described in detail below, the Parties are making progress toward completing fact-discovery. However, the Parties request that the current dates in the scheduling order be extended for six months to allow the Parties adequate time to complete written discovery and to depose all necessary fact witnesses.

I.   <u>**Rite Aid's Production of Electronically Stored Information from Custodians**</u>

On October 5, 2020, to resolve a pending motion, the Parties filed a "Stipulated Order re: Defendant's Production of Electronically Stored Communications." ECF No. 355. The Court signed the stipulated order on October 14, 2020 ("ESI Order"). ECF No. 359. Since that time, Rite Aid has worked to collect, review, and produce responsive communications from the Parties' agreed list of Rite Aid custodians. Consistent with the ESI Order, Rite Aid has made rolling productions on October 30, 2020, November 30, 2020, and December 23, 2020, and plans to make another production on December 31, 2020. In doing so, Rite Aid expects to substantially complete its production of non-privileged responsive custodial communications by December 31, 2020.

On December 21, 2020, pursuant to Section E of the ESI Order, Rite Aid informed Plaintiffs' counsel that, despite Rite Aid's significant progress, it may not be able to complete its production of all responsive custodial communications by December 31, 2020. For example, Rite Aid is still actively working to collect and review some potentially responsive documents that may exist in sources outside of its custodians' e-mail collections. In addition, a number of documents are subject to ongoing privilege review and privilege logging efforts, including documents that ultimately may be determined to be non-privileged, and therefore will be produced.

1    As a result, Rite Aid has requested in a joint motion filed with Judge Brennan that the Court

2    extend to February 26, 2021 its deadline to complete its production of documents covered by the

3    ESI Order.  California has consented to this extension conditioned on the Court modifying the

4    scheduling order dates as requested in this Stipulation.

5    Depending on the scope of Rite Aid's privilege claims, which will be set forth in a privilege

6    log, the Parties may need additional time to resolve issues related to Rite Aid's ESI production after

7    it is complete.

8    **II.**   **Rite Aid's Production of Documents related to the Operations and Governance of Rite**

9    **Aid Corporation and its Subsidiaries**

10    On October 16, 2020, the Court ordered Rite Aid to produce all documents responsive to

11    California's RPD Nos. 69, 72, 75, 84, 88, and 121-123 by no later than November 16, 2020.  ECF

12    No. 365.  Due to a prolonged power outage at Rite Aid's corporate headquarters, the Court granted

13    a stipulated Order extending the date of Rite Aid's production to December 7, 2020.  ECF No. 376.

14    The outage persisted much longer than Rite Aid expected and the Court granted a second stipulated

15    Order extending the date to December 31, 2020.  ECF No. 378.  Rite Aid has just recently resolved

16    the power outage, so the Parties have jointly filed a motion with Judge Brennan requesting an

17    additional extension of Rite Aid's deadline to January 15, 2021.

18    Depending on the scope of Rite Aid's privilege claims, which will be set forth in a privilege

19    log, the Parties may need additional time to resolve issues related to Rite Aid's production.

20    **III.**   **California's Supplemental Responses to Rite Aid's Special Interrogatories Seeking**

21    **California's Contentions regarding the 1,904 Sample Claims**

22    On October 16, 2020, the Court ordered California to provide supplemental responses to

23    Rite Aid's Interrogatories 3-5, 7-9, and 13 by December 31, 2020.  The Parties have worked

24    cooperatively to comply with the Court's October 16, 2020 Order.  On October 19, 2020, California

25    provided Rite Aid with a list identifying the prescription records associated with the sample claims

26    that California claims were illegible, incomplete, or difficult to read.  In preparing the list,

27    California discovered that the affected prescription records included a higher percentage of the

28

PARTIES' JOINT MOT TO AMEND THE
SCHEDULING ORDER
CASE NO. 2:12-CV-01699-KJM-EFB

sample claims than California had estimated at the hearing.  Due to this, the Parties jointly moved on October 26, 2020 for reciprocal two-week extensions for Rite Aid to produce the requested prescription records and for the State to provide supplemental responses to Rite Aid's Interrogatories 3-5, 7-9 and 13.  ECF No. 372.  The Court granted the request.  ECF No. 373.  On November 25, 2020, Rite Aid produced new copies of the prescription records identified in California's list.  On December 2, 2020, to facilitate California's efficient review of these records, Rite Aid re-produced an overlay production of the prescription records sequenced by sample claim numbers as identified in California's list.  California has worked to prepare supplemental responses to Rite Aid's Interrogatories, but has discovered that the review process for the 1,904 sample claims has been more time consuming than expected due to pandemic-related restrictions and staff capacity.  The review involves, among other things, carefully scrutinizing numerous pharmacy business and other records related to each sample claim and documenting its findings from the review.  Nevertheless, California is making good progress and, at its current pace, is on track to complete its review and serve supplemental responses for all 1,904 sample claims by no later than January 29, 2021.

The Parties have therefore jointly filed a motion with Judge Brennan to extend California's deadline to provide supplemental responses to January 29, 2021.

## IV.     Rite Aid's Identification of Pharmacy Associate Witnesses

California propounded its first set of interrogatories (consisting of Interrogatories Nos. 1-8) on Rite Aid on August 21, 2020.  California's interrogatories, among other things, asked Rite Aid to identify and provide contact information for its pharmacy associates who performed key tasks related to the Code 1 review and verification for each of the 1,904 sample claims (e.g. the person who performed the Code 1 review and verification; the person who documented it; what Bates labeled page constitutes the documentation; the person who entered the Code 1 override codes in the computer-based dispensing system; etc.).

Rite Aid timely responded with charts that identify and provide the employment status of each of the thousands of pharmacy associates involved with dispensing each sample claim.

PARTIES' JOINT MOT TO AMEND THE
SCHEDULING ORDER
CASE NO. 2:12-CV-01699-KJM-EFB

1    California contends that the lists do not adequately identify which of the pharmacy associates

2    performed the tasks referenced in California's interrogatories.  California further contends that the

3    lists do not provide last known contact information for the pharmacy associates who are no longer

4    employed by Rite Aid.  Rite Aid contends that its responses are adequate, and that providing

5    supplemental responses with the additional information that California requests at this time would

6    be unduly burdensome and disproportionate to the needs of the case, especially in light of the

7    Court's October 16, 2020 order (referenced in Part III above) that California supplement its

8    interrogatory responses next month to specify which of the 1,904 sample claims California still

9    contends are false based on the discovery provided to date.  The Parties have agreed to meet and

10   confer further regarding the sufficiency of Rite Aid's interrogatory responses after California

11   begins providing rolling productions for the supplemental interrogatory responses referenced in

12   Part III above, so that Rite Aid can evaluate and potentially amend its interrogatory responses to

13   account for the additional information provided in California's amended responses.

14   **V.    Depositions of Non-Expert Witnesses**

15   Thus far, California has deposed Rite Aid's Senior Manager of Cash Management Jennifer

16   Wagner-Parrish and Rite Aid has deposed Relator Loyd Schmuckley.  The Parties have not yet

17   conducted any other depositions.

18   Rite Aid identified 21 document custodians pursuant to section "A" of the ESI Order.

19   Based upon their evaluation on Rite Aid's document productions referenced in Part I above,

20   Plaintiffs may seek to depose a number of these witnesses.  Plaintiffs also intend to depose Rule

21   30(b)(6) witnesses from Rite Aid who may be different than the identified custodians.  Plaintiffs

22   also believe that they may discover additional witnesses to depose after completing their review of

23   the Rite Aid document productions referenced in Parts I and II above.

24   Rite Aid also intends to depose additional witnesses, including from California's

25   Department of Health Care Services, which California claims is a third party that is only subject to

26   discovery through subpoena.

27   Of major import to this extension request, Rite Aid intends to call as witnesses a to-be-

28

PARTIES' JOINT MOT TO AMEND THE
SCHEDULING ORDER
CASE NO. 2:12-CV-01699-KJM-EFB

determined number of the pharmacy associates who were involved with dispensing some of the 1,904 sample claim prescriptions.  The Parties will meet and confer further to discuss the extent to which potentially voluminous pharmacy associate witnesses—and corresponding depositions— may be necessary, and if so, since many of the pharmacy associates involved in dispensing the sample claims no longer work for Rite Aid, the parties will need additional time to locate them.

**VI.   The Scheduling Order's Current Deadlines and Proposed Modified Dates**

The current deadline for the Parties to complete all non-expert discovery is June 4, 2021. The Parties respectfully submit that this does not give the Parties enough time to complete the document productions and depositions set forth above, in addition to resolving current and potential future discovery disputes.  The Parties therefore submit this joint motion requesting the Court to find good cause and approve the below proposed schedule, as follows:

| Event | Current Deadline [ECF 316] | Proposed Modified Date |
| --- | --- | --- |
| Second Phase of Discovery Completed | June 4, 2021 | December 3, 2021 |
| Expert Disclosures (other than sampling methodology/design) | August 6, 2021 | February 7, 2022 |
| Rebuttal expert disclosures (other than sampling methodology/design) | September 10, 2021 | March 10, 2022 |
| Expert Discovery Completed | October 15, 2021 | April 15, 2022 |
| Last Day to Hear Dispositive Motions | April 1, 2022 | October 7, 2022 |

Dated: December 30, 2020                     Respectfully Submitted,

                                             XAVIER BECERRA
                                             Attorney General of the State of California

                                             */s/ Emmanuel R. Salazar*
                                             _____
                                             Emmanuel R. Salazar
                                             Deputy Attorney General
                                             Attorneys for Plaintiff-Intervenor
                                             STATE OF CALIFORNIA

Dated: December 30, 2020                     WATERS & KRAUS LLP

1

2                                                  /s/ *Wm. Paul Lawrence II* (auth. December 29, 2020)
                                                   _____
3                                                  Wm. Paul Lawrence II (*Pro Hac Vice*)
                                                   Waters & Krause LLP
4                                                  Attorneys for *Qui Tam* Plaintiff
                                                   LOYD F. SCHMUCKLEY, JR.
5

6   Dated: December 30, 2020                       MORGAN, LEWIS & BOCKIUS LLP

7                                                  /s/ *Benjamin P. Smith*  (auth. December 29, 2020)
8                                                  _____
                                                   Benjamin P. Smith
9                                                  Attorneys for Defendant
                                                   RITE AID CORPORATION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARTIES' JOINT MOT TO AMEND THE
SCHEDULING ORDER
CASE NO. 2:12-CV-01699-KJM-EFB

1

## <u>ORDER</u>

2      The Court, having considered the Parties' Joint Motion to Modify the Scheduling Order to

3  Permit More Time for Parties to Conduct Discovery (ECF No 382), finds good cause and

4  ORDERS that the schedule for the Parties is amended as follows:

5

6

| Event | Current Deadline [ECF 260] | Modified Date |
|---|---|---|
| Second Phase of Discovery Completed | June 4, 2021 | December 3, 2021 |
| Expert Disclosures (other than sampling methodology/design) | August 6, 2021 | February 7, 2022 |
| Rebuttal expert disclosures (other than sampling methodology/design) | September 10, 2021 | March 10, 2022 |
| Expert Discovery Completed | October 15, 2021 | April 15, 2022 |
| Last Day to Hear Dispositive Motions | April 1, 2022 | October 7, 2022 |

7

8

9

10

11

12

13      **IT IS SO ORDERED.**

14  DATED:  January 11, 2021.

15

16  CHIEF UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

PARTIES' JOINT MOT TO AMEND THE
SCHEDULING ORDER
CASE NO. 2:12-CV-01699-KJM-EFB