UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America et al., ex rel. Loyd F. Schmuckley, Jr.,<br><br>                     Plaintiffs,<br><br>    v.<br><br>Rite Aid Corporation,<br><br>                     Defendant. | No. 2:12-cv-01699-KJM-EFB<br><br>ORDER |
| State of California ex rel. Loyd F. Schmuckley, Jr.,<br><br>                     Plaintiff,<br><br>    v.<br><br>Rite Aid Corporation,<br><br>                     Defendant. | |

      Rite Aid moves for reconsideration of an order denying its previous motion to strike expert opinions. *See* Mot. Correct, ECF No. 329; Prev. Order, ECF No. 319. The plaintiffs oppose the motion, which is fully briefed. *See* Opp'n, ECF No. 354; Reply, ECF No. 358. As explained in this order, the motion is **granted in part and denied in part**.

1

The plaintiffs allege in this action that Rite Aid submitted false reimbursement claims for prescription drug sales. As explained in the court's previous order, because the universe of reimbursement claims is so large, the plaintiffs proposed to use a statistical sampling method and extrapolation to prove, for example, how many false claims were actually submitted and for what amounts. *See* Prev. Order at 2–7. Rite Aid challenged the proposed sampling method and argued essentially that it was unreliable. *See id.* at 7–8.

One of the parties' reliability disputes concerned the relevance of several sources of information external to the claims themselves, such as patient medical records and claims histories. The plaintiffs' proposed sampling method, a stratified random sample, would not analyze this other information when determining whether a particular claim was false. *See* Prev. Order at 18. The plaintiffs proposed instead to determine falsity by investigating only whether Rite Aid associates complied with certain procedures and regulatory limits. *See id.* This proposal differed from others the plaintiffs had made before. In a previous status report, for example, the plaintiffs had claimed their experts would rely on medical records. *See* Joint Status Rep. at 4–5, ECF No. 119. Rite Aid argued the plaintiffs' sampling method was unreliable because patient records, previous claims, and other information might show a claim was not actually "false." *See* Prev. Order at 18. Records might prove, for instance, that a patient had an approved medical condition. *See id.* Rite Aid therefore contended that a cluster sampling method was necessary to incorporate a broader universe of data and claims. *See id.* The court disagreed with Rite Aid's contention that the plaintiffs' sampling method was inadmissible; it was impeachable, perhaps, but not scientifically unreliable. *See id.* at 18–19. The court thus denied the motion to exclude.

Rite Aid now moves to correct a typographical error in the court's previous order and for reconsideration of what it claims was "clear error" in the court's analysis of the plaintiffs' sampling method. *See* Mot. Correct, ECF No. 329.

A district court has inherent authority to reconsider its interlocutory orders. *See* Fed. R. Civ. P. 54(b); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Reconsideration is ordinarily appropriate only when controlling law has changed, if new evidence has become available, or when necessary to correct a clear error or

2

1    prevent manifest injustice. *See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v.*
2    *California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009). "In the absence of new evidence or a
3    change in the law, a party may not use a motion for reconsideration to raise arguments or present
4    new evidence for the first time when it could reasonably have been raised earlier in the litigation."
5    *Id.* This District's local rules also require a party requesting reconsideration to explain "what new
6    or different facts or circumstances are claimed to exist which did not exist or were not shown" or
7    "what other grounds exist for the motion" and "why the facts of circumstances were not shown at
8    the time of the prior motion." E.D. Cal. L.R. 230(j).

9    Rite Aid's motion is granted in part. The court revises lines 20–23 on page 19 of its
10   previous order to read as follows (new text shown in bold):

11   > Even if, as Rite Aid contends, plaintiffs' methodology presupposes what constitutes
12   > a "false" Code 1 claim, either under the applicable regulatory provisions, *see* Cal.
13   > Code. Regs, tit. 22, section 51476(c), or **otherwise,** that is a key factual
14   > determination requiring resolution by the factfinder. *See Life Care I*, 114 F. Supp.
15   > 3d at 560.

16   The balance of Rite Aid's motion is denied. Rite Aid identifies no new facts, no new law, no
17   clear error, and no manifest injustice. Its motion instead calls out the shifting nature of the
18   plaintiffs' theories in this case. These inconsistencies are no reason to reconsider. The court
19   recognized them in its order; its discussion of the most recent proposal was not inadvertent.

20   Rite Aid also emphasizes again the importance of medical records and other similar
21   information. But reconsideration is not appropriate to recognize Rite Aid's interests in this
22   evidence. It may very well be that a cluster sampling method would more accurately detect false
23   claims, and medical records may prove essential to the fact-finder, but nothing prevents Rite Aid
24   from emphasizing that and other faults to jurors. *See id.* Prev. Order at 19. Expert opinion is not
25   inadmissible or unreliable simply because it is impeachable. *See City of Pomona v. SQM N. Am.*
26   *Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014). It might also be true that the plaintiffs' stratified
27   sampling method cannot prove falsity from a legal perspective. *See* Prev. Order at 19–20. But
28   that is a decision for another day. *See id.* at 19–20 ("At this stage in the litigation, . . . the court's
29   role is to assess the scientific reliability of plaintiffs' chosen methodology, not determine whether

1  that methodology can or will satisfy the legal elements of plaintiffs' case.").

2      Finally, the court's previous order does not, as Rite Aid contends, relieve the plaintiffs of
3  their burden to prove falsity.  It remains the plaintiffs' burden to prove that Rite Aid submitted
4  false claims.  If plaintiffs' statistics fail in that task or if the jury credits Rite Aid's evidence
5  instead, then Rite Aid will prevail.  Nothing prevented Rite Aid from advancing this argument in
6  previous filings.  Reconsideration is thus denied.

7      This order resolves ECF No. 329.

8      IT IS SO ORDERED.

9  DATED:  April 6, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE