1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11
    UNITED STATES OF AMERICA, *et al.*, *ex*        2:12-CV-1699-KJM-JDP
12  *rel.* LOYD F. SCHMUCKLEY, JR.,
                                                     STIPULATION AND ORDER
13                          Plaintiffs,              REGARDING DISCOVERY ON RITE AID
                                                     HDQTRS. CORP. AND THRIFTY
14          **v.**                                   PAYLESS, INC.

15  RITE AID CORPORATION, RITE AID                   ECF No. 408
    HDQTRS. CORP., THRIFTY PAYLESS,
16  INC.

17                          Defendant.

18

19  STATE OF CALIFORNIA *ex rel.* LOYD F.
    SCHMUCKLEY, JR.,
20
                            Plaintiff,
21
            v.
22  RITE AID CORPORATION, RITE AID
    HDQTRS. CORP., THRIFTY PAYLESS,
23  INC.

24                          Defendant.

25                                    **RECITALS**

26          WHEREAS, on June 26, 2012, Plaintiff Loyd F. Schmuckley, Jr. ("Relator") filed under

27  seal a qui tam Complaint against Rite Aid Corporation, which prompted the Government to serve

28  a False Claims Act Civil Investigative Demand ("CID") on Rite Aid Corporation.

                                              1

WHEREAS, Rite Aid Corporation subsequently answered the CID interrogatories and produced documents responsive to the document requests.

WHEREAS, on September 21, 2017, Plaintiff-Intervenor State of California ("California") filed a Complaint-in-Intervention against Defendant Rite Aid Corporation.

WHEREAS, on September 28, 2017, Plaintiff Loyd F. Schmuckley, Jr. ("Relator," together with California, "Plaintiffs") filed a First Amended Complaint against Defendant Rite Aid Corporation.

WHEREAS, Plaintiffs and Rite Aid Corporation agreed to and the Court approved several protective orders, namely, ECF Nos. 109, 136, and 185.

WHEREAS, Plaintiffs served discovery requests upon Rite Aid Corporation and Rite Aid Corporation served original, amended, and supplemental responses thereto, including relevance- and privilege logs.

WHEREAS, on June 12, 2020, Plaintiffs filed a Motion to Amend the Pleadings, relevant here, to name additional Defendants Thrifty Payless, Inc. ("Thrifty"), and Rite Aid Hdqtrs. Corp. ("Hdqtrs.," and together with Thrifty and Rite Aid Corporation, collectively, "Defendants," and together with Plaintiffs, "the Parties").

WHEREAS, on October 5, 2020, Plaintiffs and Rite Aid Corporation jointly proposed a Stipulated Order re: Defendant's Production of Electronically Stored Communications, which the Court adopted on October 14, 2020, ECF No. 359.

WHEREAS, on April 7, 2021, the Court granted Plaintiffs' Motion to Amend the Pleadings, ECF No. 400.

WHEREAS, on April 28, 2021, Defendants jointly filed the Answer and Affirmative Defenses of Rite Aid Corporation, Hdqtrs., and Thrifty to State of California's First Amended Complaint-in-Intervention.

WHEREAS, on April 28, 2021, Defendants jointly filed the Answer and Affirmative Defenses of Defendants Rite Aid Corporation, Hdqtrs., and Thrifty to Relator's Second Amended Complaint.

WHEREAS, the Parties recognize the need to minimize litigation costs.

## STIPULATION

THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, THEREFORE HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

1. <u>Government's CID and Plaintiffs' Discovery Requests.</u>  Plaintiffs need not serve Thrifty and Hdqtrs. with any and all CID and prior discovery requests issued to Rite Aid Corporation as of today's date ("prior discovery requests").  All such CID and prior discovery requests shall be deemed duly served on Thrifty and Hdqtrs.

2. <u>Defendants' CID Responses and Prior Discovery Responses.</u>  The responses of Rite Aid Corporation to any and all such CID and prior discovery requests shall be deemed responses by Rite Aid Corporation, Thrifty, and/or Hdqtrs.

a. <u>Interrogatories and Requests for Admissions.</u>  With respect to prior responses and verifications to the CID interrogatories, Plaintiffs' special interrogatories, and Plaintiffs' requests for admissions that Rite Aid Corporation has provided or served as of the filing date of this stipulation, Thrifty and Hdqtrs. shall be deemed to have answered the CID interrogatories, Plaintiffs' special interrogatories, and requests for admissions through Rite Aid Corporation's prior responses and verifications.  Thrifty and Hdqtrs. agree to be bound by all of Rite Aid Corporation's substantive responses and verifications thereto.  Thrifty and Hdqtrs. are not aware of any further information in their possession, custody, or control that would modify Rite Aid Corporation's prior responses to the CID interrogatories, Plaintiffs' special interrogatories, and Plaintiffs' requests for admission.

b. <u>Document Requests.</u>  With respect to prior responses and related productions related to the CID document requests and Plaintiffs' document requests that Rite Aid Corporation has provided or served as of the filing date of this stipulation, including relevance logs and privilege logs, Thrifty and Hdqtrs. shall be deemed to have answered the CID document requests and Plaintiffs' document requests with Rite Aid Corporation's such prior responses, related productions, relevance logs, privilege logs, and certificates of completion.  Thrifty and Hdqtrs. agree to be bound by all of Rite Aid Corporation's prior substantive responses and certifications of completion related thereto

and that all of Rite Aid Corporation's prior substantive responses, related productions, relevance logs, privilege logs, and certifications of completion are equally and fully applicable to each of them. Thrifty and Hdqtrs. are not currently aware of any information in their possession, custody, or control to modify Rite Aid Corporation's prior responses and certifications of completion related to the CID document requests and Plaintiffs' document requests. Thrifty and Hdqtrs. are not aware of any further documents in their possession, custody, or control that are potentially responsive to the CID document requests and Plaintiffs' document requests.

        c.    <u>Purpose</u>. The Parties recognize that this Stipulation is intended to conserve litigation time and resources by making it unnecessary for Plaintiffs to reissue to Thrifty and Hdqtrs the CID and prior discovery requests served upon Rite Aid Corporation. The Parties agree that this Stipulation, in and of itself, will not be used as substantive evidence supporting vicarious corporate liability (such as "alter ego" liability) or contradicting the "improper defendant" defense. The Parties agree that Rite Aid Corporation's, and through this Stipulation Thrifty's and Hdqtrs.'s, substantive responses, or documents produced responsive, to the CID and prior discovery requests, may be used as evidence in this action against any or all of the Defendants.

        3.    <u>Pending Discovery</u>. With respect to Plaintiffs' discovery requests for which Rite Aid Corporation has not served any response as of the filing date of this stipulation, Thrifty and Hdqtrs. agree to submit responses thereto jointly with Rite Aid Corporation on the response deadline(s) agreed to by the parties.

        5.    <u>Protective Orders.</u> Thrifty and Hdqtrs. agree to be bound by all protective orders issued in this case.

        6.    <u>ESI Production Agreement.</u> Thrifty and Hdqtrs. agree to be bound by the Stipulated Order re: Defendant's Production of Electronically Stored Communications, ECF No. 359, and stipulate that all responsive documents within the scope of ECF No. 359 that are within the possession, custody, or control of Thrifty or Hdqtrs. have been produced by Rite Aid Corporation as of the filing date of this stipulation. Thrifty and Hdqtrs. are not aware of any

further documents in their possession, custody, or control that fall within the scope of ECF No. 359.

       7.      <u>Objections.</u>  Thrifty and Hdqtrs. join all discovery objections made by Rite Aid Corporation.  The stipulation herein does not waive any such objections.

       8.      Unless expressly otherwise stated, this Stipulation does not modify any requirements under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or Local Rules.

      IT IS SO STIPULATED.

Dated:     June 4, 2021          ROB BONTA
                                   Attorney General of the State of California

                                   By */s/ Emmanuel R. Salazar*
                                   Emmanuel R. Salazar
                                   Deputy Attorney General
                                   Attorneys for STATE OF CALIFORNIA

Dated:     June 4, 2021          WATERS & KRAUS, LLP

                                   By   */s/ Wm. Paul Lawrence, II* (as authorized on 6/4/2021)
                                   Wm. Paul Lawrence, II (Pro hac vice)
                                   Washington D.C. Metro Office
                                   37163 Mountville Road
                                   Middleburg, VA 20117
                                   Telephone: (540) 687-6999
                                   Fax: (540) 687-5457
                                   E-mail: plawrence@waterskraus.com
                                   Attorneys for Qui Tam Plaintiff
                                   LOYD F. SCHMUCKLEY, JR.

| | |
|---|---|
| 1 | Dated: June 4, 2021 |

MORGAN, LEWIS & BOCKIUS LLP

By    */s/ Kevin M. Papay* (as authorized on 6/4/2021)
Kevin M. Papay
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: +1.415.442.1000
Fax: +1.415.442.1001
E-mail: Kevin.Papay@morganlewis.com

Attorneys for Defendants
RITE AID CORPORATION, THRIFTY PAYLESS, INC., AND RITE AID HDQTRS. CORP.

**ORDER**

For good cause shown, it is hereby ordered that the above stipulation is approved.

IT IS SO ORDERED.

Dated:   June 7, 2021   

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE