ROB BONTA
Attorney General of California
VINCENT DICARLO
Supervising Deputy Attorney General
BERNICE L. LOUIE YEW, State Bar No. 114601
Deputy Attorney General
Email: Bernice.Yew@doj.ca.gov
EMMANUEL R. SALAZAR, State Bar No. 240794
Deputy Attorney General
E-mail: Emmanuel.Salazar@doj.ca.gov
KEVIN C. DAVIS, State Bar No. 253425
Deputy Attorney General
E-mail: Kevin.Davis@doj.ca.gov
 2329 Gateway Oaks Drive, Suite 200
 Sacramento, CA 95833-4252
 Telephone: (916) 621-1835
 Fax: (916) 274-2929

*Attorneys for State of California*

(*Additional Counsel on Signature Page*)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF CALIFORNIA, et al., ex rel. LLOYD F. SCHMUCKLEY, JR.<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, RITE AID HDQTRS. CORP., THRIFTY PAYLESS, INC.<br><br>Defendants. | Case No.: 2:12-cv-1699 KJM JDP<br><br>**JOINT STATUS REPORT**<br><br>Status Conference Date: 9/30/2021<br><br>Time: 2:30 p.m.<br><br>Judge: Hon. Kimberly Mueller |
| STATE OF CALIFORNIA *ex rel.* LLOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, RITE AID HDQTRS. CORP., THRIFTY PAYLESS, INC.<br><br>Defendants. | |

<u>**JOINT STATUS REPORT**</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff State of California ("California"), Relator Loyd F. Schmuckley ("Relator," and together with California, "plaintiffs"), and Defendants Rite Aid Corporation, Rite Aid Hdqtrs. Corp., and Thrifty Payless, Inc. (collectively, "Rite Aid"[1] and together with California and Relator, "the parties"), have met and conferred via telephone calls, videoconference, and via emails, and hereby submit this joint status report in connection with the further status conference scheduled for September 30, 2021, 2:30 p.m. before the Honorable Kimberly J. Mueller.

**1. Appropriateness and timing of summary adjudication under Fed. R. Civ. P. 56 and other anticipated motions**

The operative scheduling order states that the last day to hear any motion for summary judgment must be heard by October 7, 2022. ECF No. 386 at 8. The parties are currently meeting and conferring about the discovery schedule. By the next status conference, the parties will meet and confer regarding whether certain distinct issues may be ripe for summary adjudication and may be helpful to further adjudicate the matter.

**2. Anticipated or outstanding discovery and the control and scheduling of discovery, and other orders affecting discovery**

The operative scheduling order requires that fact discovery be completed by December 3, 2021. *Id.*

The Court has found that plaintiffs' proposed use of statistical sampling is allowable in their effort to prove the falsity element of plaintiffs' False Claim Act and California False Claims Act causes of action. ECF No. 319 at 16. To this end, California obtained from Rite Aid all pharmacy records for the 1,904 sample claims. After determining the Code 1 restrictions for the sample claims from Medi-Cal provider manuals, California asserts that it has preliminarily found,

---

[1] On June 8, 2021, the Court approved the parties' stipulation that, among other things, Defendants Thrifty Payless, Inc. and Rite Aid Hdqtrs. Corp. shall be deemed to have answered plaintiffs' discovery through Rite Aid Corporation's prior responses and verifications and that Thrifty Payless, Inc. and Rite Aid Hdqtrs. Corp. agree to be bound by all of Rite Aid Corporation's substantive responses and verifications thereto. ECF No. 409.

subject to further investigation and review, that 1,120 (59%) of the sample claims have no Code 1 verification record, 674 (35%) have an inadequate record, and only 110 (6%) have a complete record. Rite Aid disputes California's purported findings, and the parties disagree about, among other things, what constitutes an "adequate" Code 1 "verification record." Rite Aid also notes that California has stated in its discovery responses that its contentions regarding the sample claims are "tentative" and that California "reserves the right to consult and call subject-matter experts, such as pharmacy-practices experts and medical experts, whose opinions may be necessary and/or may affect and change" California's responses. The parties are currently completing discovery related to the sample testing.

Further, as plaintiffs previously stated, plaintiffs will use "universal" evidence applicable to all false claims to prove the elements of materiality and scienter. ECF No. 319 at 11. In this regard, the parties plan to depose 30(b)(6) and fact witnesses.

Below are the parties' updates on pending fact discovery concerning written discovery, pharmacy associates, 30(b)(6) and fact witnesses.

### A. Outstanding Written Discovery

Below is a brief summary of the outstanding written discovery requests and responses.

#### 1. Code 1 Restrictions Effective on Date of Service

California Interrogatory 9 and Requests for Admission ("RFA") 48-49, 51, 67-72 ask Rite Aid to provide, and admit to, the Code 1 restrictions that were in effect for each sample claim. Rite Aid claims it lacks sufficient information to answer.

After meeting with Judge Peterson on August 24, 2021, the parties further met and conferred. On August 31, 2021, Rite Aid served a deposition subpoena on the Department of Health Care Services ("DHCS") with a placeholder date of September 28 for one or more Rule 30(b)(6) depositions. The subpoena contains a request for testimony from a witness knowledgeable about the scope and effective dates of the Medi-Cal Contract Drug List ("CDL") Excerpts and the applicable Code 1 restrictions for the sample claims. After the deposition of that witness occurs (it has not been scheduled yet), the parties agree within one week to confer and enter into a mutual stipulation for all sample claims where the parties do not dispute the

applicable Code 1 restriction. The stipulation will also address the admissibility and authenticity of any and all CDL Excerpts that the parties do not dispute.

For any sample claims where the applicable Code 1 restriction or CDL Excerpt is not addressed through stipulation, Rite Aid agrees to admit or deny RFA 48, 49, 51 and 67-72 for those sample claims within two weeks after the date of the deposition of the applicable DHCS witness(es). For any sample claims with denials for RFA 48, 49 or 51, Rite Aid agrees to provide a corresponding response to Interrogatory 9 within three weeks after the date of the deposition.

If the deposition is not scheduled in a timely manner, and this agreed upon schedule is pushed beyond the discovery cutoff or too close to it, the parties agree to meet and confer about the schedule for Rite Aid's supplemental responses.

2. <u>Rite Aid's Code 1 Alert Messages</u>

California Interrogatory 10, RFA 50-51, and Request for Production of Documents ("RPD") 131-132 ask Rite Aid to provide, or admit to, the Code 1 alert messages Nexgen displayed at the time Rite Aid dispensed each sample claim. To the RFAs, Rite Aid responded for each sample claim by stating generally that NexGen generated a "notice" informing the pharmacist that the drug was a Code 1 drug, but that there was a glitch during at least one *undisclosed* period when the "agency message" (providing the operative Code 1 requirements) did not appear. For the interrogatory, Rite Aid provided the following "notice" message for 15 of the sample claims:[2]

> PE70N: MEDI-CAL CODE 1 RESTRICTED DRUG! VERIFY
> RESTRICTIONS HAVE BEEN MET AND DOCUMENT ON HARD COPY
> RX. SELECT A "07" IN THE SUB CLAR CODE, ENTER "01" IN THE PRIOR
> AUTH CODE AND A "9998" IN THE PRIOR AUTH# TO OVERRIDE.

Rite Aid asserted that its response counts as its response to 16 interrogatories thereby hitting Rule 33's numerical limit.

---

[2] One of the sample claims, A-015, relates to a drug that the parties now agree was not a Code 1 restricted drug on the date of service.

After the August 24, 2021 meeting with Judge Peterson, the parties further met and conferred. For each sample claim, Rite Aid has agreed to admit or deny RFA 50 and to answer Interrogatory 10 (with both the "notice" and "agency" messages) by no later than September 14, 2021.

### 3.  Evidence of Code 1 Verification

California RFA 53 asked Rite Aid to admit for each sample claim that it did *not* perform a Code 1 verification. Rite Aid denied RFA 53 for all 1,904 sample claims. In doing so, Rite Aid clarified that it neither asserts nor admits that Rite Aid was required to perform or document a Code 1 review (as defined by the State, or otherwise) for any particular sample claim; for example, it is Rite Aid's position that a dispenser need not document a Code 1 review where the Code 1 diagnosis was already documented on the face of the prescription by the prescriber of the sample claim drug. Interrogatory 11 asked Rite Aid for each sample claim it denied pursuant to RFA 53 to disclose the evidence supporting the denial. Rite Aid objects to Interrogatory 11 as unduly burdensome and argues that it should count as 1,904 separate interrogatories under Rule 33 because it seeks distinct, comprehensive information regarding all facts, witnesses, and documents relating to 1,904 discrete transactions involving different prescriptions, patients, stores, and pharmacists. After further meet and confer efforts, the parties will discuss this issue again before Judge Peterson on September 21, 2021. To evaluate whether summary adjudication or summary judgment will be appropriate for sample claims for which Rite Aid has no evidence of documentation or verification, California plans to request Judge Peterson's permission to file a motion to compel further responses to Interrogatory 11.

### 4.  Affirmative Defenses

California Interrogatory 16-23 asks Rite Aid to fully explain its affirmative defenses and contention that Code 1 requirements were not material to payment and that it did not have the requisite scienter under the FCA. Relator also issued the same interrogatories. Rite Aid provided substantive responses to Relator's identical interrogatories on September 12, 2021 and served duplicative response to California Interrogatories 16-23 on September 13, 2021.

///

5. <u>Written Discovery re: Federal Rule of Evidence 803(7)</u>

On September 7, 2021, Relator served Interrogatory Set No. 2 and Requests for Production of Documents Set No. 5, both of which inquire upon Rite Aid's evidence supporting its denial that lack of Code 1 documentation means it did not perform the required Code 1 review; Rite Aid asserts, for example, that a dispenser need not document a Code 1 review where the Code 1 diagnosis was already documented on the face of the prescription by the prescriber of the sample claim drug. Rite Aid's responses are currently due on October 7, 2021.

B. <u>Outstanding discovery concerning pharmacy associates</u>

On February 6, 2018, in Defendants' Rule 26(a) Initial Disclosures, Rite Aid identified then-known "individuals likely to have discoverable information that Rite Aid may use to support its defenses," including, but not limited to, the following:

- Store managers, assistant store managers, shift supervisors, and pharmacy associates (including, but not limited to, pharmacy managers, pharmacy district managers, pharmacists, pharmacists overnight, lead pharmacy technicians, pharmacy technicians, pharmacy graduate interns, and pharmacy undergraduate interns) employed at Rite Aid stores with knowledge of the transactions listed in the appendix to the State's Complaint.

- Other Rite Aid employees and/or contractors with knowledge of NexGen, the prescription dispensing and records processing system employed by Rite Aid stores, including dispensing, TAR submission, approval, code submission/override and documentation procedures.

- All persons listed in Plaintiffs' Complaint(s), Initial Disclosures, Responses to Interrogatories, and/or other discovery served in this matter.

- Prescribers, and/or authorized individuals employed at prescribers' officers, with knowledge of relevant medical records, diagnoses, and/or prescriptions which correspond to the Plaintiffs' claims in this matter, as well as medical record retention procedures and policies.

Rite Aid stated that it was "presently unaware of many of the names and/or contact information for the categories of persons identified above" and "reserve[d] the right to supplement and/or amend these initial disclosures, and/or otherwise make known such information to Plaintiffs during the discovery process or in writing."  Rite Aid also "reserve[d] its right to supplement and/or amend [its Initial Disclosures] as additional information is discovered, in particular, the exact nature of Plaintiffs' claims against it . . . ."

On May 27, 2020, California wrote Rite Aid, asking that it supplement their initial disclosures to identify the names, addresses, and telephone numbers of pharmacy associates and former associates Rite Aid may rely on to support its defenses, including names of associates involved in dispensing the prescriptions associated with the 1,904 sample claims.  The parties met and conferred, and on August 8, 2020, California propounded on Rite Aid a first set of interrogatories, which included, among others, Interrogatory 1-3, 5, which asked Rite Aid to identify for each sample claim (and not only those sample claims that the State contends to be false): (i) the pharmacy associate(s) who dispensed the sample claim; (ii) the person(s) who reviewed and verified that the beneficiary had the Code 1 diagnosis restriction at the time of dispensing the sample claim drug; (iii) the persons who during the dispensing of the sample claim drug, documented the review and verification that the beneficiary had the Code 1 diagnosis restriction at the time of dispensing; and (iv) the person(s) who entered the "sub-clarification code, prior authorization code, and prior authorization number" in submitting the sample claim to Medi-Cal for adjudication.

Rite Aid served written responses and objections to California's first set of interrogatories on October 9, 2020, which, among other things, included Exhibits A to D, which identified the names, NexGen User IDs, job titles, and employment status of the more than 1700 unique pharmacy associates involved with the dispensing of the sample claims.

California filed a motion to compel further responses to Interrogatory 1-5 (ECF Nos. 379, 387), and on February 4, 2021, the Court ordered Rite Aid to serve further responses to California Interrogatory 1 by no later than March 5, 2021, and to serve further responses to California Interrogatory 2-5 by no later than April 26, 2021.  ECF No. 390.  On March 5, 2021, Rite Aid

served further responses to California Interrogatory 1, which provided contact information for former pharmacy associates identified in Exhibits A to D to Rite Aid's original interrogatory responses. Following the Court's February 4, 2021 Order, Rite Aid reached out to all current pharmacists identified in the exhibits to its interrogatory responses as being involved with the dispensing of each sample claim., in an attempt to definitively confirm that the pharmacy associates that Rite Aid had previously identified performed the Code 1 reviews, documented the Code 1 reviews, and/or entered the override codes when dispensing the sample claim drugs.

On April 26, 2021, Rite Aid served further responses to California Interrogatory 2-3, 5. Rite Aid stated that of those who responded, due to the passage of time, "most pharmacy associates are unable to recall or confirm (one way or another) any particular actions that they (or their colleagues) took with respect to the dispensing of the sample claim drugs, which occurred from seven to fourteen years ago," but listed the names of any individuals whose names Rite Aid was able to obtain from pharmacists as having performed the Code 1 reviews, documented the Code 1 reviews, and/or entered the override codes when dispensing the sample claim drugs. This included 36 pharmacy associates involved with approximately 50 sample claims.

On April 8, 2021, Relator served on Rite Aid Request for Production of Documents Set No. 4, which included Request No. 69 (requesting witness statements). On July 2, 2021, Defendants produced declarations from four pharmacy associates, all of whom had been identified in Exhibits A-D to Rite Aid's prior interrogatory responses, but three of whom were not specifically identified in the supplemental portion of Rite Aid's amended interrogatory responses, bringing the total of specifically identified pharmacy associates from 36 to 39.

California has begun to conduct depositions of the 39 pharmacy associates that Defendants specifically identified in the supplemental portion of Rite Aid's amended responses to Interrogatory Nos. 2-3, 5 or from whom Defendants supplied declarations. The parties have completed the depositions of 4 of the 39 pharmacy associates. The parties have scheduled the depositions of 10 additional pharmacy associates. Rite Aid and California will continue to work diligently to schedule the depositions of the remaining pharmacy associates, including former

7                                    Case No.: 2:12-cv-1699 KJM JDP
DB1/ 124332554.1                                                    JOINT STATUS REPORT

pharmacy associates who Rite Aid does not presently represent and who California intends to locate.

Rite Aid has reserved the right to identify a small number of additional pharmacy associates during fact discovery—including those identified in its original responses to Interrogatory 2-3, 5, but who were not specifically identified in the court-ordered supplemental portion of Rite Aid's amended responses to those requests—who are likely to be called as witnesses and/or submit written declarations.

Given Rite Aid's reservation of right, which, to California, raises the prospect of having to depose over 1,700 pharmacy associates, the parties met and conferred and had reached a tentative agreement for court approval.  The tentative agreement, factoring the December 3, 2021 close of fact discovery and pending discovery, included the below provisions:

- Rite Aid shall disclose to plaintiffs and identify all pharmacy associates whom Rite Aid may call as witnesses in support of any of their claims or defenses in this action, including any and all specific pharmacy associates from those listed in Exhibits A to D served in response to California Interrogatory 1, no later than 60 days before the close of fact discovery.
- Rite Aid shall complete production of all documents responsive to Relator's RPD 69 (witness statements) by no later than 60 days before the close of fact discovery.
- Absent a finding of good cause by the Court—Rite Aid shall not call more than 50 total pharmacy associates as witnesses.
- Plaintiffs may take depositions of currently employed pharmacy associates on two-weeks' notice and may request that the witnesses produce records at the deposition on two-weeks' notice.  To the extent that Rite Aid has agreed during meet and confer to produce certain records corresponding to each pharmacy associate witness who is a current employee, Rite Aid agrees to make a good-faith effort to produce such records two business days prior to the dates of the depositions or—in the alternative—agree to make that witness available for deposition as soon as reasonably possible after such

documents are able to be produced, even if such deposition must occur after the scheduled close of fact discovery.

In spite of the tentative agreement, however, the parties have reached a critical impasse. Rite Aid maintains that the tentative agreement described above should not limit Rite Aid's ability to submit declarations from pharmacy associates in support of or in opposition to dispositive motions ("additional declarations").

### 1. Plaintiffs' Position

Given Rite Aid's reservation of right to submit additional declarations, California said that it would file a motion to exclude any such additional declaration where the declaration would violate Rule 37 or any applicable court order, or would be late thereby depriving California of the opportunity to depose pharmacy associates who submit additional declarations. In response, Rite Aid proposed to allowing plaintiffs to depose these pharmacy associates after the currently ordered close of fact discovery.

To ensure fairness in the process, California proposed that a tentative agreement for court approval expressly provide procedures and a schedule relating to the additional declarations, California's motion to exclude, and the related dispositive motion. Further, California proposed terms under which in the event the Court denies its motion to exclude, the parties would be allowed to meet and confer and submit to the Court a proposed deposition schedule concerning the additional declarations. California believes these terms are important to address Rite Aid's belated discovery responses and California's timing concerns. These provisions would also will allow the Court to effectively manage the case and the court docket. Rite Aid disagreed with California's proposed terms.[3]

---

[3] California proposed the below term, to which Rite Aid disagreed:

The Court FURTHER ORDERS THAT if Defendants submit declarations in support of or opposition to dispositive motions that are signed by pharmacy associates whom Defendants did not specifically identify as likely witnesses at least 60 days before the close of fact discovery ("Additional Declarants"), Plaintiffs may file motions to exclude the declarations ("Plaintiffs' motion to exclude"), which will suspend the hearing of the related dispositive motion. Upon Plaintiffs' filing of the motion to exclude, the hearing of the related dispositive motion shall be vacated and the hearing of Plaintiffs' motion to exclude shall be on the original hearing date of the

2. <u>Rite Aid's Position</u>

California's proposal above prejudices Rite Aid's ability to defend itself against dispositive motions which have not yet been filed. Rite Aid seeks only to preserve its ability to introduce all evidence necessary to oppose said motion, especially where the scope of that motion is to be determined and substantial discovery remains. California's proposed requirement of Court approval to submit pharmacy associate declarations with dispositive motion briefing is neither appropriate nor administratively feasible. To the extent California wishes to challenge any purportedly improper declarations submitted by Rite Aid in the future, there are already sufficient procedures under the federal rules for California to do so.

C. <u>Rule 30(b)(6) depositions and corporate fact witness depositions</u>

Plaintiffs plan to depose 14 corporate fact witnesses that Rite Aid identified from its disclosure statement. Plaintiffs also will depose Rite Aid's 30(b)(6) witness(es) covering several subject matters (and for which Rite Aid anticipates designating between 3 and 5 witnesses). The parties are continuing to meet and confer on the number of fact witnesses and the scope of the 30(b)(6) subject matters, as well as Federal Rule of Civil Procedure 30(a)(2)(A)(i)'s presumptive limit of 10 depositions.

As mentioned, Rite Aid plans to depose DHCS's 30(b)(6) witness(es) covering many subject matters. The parties plan to meet and confer with DHCS on September 29, 2021 to discuss the scope of the subject matters.

Because of counsel's schedules, the parties anticipate finishing the depositions of the pharmacy associate witnesses in October/November 2021 (at present, 35 depositions remain). The remaining depositions likely will be conducted in November/December 2021. California

---

related dispositive motion. Defendants' response brief to Plaintiffs' motion to exclude shall be filed a week before the hearing date of Plaintiffs' motion to exclude, and Plaintiffs' reply shall be filed two court days before the hearing date of Plaintiffs' motion to exclude. If Plaintiffs' motion to exclude is denied, Defendants shall make each of those pharmacy associates available for a deposition on the earliest reasonable date, and the parties shall agree on and submit a proposed schedule for the Court's approval that, among other things, allows a reasonable time for Plaintiffs to conduct the depositions of all Additional Declarants, file additional briefings, if any, and continue hearings of the related dispositive motions.

proposed moving the close of fact discovery and all discovery dates in the scheduling order by 30 days.  Given the extensive discovery remaining and intervening holidays, Rite Aid proposed moving the close of fact discovery by 90 days to March 3, 2022 and to further move all discovery dates in the scheduling order by 90 days.  On condition that Rite Aid, no later than December 3, 2021, will (a) disclose to plaintiffs and identify all pharmacy associates whom Rite Aid may call as witnesses in support of any of their claims or defenses in this action, including any and all specific pharmacy associates from those listed in Exhibits A to D served in response to California Interrogatory 1, and (b) complete production of all documents responsive to Relator's RPD 69 (witness statements), plaintiffs agree to move the close of fact discovery deadline and all discovery dates by 90 days.

**3.      Avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Federal Rule of Evidence 702**

The parties will meet and confer regarding the admissibility of, or limitations to, testimony by pharmacy-associates concerning whether they performed the Code 1 review for sample claims for which the contemporaneous pharmacy records lack any documentation of such a review.  In this regard, plaintiffs are considering filing a motion for summary adjudication to address this specific issue since it will affect the evidence needed for summary judgment and at trial.

**4.      Further proceedings, including setting dates for further conferences, for the completion of motions and discovery and for pretrial and trial**

The parties ask a further status conference be held in 120 days, January 28, 2022, and that a joint status report be due on January 14, 2022.

**5.      Prospects for settlement and the use of special procedures to assist in resolving the dispute**

The parties have indicated willingness to participate in a mediation to potentially resolve the matter.  The parties intend to exchange names of potential private mediators, and thereafter meet and confer about the schedule, mechanics, and whether to seek a stay during the mediation.

Upon the parties' agreement thereon, the parties are looking into holding the mediation at the earliest date available on the agreed-upon mediator's schedule.

**6.    Appropriateness of alternative dispute resolution, such as this District's Voluntary Dispute Resolution Program (VDRP), or any other alternative**

California is open to VDRP.  Relator has indicated preference to participate in a private mediation.  Defendants have not yet been asked to discuss VDRP with California or Relator, but will do so.  Defendants have already expressed their willingness to participate in a private mediation.

**7.    Any other matters that may facilitate the just, speedy and inexpensive determination of the action**

None at this time.

Respectfully submitted,

Dated: 9/14/2021

ROB BONTA
Attorney General of the State of California

By  */s/ Emmanuel R. Salazar*
Emmanuel R. Salazar
Deputy Attorney General
Attorneys for Plaintiff-Intervenor STATE OF CALIFORNIA

Dated: 9/14/2021

WATERS & KRAUS, LLP

By  */s/ Jennifer L. Bartlett* (authorized on 9/14/2021)
Jennifer L. Bartlett
jennifer@bartlettbarrow.com
Bartlett Barrow LLP
225 S. Lake Avenue, Suite 300
Pasadena, CA 91101
Attorneys for *Qui Tam* Plaintiff
LOYD F. SCHMUCKLEY, JR.

///

///

| | | |
|---|---|---|
| 1 | Dated: 9/14/2021 | MORGAN, LEWIS & BOCKIUS LLP |

*/s/ Louis Lee (authorized on 9/14/2021)*

By _____
   Louis Lee
   Benjamin P. Smith
   One Market, Spear Street Tower
   San Francisco, CA 94105-1596
   Telephone: +1.415.442.1000
   Fax: +1.415.442.1001
   E-mail: Louis.Lee@morganlewis.com
   Attorneys for Defendants RITE AID
   CORPORATION, RITE AID HDQTRS. CORP.,
   THRIFTY PAYLESS, INC.

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action. My business address is: 2329 Gateway Oaks Drive, Suite 200, Sacramento, CA 95833.

A true and correct copy of the foregoing document entitled:

**JOINT STATUS REPORT**

was served in the manner stated below:

**SERVED BY CM/ECF SERVICE**: Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 135, on 9/14/2021, I served the following persons and/or entities electronically:

| | |
|---|---|
| Benjamin P. Smith<br>Benjamin.Smith@morganlewis.com<br>Kevin Papay<br>Kevin.Papay@morganlewis.com<br>Morgan, Lewis & Bockius, LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596 | Eric W. Sitarchuk<br>eric.sitarchuk@morganlewis.com<br>Ryan McCarthy<br>Ryan.Mccarthy@morganlewis.com<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103 |
| Wm. Paul Lawrence, II<br>plawrence@waterskraus.com<br>Waters & Kraus<br>37163 Mountville Road<br>Middleburg, VA 20117 | Kelly A. Moore<br>kelly.moore@morganlewis.com<br>Morgan, Lewis & Bockius LLP<br>101 Park Ave.<br>New York, NY 10178 |
| Michael L. Armitage<br>armitage@waterskraus.com<br>Waters and Kraus LLP<br>300 Continental Blvd., Suite 500<br>El Segundo, CA 90245 | Jennifer L. Bartlett<br>jennifer@bartlettbarrow.com<br>Brian Barrow<br>brian@bartlettbarrow.com<br>Bartlett Barrow LLP<br>225 S. Lake Avenue, Suite 300<br>Pasadena, CA 91101 |
| Charles S. Siegel<br>siegel@waterskraus.com<br>Waters & Kraus, LLP<br>3141 Hood Street, Suite 700<br>Dallas, TX 75219 | Catherine J. Swann<br>catherine.swann@usdoj.gov<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/14/2021 | Sharon Brecht | /s/ Sharon Brecht |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |