ROB BONTA
Attorney General of California
VINCENT DICARLO
Supervising Deputy Attorney General
BERNICE L. LOUIE YEW, State Bar No. 114601
Deputy Attorney General
Email: Bernice.Yew@doj.ca.gov
EMMANUEL R. SALAZAR, State Bar No. 240794
Deputy Attorney General
E-mail: Emmanuel.Salazar@doj.ca.gov
KEVIN C. DAVIS, State Bar No. 253425
Deputy Attorney General
E-mail: Kevin.Davis@doj.ca.gov
 2329 Gateway Oaks Drive, Suite 200
 Sacramento, CA 95833-4252
 Telephone: (916) 621-1835
 Fax: (916) 274-2929

*Attorneys for State of California*

*(Additional counsel listed on signature page)*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF CALIFORNIA, et al., ex rel. LLOYD F. SCHMUCKLEY, JR.<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, RITE AID HDQTRS. CORP., THRIFTY PAYLESS, INC.<br><br>Defendants. | Case No.: 2:12-cv-1699 KJM JDP<br><br>**JOINT STIPULATION TO AMEND SCHEDULING ORDER; ORDER** |
| STATE OF CALIFORNIA *ex rel*. LLOYD F. SCHMUCKLEY, JR.,<br><br>Plaintiffs,<br><br>Vs.<br><br>RITE AID CORPORATION, RITE AID HDQTRS. CORP., THRIFTY PAYLESS, INC.<br><br>Defendants. | |

**RECITALS**

WHEREAS, the operative scheduling order requires that fact discovery be completed by December 3, 2021, *see* ECF No. 386.

WHEREAS, per ECF No. 128, "completed" in the context of the scheduling order means "that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed."

WHEREAS, on February 6, 2018, in its Rule 26(a) Initial Disclosures, Defendant Rite Aid Corporation identified then-known "individuals likely to have discoverable information that Defendant may use to support its defenses," including, but not limited to, the following:

- Store managers, assistant store managers, shift supervisors, and pharmacy associates (including, but not limited to, pharmacy managers, pharmacy district managers, pharmacists, pharmacists overnight, lead pharmacy technicians, pharmacy technicians, pharmacy graduate interns, and pharmacy undergraduate interns) employed at Rite Aid stores with knowledge of the transactions listed in the appendix to the State's Complaint.
- Other Rite Aid employees and/or contractors with knowledge of NexGen, the prescription dispensing and records processing system employed by Rite Aid stores, including dispensing, TAR submission, approval, code submission/override and documentation procedures.
- All persons listed in Plaintiffs' Complaint(s), Initial Disclosures, Responses to Interrogatories, and/or other discovery served in this matter.
- Prescribers, and/or authorized individuals employed at prescribers' officers, with knowledge of relevant medical records, diagnoses, and/or prescriptions which correspond to the Plaintiffs' claims in this matter, as well as medical record retention procedures and policies.

WHEREAS, in its Rule 26(a) Initial Disclosures, Defendant Rite Aid Corporation stated that it was "presently unaware of many of the names and/or contact information for the categories

of persons identified above" and "reserve[d] the right to supplement and/or amend these initial disclosures, and/or otherwise make known such information to Plaintiffs during the discovery process or in writing."

WHEREAS, in its Rule 26(a) Initial Disclosures, Defendant Rite Aid Corporation also "reserve[d] its right to supplement and/or amend [its Initial Disclosures] as additional information is discovered, in particular, the exact nature of Plaintiffs' claims against it . . . ."

WHEREAS on May 27, 2020, Plaintiff State of California ("California") wrote Rite Aid Corporation, asking that it supplement its initial disclosures to identify the names, addresses, and telephone numbers of pharmacy associates and former associates Rite Aid Corporation may rely on to support its defenses, including names of associates involved in dispensing the prescriptions associated with the 1,904 sample claims.

WHEREAS, the parties met and conferred, and on August 8, 2020, California propounded on Rite Aid Corporation a first set of interrogatories, which included, among others, Interrogatory Nos. 1-3, 5, which asked Rite Aid Corporation to identify for each sample claim: (i) the pharmacy associate(s) who dispensed the sample claim; (ii) the person(s) who reviewed and verified that the beneficiary had the Code 1 diagnosis restriction at the time of dispensing the sample claim drug; (iii) the persons who during the dispensing of the sample claim drug, documented the review and verification that the beneficiary had the Code 1 diagnosis restriction at the time of dispensing; and (iv) the person(s) who entered the "sub-clarification code, prior authorization code, and prior authorization number" in submitting the sample claim to Medi-Cal for adjudication.

WHEREAS, Rite Aid Corporation timely served written responses and objections to California's first set of interrogatories on October 9, 2020, which, among other things, included Exhibits A to D, which identified the names, NexGen User IDs, job titles, and employment status of the more than 1700 unique pharmacy associates involved with the dispensing of the sample claims.

WHEREAS, the parties subsequently met and conferred regarding Rite Aid Corporation's responses to the State's interrogatories.

WHEREAS, on February 4, 2021, upon hearing the motion to compel (ECF Nos. 379, 387), the Court ordered Rite Aid Corporation to serve further responses to California's Interrogatory No. 1 by no later than March 5, 2021, and to serve further responses to California's Interrogatory Nos. 2-5 by no later than April 26, 2021.  ECF No. 390.

WHEREAS, on March 5, 2021, Rite Aid Corporation timely served further responses to California's Interrogatory No. 1, which provided contact information for former pharmacy associates identified in Exhibits A to D to Rite Aid's original interrogatory responses.

WHEREAS, consistent with the Court's February 4, 2021 Order, Rite Aid reached out to all current pharmacists identified in the exhibits to its interrogatory responses as being involved with the dispensing of each sample claim, in an attempt to definitively confirm that the pharmacy associates it had previously identified performed the Code 1 reviews, documented the Code 1 reviews, and/or entered the override codes when dispensing the sample claim drugs.

WHEREAS, on April 26, 2021, Rite Aid Corporation served further responses to California's Interrogatory Nos. 2-3, 5, which stated that of those who responded, due to the passage of time, "most pharmacy associates are unable to recall or confirm (one way or another) any particular actions that they (or their colleagues) took with respect to the dispensing of the sample claim drugs, which occurred from seven to fourteen years ago," but listed the names of any individuals whose names Rite Aid was able to obtain from pharmacists as having performed the Code 1 reviews, documented the Code 1 reviews, and/or entered the override codes when dispensing the sample claim drugs.  This included 36 pharmacy associates involved with approximately 50 sample claims.

WHEREAS, on April 8, 2021, Relator served on Rite Aid Corporation Request for Production of Documents Set No. 4, which included Request No. 69 (requesting witness statements).

WHEREAS, on April 8, 2021, California served on Rite Aid Corporation, Requests for Admission, Set No. 3, which, among others, included Request No. 53, asking Rite Aid Corporation to admit for each of the 1,904 sample claims that it did not perform a Code 1 review during the dispensing of the sample claim.  Further, on April 8, 2021, California served on Rite

Aid Corporation, Interrogatories, Set No. 1, which, among other things, included Interrogatory No. 11, asking Rite Aid to identify all facts, witnesses and documents that support Rite Aid's response that was not an unqualified admission.  Further, California's Interrogatories, Set No. 1, included Interrogatory Nos. 16-23, asking Rite Aid Corporation to identify all facts, witnesses and documents that support Rite Aid Corporation's remaining affirmative defenses, as well as its denial of corporate scienter and contention that Code 1 requirements are not material to payment.

WHEREAS, on June 8, 2021, the Court approved the parties' stipulation that, among other things, Defendants Thrifty Payless Inc. and Rite Aid Hdqtrs. Corp. shall be deemed to have answered the Plaintiffs' special interrogatories through Rite Aid Corporation's prior responses and verifications and that Thrifty Payless, Inc. and Rite Aid Hdqtrs. Corp. agree to be bound by all of Rite Aid Corporation's substantive responses and verifications thereto.  ECF No. 409.

WHEREAS, on June 16, 2021, Rite Aid Corporation denied Request for Admission No. 53 for all sample claims and objected to California's Interrogatory Nos. 11, 16-23.

WHEREAS, on July 2, 2021, Defendants produced declarations from four pharmacy associates, all of whom had been identified in Exhibits A-D to Rite Aid's prior interrogatory responses, but three of whom were not specifically identified in the supplemental portion of Rite Aid's amended interrogatory responses.

WHEREAS, on July 29, 2021, Relator served Defendants with Relator's Interrogatories, Set One, which included Interrogatory Nos. 1-9, asking Defendants to identify all facts, witnesses and documents that support Defendants' affirmative defenses, as well as its denial of corporate scienter and contention that Code 1 requirements are not material to payment.  Further, upon meet-and-confer discussions, Defendants agreed to timely and substantively respond to Relator's Interrogatories, Set No. 1.

WHEREAS, as of this filing, the parties completed 8 depositions and scheduled 5 depositions of the 24 currently employed pharmacy associates that Defendants specifically identified in the supplemental portion of Rite Aid's amended responses to Interrogatory Nos. 2-3, 5 or from whom Defendants supplied declarations.

WHEREAS, as of this filing, the parties completed 10 depositions and scheduled 3 depositions of the 15 formerly employed pharmacy associates that Defendants specifically identified in the supplemental portion of Rite Aid's amended responses to Interrogatory Nos. 2-3, 5.

WHEREAS, the parties anticipate completing depositions of the remaining pharmacy associates that Defendants specifically identified in the supplemental portion of Rite Aid's amended responses to Interrogatory Nos. 2-3, 5 or from whom Defendants supplied declarations in November 2021.

WHEREAS, during meet-and-confer efforts, Defendants have reserved the right to identify a small number of additional pharmacy associates during fact discovery—including those identified in its original responses to Interrogatory Nos. 2-3, 5, but who were not specifically identified in the supplemental portion of Rite Aid's amended responses to those requests—who are likely to be called as witnesses and/or submit written declarations.

WHEREAS, on October 21, 2021, the Court entered a stipulated order (ECF No. 424) regarding California's Interrogatory No. 11, which included the following provisions:

 1. By October 15, 2021, Defendants shall serve a supplemental response to California's Interrogatory No. 11 that, while not addressing each of the 1,904 sample claims individually, generally describes Defendants' bases for denying California's Request for Admission No. 53.

 2. By November 24, 2021, Defendants shall serve another supplemental response to California's Interrogatory No. 11 that—on a claim-specific basis—identifies the facts, witnesses and documents that support Defendants' denial of California's Request for Admission No. 53. If Defendants are relying on the potential testimony of one or more witnesses to support their denial of Request for Admission No. 53, Defendants shall summarize the anticipated pertinent testimony of those witnesses.

WHEREAS, Defendants served a supplemental response to California's Interrogatory No. 11 on October 15, 2021, consistent with the Court's October 21, 2021 order.

WHEREAS, the parties are entering into this Stipulation in order to ensure that they can complete fact discovery by the deadline set in the Court's scheduling order.

**STIPULATION**

THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, THEREFORE HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

The parties agree that Defendants shall disclose to Plaintiffs and identify all pharmacy associate witnesses whom Defendants may call as witnesses in support of any of their claims or defenses in this action, including any and all specific pharmacy associates from those listed in Exhibits A to D served in response to California's Interrogatory No. 1, no later than December 15, 2021.

The parties agree that Defendants shall complete production of all documents responsive to Relator's Request for Production of Documents No. 69 by no later than December 15, 2021.

The parties agree that—absent a finding of good cause by the Court—Defendants shall not call more than 50 total pharmacy associates as witnesses.

The parties agree that "call as a witness" also means to submit a declaration therefrom, except for declarations that are specifically prepared and submitted in support of or opposition to any dispositive motions.

The parties agree that conducting depositions of all pharmacy associates from those listed in Exhibits A to D served in response to California's Interrogatory No. 1 will be unduly burdensome, costly, and will significantly prolong discovery in this matter well after the close of fact discovery.  The parties therefore agree as follows:  If Defendants submit declarations in support of or opposition to dispositive motions that are signed by pharmacy associates whom Defendants have not specifically identified as likely witnesses (as defined by this stipulation) ("Additional Declarants"), then Defendants agree to make each of those pharmacy associates available for a deposition on the earliest reasonable date, and the parties will agree on and submit a proposed schedule for the Court's approval, that among other things, allows a reasonable time

for Plaintiffs to conduct the depositions of all Additional Declarants.  Nothing in this provision waives or bars any party's right to move to exclude such declarations.

Defendants agree that for any pharmacy associate witnesses who are current employees and identified by Defendants after the date of this Stipulation, Plaintiffs may take their depositions on two-weeks' notice and may request that the witnesses produce records at the deposition on two-weeks' notice.  To the extent that Defendant has agreed during meet and confer to produce certain records corresponding to each pharmacy associate witness who is a current employee, Defendants agree to make a good-faith effort to produce such records three business days prior to the dates of the depositions or—in the alternative—agree to make that witness available for deposition as soon as reasonably possible after such documents are able to be produced, even if such deposition must occur after the scheduled close of fact discovery.

The parties agree to amend the scheduling order as follows:

| Event | Current Deadline | Proposed Modified Date |
|---|---|---|
| Close of Fact Discovery | December 3, 2021 | March 4, 2022 |
| Expert Disclosures (other than sampling methodology/design) | February 7, 2022 | May 6, 2022 |
| Rebuttal expert disclosures (other than sampling methodology/design) | March 10, 2022 | June 10, 2022 |
| Expert Discovery Completed | April 15, 2022 | July 15, 2022 |
| Last Day to Hear Dispositive Motions | October 7, 2022 | January 13, 2023 |

Unless otherwise stated, nothing in this stipulation waives any of the parties' rights under the Federal Rules of Civil Procedure or Federal Rules of Evidence.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: 10/25/2021       ROB BONTA
                        Attorney General of the State of California

                        By  /s/ Emmanuel R. Salazar
                            Emmanuel R. Salazar
                            Deputy Attorney General
                            Attorneys for Plaintiff-Intervenor STATE OF
                            CALIFORNIA

| | | |
|---|---|---|
| 1 | Dated: 10/25/2021 | |
| 2 | | WATERS & KRAUS, LLP |
| 3 | | By  */s/ Jennifer L. Bartlett* (authorized on 10/25/2021) |
| 4 | | Jennifer L. Bartlett |
| | | jennifer@bartlettbarrow.com |
| 5 | | Bartlett Barrow LLP |
| | | 225 S. Lake Avenue, Suite 300 |
| 6 | | Pasadena, CA 91101 |
| | | Telephone: (626) 432-7234-mail: |
| 7 | | jennifer@bartlettbarrow.com |
| | | Attorneys for *Qui Tam* Plaintiff |
| 8 | | LOYD F. SCHMUCKLEY, JR. |
| 9 | Dated: 10/25/2021 | MORGAN, LEWIS & BOCKIUS LLP |
| 10 | | |
| | | By  */s/ Kevin M. Papay* (authorized on 10/25/2021) |
| 11 | | Benjamin P. Smith |
| | | Kevin M. Papay |
| 12 | | One Market, Spear Street Tower |
| | | San Francisco, CA 94105-1596 |
| 13 | | Telephone: +1.415.442.1000 |
| | | Fax: +1.415.442.1001 |
| 14 | | E-mail: Kevin.Papay@morganlewis.com |
| 15 | | Attorneys for Defendants |
| | | RITE AID CORPORATION, RITE AID |
| 16 | | HDQTRS. CORP., THRIFTY PAYLESS, INC. |

**ORDER**

The court, having considered the parties joint stipulation to amend scheduling order (ECF No. 386), finds good cause and approves the parties' stipulation. The scheduling order is amended as follows:

| Event | Current Deadline | New Deadline |
| --- | --- | --- |
| Close of Fact Discovery | December 3, 2021 | March 4, 2022 |
| Expert Disclosures (other than sampling methodology/design) | February 7, 2022 | May 6, 2022 |
| Rebuttal expert disclosures (other than sampling methodology/design) | March 10, 2022 | June 10, 2022 |
| Expert Discovery Completed | April 15, 2022 | July 15, 2022 |
| Last Day to Hear Dispositive Motions | October 7, 2022 | January 27, 2023 |

This order resolves ECF No. 425.

IT IS SO ORDERED.

DATED: October 28, 2021.

CHIEF UNITED STATES DISTRICT JUDGE