1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROB BONTA
Attorney General of California
VINCENT DICARLO
Supervising Deputy Attorney General
BERNICE L. LOUIE YEW, State Bar No. 114601
Deputy Attorney General
Email: Bernice.Yew@doj.ca.gov
EMMANUEL R. SALAZAR, State Bar No. 240794
Deputy Attorney General
E-mail: Emmanuel.Salazar@doj.ca.gov
KEVIN C. DAVIS, State Bar No. 253425
Deputy Attorney General
E-mail: Kevin.Davis@doj.ca.gov
  2329 Gateway Oaks Drive, Suite 200
  Sacramento, CA 95833-4252
  Telephone: (916) 621-1835
  Fax: (916) 274-2929

*Attorneys for State of California*

(*Additional Counsel on Signature Page*)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF CALIFORNIA, et al., ex rel. LLOYD F. SCHMUCKLEY, JR. | Case No.: 2:12-cv-1699 KJM JDP |
| Plaintiffs, | **JOINT STATUS REPORT** |
| vs. | Status Conference Date: March 10, 2022 |
| RITE AID CORPORATION, RITE AID HDQTRS. CORP., THRIFTY PAYLESS, INC. | Time: 2:30 p.m. |
| Defendants. | Judge: Hon. Kimberly Mueller |
| STATE OF CALIFORNIA *ex rel*. LLOYD F. SCHMUCKLEY, JR., | |
| Plaintiffs, | |
| vs. | |
| RITE AID CORPORATION, RITE AID HDQTRS. CORP., THRIFTY PAYLESS, INC. | |
| Defendants. | |

**JOINT STATUS REPORT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff State of California ("California"), Relator Loyd F. Schmuckley ("Relator," and together with California, "plaintiffs"), and Defendants Rite Aid Corporation, Rite Aid Hdqtrs. Corp., and Thrifty Payless, Inc. (collectively, "Rite Aid," and together with California and Relator, "the parties"), have met and conferred via telephone and via email, and hereby submit this joint status report in connection with the further status conference scheduled for March 10, 2022, 2:30 p.m. before the Honorable Kimberly J. Mueller.

**1.      Appropriateness and timing of summary adjudication under Fed. R. Civ. P. 56 and other anticipated motions**

The operative scheduling order states that the last day to hear any motion for summary judgment must be heard by April 14, 2023.  ECF No. 433 at 5.  The parties are currently meeting and conferring about the discovery schedule.  By the next status conference, the parties will meet and confer regarding whether certain distinct issues may be ripe for summary adjudication and may be helpful to further adjudicate the matter.

**2.      Anticipated or outstanding discovery and the control and scheduling of discovery, and other orders affecting discovery**

The operative scheduling order requires that fact discovery be completed by June 3, 2022.  *Id.*  Below are the parties' updates on pending fact discovery concerning written discovery, pharmacy associates, 30(b)(6) and fact witnesses.

A.      <u>Outstanding Written Discovery</u>

Below is a brief summary of the outstanding written discovery requests and responses.

1.      <u>Code 1 Restrictions Effective on Date of Service</u>

California Interrogatory 9 and Requests for Admission ("RFA") 48-49, 51, 67-72 ask Rite Aid to provide, and admit to, the Code 1 restrictions that were in effect for each sample claim.  Rite Aid claims it lacks sufficient information to answer.

After meeting with Judge Peterson on August 24, 2021, the parties further met and conferred.  On August 31, 2021, Rite Aid served a deposition subpoena on the Department of

Health Care Services ("DHCS") with a placeholder date of September 28, 2021 for a Rule 30(b)(6) deposition.  The subpoena requested testimony from a witness knowledgeable about the scope and effective dates of the Medi-Cal Contract Drug List ("CDL") Excerpts and the applicable Code 1 restrictions for the sample claims.  After the deposition of that witness occurs (likely to be held in March or April 2022), the parties agree within one week to confer and enter into a mutual stipulation for all sample claims where the parties do not dispute the applicable Code 1 restriction.  The stipulation will also address the admissibility and authenticity of any and all CDL Excerpts that the parties do not dispute.

For any sample claims where the applicable Code 1 restriction or CDL Excerpt is not addressed through stipulation, Rite Aid agrees to admit or deny RFA 48, 49, 51 and 67-72 for those sample claims within two weeks after the date of the deposition of the applicable DHCS witness(es).  For any sample claims with denials for RFA 48, 49 or 51, Rite Aid agrees to provide a corresponding response to Interrogatory 9 within three weeks after the date of the deposition.

If the deposition is not scheduled in a timely manner, and this agreed upon schedule is pushed beyond the discovery cutoff or too close to it, the parties agree to meet and confer about expediting the schedule for Rite Aid's supplemental responses.

        2.      Evidence of Code 1 Verification

California RFA 53 asked Rite Aid to admit for each sample claim that it did *not* perform a Code 1 verification. Rite Aid denied RFA 53 for all 1,904 sample claims.  Interrogatory 11 asked Rite Aid for each sample claim it denied pursuant to RFA 53 to disclose the evidence supporting the denial.

Rite Aid timely served a supplemental, claim-specific response to Interrogatory 11 on November 24, 2021, pursuant to the Court's Order.  ECF No. 424 at 3, 5.  The parties have met and conferred with the assistance of the assigned magistrate regarding Rite Aid's claim-specific response to Interrogatory 11.  Following a February 17, 2022 pre-discovery motion conference, the assigned magistrate has granted permission for California to file a discovery motion regarding Interrogatory 11, if California chooses to do so.  ECF No. 439.

1           3.     <u>Written Discovery re: Federal Rule of Evidence 803(7)</u>

2        On September 7, 2021, Relator served Interrogatory Set No. 2 and Requests for

3 Production of Documents Set No. 5, which seek Rite Aid's contentions and its supporting

4 evidence as to whether the absence of required Code 1 documentation in pharmacy records is

5 admissible under Federal Rule of Evidence 803(7) to show that Rite Aid did not perform a Code 1

6 review for the 1,904 sample claims.  Rite Aid served timely written responses and objections to

7 these requests on October 7, 2021.  The parties will meet and confer regarding these discovery

8 requests.

9           6.     <u>Disputed Privilege Claims re: Electronically Stored Information</u>

10        The Court approved the parties' stipulation regarding Rite Aid's production of

11 electronically stored information ("ESI").  ECF No. 359.  Rite Aid asserted privileges regarding

12 several ESI documents that Plaintiffs contend are not privileged under the Ninth Circuit's

13 primary-purpose test.  Following a February 17, 2022 pre-discovery motion conference, the

14 assigned magistrate has granted permission for California to file a discovery motion regarding

15 this issue, if California chooses to do so.  ECF No. 439.  The parties are continuing to meet and

16 confer regarding this issue.

17       B.     <u>Outstanding Pharmacy Associate Depositions</u>

18        Pursuant to the Court's October 29, 2021 Stipulated Order (ECF No. 427), Rite Aid

19 identified 50 current and former pharmacy associates on December 15, 2021 whom Rite Aid may

20 call as witnesses in support of any of its claims or defenses in this action.  Most of these

21 pharmacy associates have been deposed.  The parties continue to meet and confer regarding the

22 scheduling of any outstanding pharmacy associate depositions, which they anticipate they will

23 finish in April 2022.

24       C.     <u>Rule 30(b)(6) Depositions and Corporate Fact Witness Depositions</u>

25        Plaintiffs plan to depose corporate fact witnesses.  Plaintiffs also will depose Rite Aid's

26 30(b)(6) witness covering several subject matters.  The parties are continuing to meet and confer

27 on narrowing the scope of the 30(b)(6) subject matters.

28

Rite Aid has stated that it expects two witnesses to cover all or nearly all of the State's noticed Rule 30(b)(6) topics.  The parties are currently scheduling their depositions for April 2022.  The parties have started scheduling the depositions of Rite Aid's corporate fact witnesses.

As described above, Rite Aid plans to depose DHCS's designated Rule 30(b)(6) witnesses regarding various subject matters.  The parties continue to meet and confer regarding the scope and timing of the DHCS depositions, which they expect to take place in March and April 2022.

Barring unforeseen circumstances, and subject to resolving the privilege concerns mentioned above, the parties plan to complete the depositions of fact and 30(b)(6) witnesses by the close of fact discovery, i.e., June 3, 2022.  The parties are meeting and conferring regarding the method (in-person or remote) and place of outstanding depositions.

D.    Expert Discovery

The parties are scheduled to serve expert disclosures by August 5, 2022.  ECF No. 433 at 5.  Plaintiffs plan to serve disclosures from experts related to pharmacy practices (including review and analysis of pharmacy records), medical diagnosis (including review and analysis of medical records), statistical analysis, and damages.  As mentioned, the parties are continuing to meet and confer on narrowing the scope of 30(b)(6) subject matters, which currently include the relationships and unity of interest of the corporate defendants.  Plaintiffs have asked whether Rite Aid will agree to withdraw its "improper defendant" defense, and in exchange, Plaintiffs will no longer need to conduct further discovery regarding this subject matter.  If Rite Aid does not agree, Plaintiffs will likely serve an expert disclosure related to the relationships and unity of interest of the corporate defendants.

Rite Aid continues to assess the scope of potential expert discovery disclosures.

**3.    Avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Federal Rule of Evidence 702**

The parties will meet and confer regarding the admissibility of, or limitations to, testimony by pharmacy-associates concerning whether they performed the Code 1 review for sample claims for which the contemporaneous pharmacy records lack any documentation of such a review.  In this regard, plaintiffs are considering filing a motion for summary adjudication to

1   address this specific issue since it will affect the evidence needed for summary judgment and at
2   trial.
3          The parties will also continue to meet and confer to determine whether they can agree on
4   the relevant facts surrounding the dispensing of the 1,904 sample claims and, specifically,
5   whether Rite Aid performed and documented a Code 1 verification for each of them.
6   **4.     Further proceedings, including setting dates for further conferences, for the**
7   **completion of motions and discovery and for pretrial and trial**
8          The parties ask a further status conference be held at least a week before the close of fact
9   discovery, May 26, 2022, and that a joint status report be due on May 12, 2022.
10  **5.     Prospects for settlement and the use of special procedures to assist in resolving the**
11  **dispute**
12         The parties entered into mediation, which was held on February 8, 2022.  The parties did
13  not resolve the matter.  The parties may revisit mediation as the case progresses, and continue to
14  explore options for further formal or informal exchanges of information that may facilitate future
15  settlement discussions.
16  **6.     Any other matters that may facilitate the just, speedy and inexpensive determination**
17  **of the action**
18         None at this time.
19                                      Respectfully submitted,
20  Dated: 2/24/2022              ROB BONTA
21                                Attorney General of the State of California
22                                By  */s/ Emmanuel R. Salazar*
23                                     Emmanuel R. Salazar
                                       Deputy Attorney General
24                                     Attorneys for Plaintiff-Intervenor STATE OF
                                       CALIFORNIA
25  Dated: 2/24/2022              WATERS & KRAUS, LLP
26
27                                By */s/ Wm. Paul Lawrence* (authorized on 2/24/2022)
28                                     Wm. Paul Lawrence, II (*Pro hac vice*) Washington
                                       D.C. Metro Office

1

2

3

4

5

6

                                37163 Mountville Road
                                Middleburg, VA 20117
                                Telephone: (540) 687-6999
                                Fax: (540) 687-5457
                                E-mail: plawrence@waterskraus.com
                                Attorneys for *Qui Tam* Plaintiff
                                LOYD F. SCHMUCKLEY, JR.

Dated: 2/24/2022                MORGAN, LEWIS & BOCKIUS LLP

7

8

9

10

11

12

                        By */s/ Benjamin P. Smith* (authorized on 2/24/2022)
                                Benjamin P. Smith
                                One Market, Spear Street Tower
                                San Francisco, CA 94105-1596
                                Telephone: +1.415.442.1000
                                Fax: +1.415.442.1001
                                E-mail: benjamin.smith@morganlewis.com
                                Attorneys for Defendants RITE AID
                                CORPORATION, RITE AID HDQTRS. CORP.,
                                THRIFTY PAYLESS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **PROOF OF SERVICE**

2   I am over the age of 18 and not a party to this action.  My business address is:  2329 Gateway
    Oaks Drive, Suite 200, Sacramento, CA 95833.

3
4   A true and correct copy of the foregoing document entitled:

5   **JOINT STATUS REPORT**

6   was served in the manner stated below:

7   **SERVED BY CM/ECF SERVICE**:  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 135,
    on 2/24/2022, I served the following persons and/or entities electronically:

8
9   Benjamin P. Smith                        Eric W. Sitarchuk
    Benjamin.Smith@morganlewis.com           eric.sitarchuk@morganlewis.com
10  Kevin Papay                              Ryan McCarthy
    Kevin.Papay@morganlewis.com              Ryan.Mccarthy@morganlewis.com
11  Louis Lee                                Morgan, Lewis & Bockius LLP
    louis.lee@morganlewis.com                1701 Market Street
12  Timothy Geverd                           Philadelphia, PA 19103
    timothy.geverd@morganlewis.com
13  Cole Pfeiffer                            Kelly A. Moore
    cole.pfeiffer@morganlewis.com            kelly.moore@morganlewis.com
14  Morgan, Lewis & Bockius, LLP             Morgan, Lewis & Bockius LLP
    One Market, Spear Street Tower           101 Park Ave.
15  San Francisco, CA 94105-1596             New York, NY 10178

16  Wm. Paul Lawrence, II                    Jennifer L. Bartlett
17  plawrence@waterskraus.com                jennifer@bartlettbarrow.com
    Waters & Kraus                           Brian Barrow
18  37163 Mountville Road                    brian@bartlettbarrow.com
    Middleburg, VA 20117                     Bartlett Barrow LLP
19                                           225 S. Lake Avenue, Suite 300
    Michael L. Armitage                      Pasadena, CA 91101
20  armitage@waterskraus.com
    Waters and Kraus LLP                     Catherine J. Swann
21  300 Continental Blvd., Suite 500         catherine.swann@usdoj.gov
    El Segundo, CA 90245                     United States Attorney's Office
22                                           501 I Street, Suite 10-100
23  Charles S. Siegel                        Sacramento, CA 95814
    siegel@waterskraus.com
24  Waters & Kraus, LLP

25
26  I declare under penalty of perjury under the laws of the United States that the foregoing is true
    and correct.

27  2/24/2022          Sharon Brecht                    /s/ Sharon Brecht
    Date               Printed Name                     Signature
28